1  BRETT M. SCHUMAN (SBN 189247)
   *BSchuman@goodwinlaw.com*
2  JESSICA H. HUANG (SBN 315208)
   *JHuang@goodwinlaw.com*
3  ALLYSON M. McCAIN (SBN 339067)
   *AMcCain@goodwinlaw.com*
4  **GOODWIN PROCTER LLP**
   Three Embarcadero Center, Suite 2800
5  San Francisco, CA  94111
   Tel.: +1 415 733 6000
6  Fax: +1 415 677 9041

7  MATTHEW P. KANNY (SBN 167118)
   *MKanny@goodwinlaw.com*
8  **GOODWIN PROCTER LLP**
   520 Broadway, Suite 500
9  Santa Monica, CA  90401-2449
   Tel.: +1 424 436 3001
10 Fax: +1 424 316 3280

11 AMANDA H. RUSSO (SBN 319617)
   *ARusso@goodwinlaw.com*
12 **GOODWIN PROCTER LLP**
   601 S. Figueroa Street, 41ST Floor
13 Los Angeles, CA 90017
   Tel.: +1 213 426 2500
14 Fax: +1 213 623 1673

15 Attorneys for Defendant:
   BOTANIC TONICS, LLC

16

   ROBERT S. ARNS (SBN 65071)
   *rsa@arnslaw.com*
   JONATHAN E. DAVIS (SBN 191346)
   *jed@arns.law.com*
   SHOUNAK S. DHARAP (SBN 311557)
   *ssd@arnslaw.com*
   KATHERINE A. RABAGO (SBN 333374)
   *kar@arnslaw.com*
   **ARNS DAVIS LAW**
   515 Folsom St. 3rd Floor
   San Francisco, CA  94109
   Tel.: +1 415 495 7800
   Fax: +1 415 495 7888

   ANTHONY L. LABEL (SBN 205920)
   *al.team@veenfirm.com*
   THEO EMISON (SBN 209183)
   *t.emison@veenfirm.com*
   STEVEN A. KRONENBERG (SBN 215541)
   *s.kronenberg@veenfirm.com*
   JACQUELINE K. OH (SBN 286089)
   *j.oh@veenfirm.com*
   **THE VEEN FIRM, P.C.**
   20 Haight Street
   San Francisco, CA  94102
   Tel.: +1 415 673 4800
   Fax: +1 415 771 5845

   Attorneys for Plaintiff
   ROMULO TORRES

17                UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19                  SAN FRANCISCO DIVISION

20  ROMULO TORRES, individually and On      Case No. 3:23-cv-01460-TSH
    Behalf of All Others Similarly Situated,
21                                           **JOINT CASE MANAGEMENT
              Plaintiff,                     STATEMENT AND RULE 26(f) REPORT**
22
        v.
23                                           Magistrate:   Hon. Thomas S. Hixson
    BOTANIC TONICS, LLC; 7-ELEVEN, INC.;     Complaint filed:      March 28, 2023
24  and DOES 1 to 10, inclusive,

25            Defendants.

26

27

28

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rules 16-9 and 16-10, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Plaintiff Romulo Torres ("Torres" or "Plaintiff") and Defendant Botanic Tonics, LLC ("Botanic Tonics") hereby submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference scheduled for June 29, 2023 at 10:00 AM at the Phillip Burton Federal Building, 450 Golden Gate Avenue, Courtroom G, 15th Floor, San Francisco, California.

## I.   JURISDICTION & SERVICE

Plaintiff filed this putative class action on March 28, 2023, alleging violations of the Business & Professions Code sections 17200, *et seq*.; California False Advertising Law, Business & Professions Code sections 17500, *et seq*.; common law fraud; breach of implied warranty of merchantability; and for unjust enrichment. On May 2, 2023, Plaintiff filed a First Amended Complaint ("FAC") to add nationwide claims against Defendants.

The parties agree that this Court has diversity jurisdiction over all of Plaintiff's claims pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). This action is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). The complaint is brought as a "Class Action" and Plaintiff brings claims "individually and on behalf of the proposed classes."

There is minimal diversity where Botanic Tonics is a Delaware corporation with its principal place of business in California, 7-Eleven is a Texas corporation with its principal place of business in Texas, and Plaintiff is a resident of California and the proposed class includes California purchasers of Botanic Tonics's Feel Free Wellness Tonic ("Feel Free").

Plaintiff contends the amount in controversy exceeds $5 million, thus satisfying 28 U.S.C. § 1332(d)(1). Plaintiff believes there to be more than 5,000 members of the proposed class and alleges that he and the proposed class have been fraudulently misled and intentionally misrepresented to in the course of the advertising and sale of Feel Free to Plaintiffs.

No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

1    **II.    PRELIMINARY STATEMENT**

2         **A.    Plaintiff's Description of the Case**

3         Plaintiff brings a putative class action under Fed. R. Civ. Proc. Rule 23 on behalf all persons

4    nationwide who purchased the product "Feel Free" anytime from March 28, 2019 to the present.

5    This class is subdivided into: all class members who purchased Feel Free from a 7-Eleven store.

6         Plaintiff contends that Defendants falsely advertised and misrepresented the character of the

7    product "Feel Free" and failed to warn about its dangerous side effects. More specifically, Plaintiff

8    contends Botanic Tonics misleadingly omits in its advertising and marketing that Feel Free's

9    primary ingredient is not kava, but kratom, a psychoactive substance with highly addictive properties

10   that has been characterized by the FDA as an opioid and been classified by the DEA as a Drug and

11   Chemical of Concern.

12        **B.    Botanic Tonics's Description of the Case**

13        Botanic Tonics manufactures and markets Feel Free CLASSIC Wellness Tonic ("Feel

14   Free"), which is a plant-based drink "made with kava and other ancient plants known to help with

15   relaxation, productivity and focus." Feel Free is alcohol- and caffeine-free and marketed as such.

16        Botanic Tonics disputes the allegations that its marketing of Feel Free is or has ever been

17   false or misleading, or that any of its marketing statements regarding Feel Free are or were deceptive

18   in any way. Botanic Tonics has never concealed, omitted, or otherwise misrepresented the fact that

19   Feel Free contains kratom.

20   **III.   LEGAL ISSUES**

21        **A.    Plaintiff's Statement of Legal Issues**

22        Plaintiff's FAC alleges that Defendants' actions constituted violations of Business &

23   Professions Code sections 17200, *et seq.*; California False Advertising Law, Business & Professions

24   Code sections 17500, *et seq.*; common law fraud; breach of implied warranty of merchantability;

25   and unjust enrichment.

26        Defendants Botanic Tonics and 7-Eleven have yet to file their answers or responsive

27   pleadings.

28

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT                                          Case No. 3:23-CV-01460-TSH

**B.**     **Botanic Tonics's Statement of Legal issues**

Botanic Tonics is currently aware of the following primary legal issues:

1.     Whether Plaintiff and the proposed class members can satisfy the requirements for certification of a class pursuant to Federal Rule of Civil Procedure 23;

2.     Whether Plaintiff and the proposed class members fail to meet the requirements of a representative action under the California Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.*;

3.     Whether Plaintiff and the proposed class members are entitled to any relief and if so, the type and/or amount;

4.     Whether the alleged conduct by or attributable to Botanic Tonics was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff and/or the proposed class members;

5.     Whether any damages suffered by Plaintiff were proximately caused by his own conduct; and

6.     Whether the ordinary consumer would be misled by marketing and/or labeling that properly discloses the ingredients in the product.

## IV.    MOTIONS

There are no motions currently pending.  Botanic Tonics anticipates filing an opposition to any motion for class certification that Plaintiffs file.  The parties anticipate filing other pre-trial motions, including one or more motions for summary judgment.

## V.    AMENDMENT OF PLEADINGS

As of the filing of this statement, Plaintiff has amended his Complaint once, and intends to seek leave to amend the FAC to add damages under the CLRA following the exhaustion of the prerequisite notice period and to amend Plaintiff's theories of liability against Defendants.  Plaintiff also reserves the right to further amend the FAC upon the discovery of additional facts.  Plaintiff

proposes an October 30, 2023 deadline for stipulations or motions to amend any claims, defenses, or parties.

Botanic Tonics objects to any further amendment of the complaint to add additional claims or parties, absent an order from the Court.

## VI.   EVIDENCE PRESERVATION

The parties confirm that their respective counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action.  The parties have met and conferred regarding reasonable and proportionate steps to preserve evidence and have agreed to preserve evidence relevant to the issues.

## VII.   DISCLOSURES

Plaintiff provided initial disclosures to Botanic Tonics on June 5, 2023.

Botanic Tonics provided initial disclosures to Plaintiff on May 31, 2023.

## VIII.   DISCOVERY

No formal discovery has been exchanged to date in this case.  Discovery is, however, pending, in a parallel action filed by Torres in the Superior Court of California, County of Alameda (the "State Court Action").  The parties have agreed that discovery exchanged in the State Court Action may be used in this case as if it were exchanged in this case.

**A.**   **Rule 26(f)(1):   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(1), including a statement as to when disclosures under subdivision 26(a)(1) were made or will be made?**

**1.   Plaintiff's Statement**

Plaintiff anticipates the need to increase the number of permitted depositions up from ten (10) to fifteen (15) and the number of permitted interrogatories, although a specific number has not yet been determined.

## 2.   Botanic Tonics's Statement

Botanic Tonics does not anticipate the need to increase the number of permitted depositions or interrogatories and it opposes any attempt by Plaintiff to do so.

**B.   Rule 26(f)(2):  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

### 1.   Plaintiff's Statement

Plaintiff will serve discovery on a number of topics, including advertisement and marketing statements; product formula and testing; directives to sales representatives; relationships and communications with influencers, retailers and Defendants; distribution strategy; complaints received; knowledge of addiction and side effects among consumers; social media monitoring; information regarding university sponsorships; documents and communications with government agencies—including relating to statements made to Congress and the FDA through lobbyists, and seizures by the U.S. Marshals.

Plaintiff will conduct 30(b)(6) depositions regarding Feel Free formulation marketing, and government lobbying.  Plaintiff will also seek to depose JW Ross—the founder of Botanic Tonics.

Plaintiff will seek the identification and contact information for putative class members for purposes of conducting class discovery.  Any bifurcation of class and merits discovery is improper because class certification under Rule 23 necessarily involves overlap with the merits of the underlying claims.  Further, the numerous areas in which the two types of discovery overlap with each other make bifurcation unnecessary as well as the possibility of time delay and the need for multiple depositions of the same deponent; and the threat of general inefficiency created by that distinction in the discovery process.

Plaintiff intends to serve his first set of Requests for Production of Documents, Interrogatories, and Requests for Admission on all Defendants by June 30, 2023.  Plaintiff proposes that this initial discovery be completed within two months with a secondary production to be completed in another two months.  Plaintiff will also serve notices of depositions pursuant to Rule

30(b)(6) and of Defendants' custodian of records after Plaintiff has received the documents responsive to their requests. From July to early November, Plaintiff will take depositions of Rule 30(b)(6) witnesses and individual witnesses at various levels of Defendants' corporate structures.

Plaintiff anticipates filing his motion for class certification by December 29, 2023, assuming that discovery is not prolonged beyond the contemplated schedule for any reason. In the event that the Court certifies a class following the April 10, 2024, hearing, Plaintiff anticipates an additional five months to complete discovery and prepare for trial. Plaintiff anticipates the completion of fact discovery on September 10, 2024, and the completion of expert discovery on October 11, 2024.

### 2. Botanic Tonics's Statement

Botanic Tonics proposes that discovery be phased such that only fact and expert discovery relevant to class certification proceeds first, followed by additional fact and expert discovery on the merits following the Court's class certification order. There is ample legal support for phasing discovery in this way in a case like this. *See, e.g., Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314-SAB, 2014 U.S. Dist. LEXIS 70723 (E.D. Cal. May 22, 2014) (noting that discovery was "bifurcated to permit the parties to initially conduct discovery limited to class certification issues and then, after a class had been certified, to conduct discovery regarding the merits of Plaintiffs' claims"); *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2022 U.S. Dist. LEXIS 176304 (D. Ariz. Sept. 27, 2022) (noting that the court "authorized a bifurcated discovery schedule under which Plaintiff could first pursue 'precertification discovery' and then file a motion for class certification, with merits discovery deferred until after the certification decision"); *Gusman v. Comcast Corp.*, 298 F.R.D. 592 (S.D. Cal. 2014) (acknowledging that "[g]enerally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class").

When deciding whether to bifurcate class and merits discovery, the Court may consider at its discretion "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at an early

1  practicable time, (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant

2  or denial of a stay of class discovery." *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-

3  cv-02219-JST, 2015 U.S. Dist. LEXIS 7015 at *3-4 (N.D. Cal. Jan. 20, 2015).  Each of these factors

4  favors phasing discovery in this case.

5    *First*, there is little overlap between individual and class discovery because the issues

6  relevant to class certification (i.e., whether the proposed class meets the numerosity, commonality,

7  typicality and adequate representation requirements of Fed. R. Civ. P. 23, and whether Plaintiff

8  Torres is an adequate representative for a nationwide consumer class given his unique personal

9  history) are substantially unrelated to the issues relevant to Plaintiff's substantive claims (i.e.,

10  whether Botanic Tonics engaged in deceptive or misleading advertising, marketing, and/or labeling).

11  *Second*, bifurcation would allow class certification to be decided sooner than if general discovery

12  were opened because discovery into both class certification issues and Plaintiff's substantive claims

13  will take considerably more time than discovery regarding class certification alone.  Plaintiff already

14  has served overly broad requests for documents to Botanic Tonics seeking, for example, "[a]ny and

15  all DOCUMENTS created by YOU in relation to H.R. 9634—Federal Clarity for Kratom

16  Consumers Act," and "[a]ny and all direct COMMUNICATIONS sent by YOU to consumers

17  REGARDING Feel Free . . . ."  Disputes regarding these and many other of Plaintiff's discovery

18  requests can be deferred, and the parties can focus on class certification issues, if discovery is phased

19  as Botanic Tonics proposes.  *Third*, allowing wide-ranging discovery into Plaintiff's substantive

20  claims *before* the Court determines whether a class can be certified would involve additional time

21  and expense to the parties, which may well be avoided if and when the Court finds a class action

22  inappropriate here.  As Botanic Tonics noted previously, it believes there are substantial questions

23  regarding whether this case can be pursued as a class action, especially with Torres as a class

24  representative.  Thus, phased discovery in this case promotes judicial economy.  *Fourth* and finally,

25  Botanic Tonics would be prejudiced without a stay of merits discovery, because it undoubtedly

26  possesses significantly more discoverable information than Plaintiff, and will therefore be

27  disproportionately burdened by the expense of potentially unnecessary discovery.

28

**C.     Rule 26(f)(3):  Any issues relating to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have agreed to use the Northern District of California's ESI protocol.  The parties do not currently anticipate any issues relating to the disclosure or discovery of electronically stored information.  The parties agree to address any such issues in the event they arise.

**D.     Rule 26(f)(4):  Any issues relating to claims of privilege or of protection as to trial preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the Court to include their agreement in the order.**

The parties are drafting a protective order modeled after the Northern District of California's model protective order.

**E.     Rule 26(f)(5):  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties do not currently foresee the need for any changes to existing limitations on discovery.

**F.     Rule 26(f)(6):  Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

Botanic Tonics requests any scheduling order to include a schedule for class certification motion practice and discovery separate from and prior to any schedule for fact and expert discovery timelines.

If helpful to the Court, Botanic Tonics would request a separate briefing schedule and hearing date on its proposal to bifurcate discovery between class certification and merits discovery.

**G.     Anticipated Discovery Disputes.**

**1.     Plaintiff's Statement**

Plaintiff opposes any proposal to bifurcate class and merits discovery and prevent discovery into class-wide damages and the identities of putative class members prior to class certification. Plaintiff is opposed to any delay or bifurcation of discovery due to the numerous overlapping areas

between merits and certification, inefficiencies of requiring multiple depositions from deponents, and the potential for protracted disputes as to the character of discovery requests.  Plaintiff also believes discovery into class-wide damages and the identities of putative class members is necessary to support their motion for class certification.

### 2.   Botanic Tonics's Statement

Botanic Tonics proposes bifurcation of class certification and merits discovery.  Botanic Tonics believes that resolution of the threshold issue as to whether a class (or classes) of consumers should be certified to pursue Plaintiff's claims is essential, as a decision regarding class certification will dramatically affect the nature and scope of merits discovery.  Specifically, Botanic Tonics proposes that discovery proceed in two phases: (1) in phase one, the parties will complete fact and expert discovery related to class certification, followed by a briefing, a hearing (if desired by the Court) and a ruling on Plaintiff's class certification motion; and (2) in phase two, *if* the Court grants Plaintiff's motion for class certification, the parties will then engage in fact and expert discovery related to Plaintiff's substantive claims regarding Feel Free, followed by motions for summary judgment and trial.

### IX.   CLASS ACTION

Plaintiff seeks certification of a nationwide class.  The class and subclass sought to be represented are defined as follows:

**Class:** All persons nationwide who purchased the product "Feel Free" anytime from March 28, 2019, to the present.

**7-Eleven Sub-Class:** All Class members who purchased Feel Free from a 7-Eleven store.

Plaintiff will seek certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff contends that they are entitled to maintain the action as a class action under Rule 23(a) and (b) based upon the facts set forth in section II-A, *supra*, and in addition because common questions of law and fact predominate, including (but not limited to):

      a.   Whether the advertising for Feel Free was misleading, fraudulent, deceptive, unfair, or unconscionable;

1
  b. Whether Defendants targeted individuals with a history of addiction;

2
  c. Whether the targeting of individuals with a history of addiction in the marketing or

3
    sale of Feel Free was misleading, fraudulent, deceptive, unfair, or unconscionable;

4
  d. Whether Defendants have been unjustly enriched through false, misleading and

5
    deceptive advertising of Feel Free;

6
  e. Whether Feel Free was in merchantable condition, defective, and/or possessed the

7
    basic fitness for ordinary use when sold;

8
  f. The amount of damages owed to the Class;

9
  g. The appropriate measure of disgorgement; and

10
  h. The type and form of injunctive relief.

11
  **A.**  **Plaintiff's Statement**

12
   Plaintiff believes a class action is superior to all other available methods for the fair and

13
efficient adjudication of this controversy because, *inter alia*, it is economically impractical for

14
members of the Class to prosecute individual actions, the Class is readily definable, prosecution as

15
a class action will eliminate the possibility of repetitious litigation, and a class action will enable

16
claims to be handled in an orderly and expeditious manner, will save time and expense, and will

17
ensure uniformity of decisions.   Plaintiff proposes the following schedule for their Class

18
Certification:

19

20

21

22

23

24

| Event | Plaintiff's Proposed Deadline |
|---|---|
| Deadline to file motion for class certification | December 29, 2023 |
| Deadline to file opposition to motion for class certification | February 27, 2024 |
| Deadline to file reply in support of class certification | March 27, 2024 |
| Hearing on class certification | April 10, 2024 |

25

26

27

28

**B.     Botanic Tonics's Statement**

Botanic Tonics believes there are series questions regarding whether this case can be pursued as a class action.  Botanic Tonics expects that it will oppose Plaintiff's motion for class certification once filed.

Botanic Tonics does not oppose the schedule proposed by Plaintiff for briefing and a hearing on Plaintiff's anticipated motion for class certification.

## X.     RELATED CASES

The following cases currently pending in other jurisdictions are related to the instant case pursuant to Civil Local Rule 3-12:

A.     *Torres v. Botanic Tonics, LLC, et al.*, No. 23cv031152 – Filed April 13, 2023, in the Superior Court of California, County of Alameda (Product Liability)

B.     *United States of America v. 250,000 Filled Bottles of Liquid Product Et Al*, No. 4:23cv168 – Filed April 26, 2023, in the United States District Court for the Northern District of Oklahoma (Forfeiture *In Rem*)

C.     *C.C. v. Botanic Tonics, LLC*, No. 2:23cv3687 – Filed May 15, 2023, in the United States District Court for the Central District of California (Fraud)

D.     *Tatham v. Botanic Tonics, LLC, et al.*, No. 23SMCV02585 – Filed June 9, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

## XI.     RELIEF

**A.     Plaintiff's Statement**

Plaintiff seeks actual and compensatory damages, punitive damages, restitution, equitable relief, costs and expenses of litigation including attorneys' fees, and prejudgment and post-judgment interest.  Plaintiff contends that damages will be calculated according to proof pursuant to all applicable laws and regulations.

**B.     Botanic Tonics's Statement**

Botanic Tonics denies that Plaintiff is entitled to any relief based on the claims as presently pled in the FAC.

1

## XII.   SETTLEMENT AND ADR

2

### A.   Plaintiff's Statement

3   Plaintiff is amenable to settlement discussions and proposes private mediation as the

4   preferred ADR method in this case.

5

### B.   Botanic Tonics's Statement

6   Botanic Tonics is amenable to settlement discussions and is willing to engage in a private

7   mediation with Plaintiff.

8

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

9   Plaintiff and Botanic Tonics have both consented to proceed before a magistrate judge.

10

## XIV.   OTHER REFERENCES

11   The parties do not believe that this case is suitable for reference to binding arbitration, a

12   special master, or the Judicial Panel on Multidistrict Litigation at this time.

13

## XV.   NARROWING OF ISSUES

14

### A.   Plaintiff's Statement

15   For the reasons discussed above, Plaintiff opposes any proposal to bifurcate class and merits

16   discovery and to prevent discovery into class-wide damages and the identities of the putative class

17   members.

18

### B.   Botanic Tonics's Statement

19   For the reasons discussed above, Botanic Tonics believes that discovery relating to class

20   certification issues, briefing and hearing on Plaintiff's anticipated motion for class certification

21   should proceed before the case moves into merits discovery.

22

## XVI.   EXPEDITED TRIAL PROCEDURE

23   The parties do not believe that this is the type of case that can be handled on an expedited

24   basis with streamlined procedures.

25

## XVII.   SCHEDULING

26

### A.   Plaintiff's Statement

27   Plaintiff proposes the following schedule:

28

| Event | Proposed Deadline |
|-------|-------------------|
| Deadline to amend as to any claims, defenses, or parties | October 30, 2023 |
| Mediation/Other ADR | TBD |
| Deadline to file motion for class certification | December 29, 2023 |
| Deadline to file opposition to motion for class certification | February 27, 2024 |
| Deadline to file reply in support of class certification | March 27, 2024 |
| Hearing on class certification | April 10, 2024 |
| Deadline to file dispositive motions | Within 30 days of ruling on class certification |
| Completion of fact discovery | September 10, 2024 |
| Completion of expert discovery | October 11, 2024 |
| Jury trial | January 6, 2025 |

### B.   Botanic Tonics's Statement

Botanic Tonics has no objection to plaintiff proposed schedule.  For avoidance of doubt, Botanic Tonics reiterates its position that merits discovery be deferred until after class certification is decided, i.e., until sometime after April 10, 2024.

## XVIII. TRIAL

Plaintiff has demanded a jury trial and proposes a trial date of January 6, 2025.

Plaintiff expects that a jury trial would likely last two weeks.  Botanic Tonics expects that a jury trial, if necessary, would likely last one week.

## XIX.  DISCLOSURE OF A NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are not aware of any non-party interested entities or persons at this time.

1

**XX.    PROFESSIONAL CONDUCT**

2

The parties certify that all attorneys of record for the parties have reviewed the Guidelines

3

for Professional Conduct for the Northern District of California.

4

**XXI.    OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION**

5

**OF THIS MATTER**

6

The parties intend to stipulate to electronic service of all documents, including discovery

7

materials and correspondence, which are not filed with the Court.

8

Respectfully submitted,

9

10

Dated: June 22, 2023                        By: /s/ Brett M. Schuman

11

BRETT M. SCHUMAN (SBN 189247)
*BSchuman@goodwinlaw.com*

MATTHEW P. KANNY (SBN 167118)

12

*MKanny@goodwinlaw.com*
AMANDA H. RUSSO (SBN 319617)

13

*ARusso@goodwinlaw.com*
JESSICA H. HUANG (SBN 315208)

14

*JHuang@goodwinlaw.com*
ALLYSON M. MCCAIN (SBN 339067)

15

*AMcCain@goodwinlaw.com*
**GOODWIN PROCTER LLP**

16

Attorneys for Defendant:

17

BOTANIC TONICS, LLC

18

19

Dated: June 22, 2023                        By: /s/ Shounak S. Dharap

ROBERT S. ARNS (SBN 65071)

20

*rsa@arnslaw.com*
JONATHAN E. DAVIS (SBN 191346)

21

*jed@arns.law.com*
SHOUNAK S. DHARAP (SBN 311557)

22

*ssd@arnslaw.com*
KATHERINE A. RABAGO (SBN 333374)

23

*kar@arnslaw.com*
**ARNS DAVIS LAW**

24

515 Folsom St. 3rd Floor
San Francisco, CA  94109

25

Tel.: +1 415 495 7800
Fax: +1 415 495 7888

26

ANTHONY L. LABEL (SBN 205920)

27

*al.team@veenfirm.com*
THEO EMISON (SBN 209183)

28

*t.emison@veenfirm.com*

STEVEN A. KRONENBERG (SBN 215541)
*s.kronenberg@veenfirm.com*
JACQUELINE K. OH (SBN 286089)
*j.oh@veenfirm.com*
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA  94102
Tel.: +1 415 673 4800
Fax: +1 415 771 5845

Attorneys for Plaintiff
ROMULO TORRES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(h)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/) of Shounak S. Dharap.

*/s/ Brett M. Schuman*
BRETT M. SCHUMAN

1

<strong><u>CERTIFICATE OF SERVICE</u></strong>

2        I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3  United States District Court for the Northern District of California by using the CM/ECF system

4  on **June 22, 2023**. I further certify that all participants in the case are registered CM/ ECF users

5  and that service will be accomplished by the CM/ECF system.

6        I certify under penalty of perjury that the foregoing is true and correct. Executed on **June**

7  **22, 2023**.

8

9                                */s/ Brett M. Schuman*

                                    BRETT M. SCHUMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28