1  ARNOLD & PORTER KAYE SCHOLER LLP
2  James F. Speyer (Bar No. 133114)
   James.Speyer@arnoldporter.com
3  777 South Figueroa Street, 44th Floor
4  Los Angeles, CA 90017-5844
   Tel:   213.243.4000
5  Fax:   213.243.4199
6
7  Attorneys for Defendant
   7-ELEVEN, INC.
8

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11

| 12 | ROMULO TORRES and SAM ROSENFIELD, individually and On Behalf of All Others Similarly Situated, | Case No. 3:23-cv-01460-TSH |
|---|---|---|
| | Plaintiffs, | **DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; ACCOMPANYING MEMORANDUM** |
| | v. | |
| | BOTANIC TONICS, LLC; 7-ELEVEN, INC.; NOWHERE PARTNERS, LLC dba EREWHON; HYDRA623 HOLDINGS, LLC; and DOES 1 to 10, inclusive, | Magistrate: Judge Thomas S. Hixson<br>Location: Courtroom E, 15th Flr.<br>Date: September 21, 2023<br>Time: 10:00 a.m. |
| | Defendants. | |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 21, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Magistrate Judge Thomas S. Hixson, located at 450 Golden Gate Avenue, San Francisco, CA 94102, 15th floor, Courtroom E, defendant 7-Eleven, Inc. will and hereby does move for an order dismissing with prejudice each and every purported claim against it in the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiffs fail to state a claim upon which relief can be granted.

This motion is based on this notice of motion and motion; the memorandum of points and authorities contained herein; the concurrently-filed request for judicial notice and declaration of James F. Speyer; any reply papers that defendants may file; all pleadings, records and papers on file in this action; and upon such further arguments as may be presented to the Court at or prior to the hearing on the motion.

Dated:  August 11, 2023                ARNOLD & PORTER KAYE SCHOLER LLP

                                                     By:  /s/ James F. Speyer
                                                         James F. Speyer
                                                         Attorneys for Defendant
                                                         7-ELEVEN, INC.

- 1 -

DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT (Case No. 3:23-cv-01460)

# TABLE OF CONTENTS

Page

Introduction ...........................................................................................................................1

The Complaint's Allegations ................................................................................................3

The Legal Standard ...............................................................................................................5

Argument ..............................................................................................................................6

I.     PLAINTIFF FAILS TO STATE A CLAIM UNDER THE "UNFAIR" PRONG OF THE UCL ..................................................................................................6

     A.     The Complaint Alleges No Facts Showing That Failing To Require Franchisees To Disclose The Risks of Kratom Is An Unfair Business Practice ...................................................................................6

          1.     Plaintiff Has No Direct Claim Against 7-Eleven Franchisees For Nondisclosure ........................................................7

          2.     Because Plaintiff Has No Direct Claim Against 7-Eleven Franchisees For Nondisclosure, He Has No Indirect Claim Against 7-Eleven For Not Requiring Disclosure ..........................7

          3.     In The Absence Of Any Duty To Require Disclosure, Plaintiff Cannot Plead A Claim Under the "Unfair" Prong of The UCL ...............................................................................8

     B.     The Complaint Alleges No Facts Showing That Failing To Prevent 7-Eleven Franchisees From Selling Feel Free Is An Unfair Business Practice Or That Plaintiff Was Injured By The Alleged Misconduct ...................................................................................9

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ................................................................................................................9

Conclusion ..........................................................................................................................10

- i -

DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT (Case No. 3:23-cv-01460)

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 5

*Hodsdon v. Mars. Inc.*,
  891 F.3d 857 (9th Cir. 2018) ..................................................................................... 8

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ................................................................................... 5

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
  No. 16-cv-06391-BLF, 2020 WL 7664461 (N.D. Cal. Dec. 24, 2020) ..................... 8

*Stark v. Patreon, Inc.*,
  635 F. Supp. 3d 841 (N.D. Cal. 2022) ....................................................................... 8

**State Cases**

*Daro v. Super. Ct.*,
  151 Cal. App. 4th 1079 (2007) .................................................................................. 9

*Daugherty v. Am. Honda Motor Co.*,
  144 Cal. App. 4th 824 (2006) .................................................................................... 7

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ...................................................................................... 7

**State Statutes**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ..................................................... *passim*

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ............................................................... 4

Cal. Civ. Code §§ 1750, *et seq.* ............................................................................... 4

- ii -

DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT (Case No. 3:23-cv-01460)

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant 7-Eleven, Inc. respectfully submits this memorandum in support of its motion to dismiss the purported claims against it in plaintiffs' second amended complaint (the "SAC" or "complaint").

## Introduction

This lawsuit is a purported class action brought by two individuals against Botanic Tonics, Erewhon, and 7-Eleven. Botanic Tonics is the maker of Feel Free, a so-called wellness tonic that contains an herbal substance known as kratom. According to plaintiffs, kratom can be addictive and can have potentially serious side effects. The central allegation of the complaint is that Botanic Tonics falsely advertised Feel Free as a safe alternative to alcohol and failed to disclose its alleged dangers, in violation of California's consumer protection statutes and related laws. Although the complaint details plaintiffs' alleged addiction to and injuries from Feel Free, it does not assert any claims for personal injury. Rather, it alleges only claims for economic injury from the purchase of Feel Free.

7-Eleven is a peripheral actor in this drama. The complaint does not assert any claim for false advertising or fraud against 7-Eleven. Nor does it even allege that plaintiffs ever bought Feel Free from 7-Eleven. Rather, the complaint alleges that one of the plaintiffs bought Feel Free from unidentified franchisees of 7-Eleven. According to the complaint, one of the numerous causes of this plaintiff's purchase of Feel Free, and his concomitant injury, is the failure of these franchisees to disclose the risks of kratom.

Although plaintiff's alleged injury supposedly resulted from the purported failure of 7-Eleven *franchisees* to disclose these risks, he has not sued these entities. Instead, he seeks to impose liability on 7-Eleven for his alleged injury. His theory is that 7-Eleven had a duty to require its franchisees to disclose the risks of kratom to consumers. 7-Eleven's failure to do so, according to plaintiffs, resulted in the franchisees' nondisclosure of those risks, which in turn resulted in plaintiff's purchase

- 1 -

of the product. Plaintiff asserts this supports a claim under the "unfair" prong of the UCL and a claim for unjust enrichment.

Plaintiff's novel theory fails to state any claim against 7-Eleven because it is based on an alleged duty of 7-Eleven to require franchisees to disclose the risks of kratom. But 7-Eleven cannot have any duty to require franchisees to disclose such risks where 7-Eleven franchisees are under no duty to disclose such risks in the first place. Under settled California law, outside of a fiduciary relationship (which plainly does not exist here), a duty to disclose can arise only where the party (1) has exclusive knowledge of material facts unknown to plaintiff, (2) actively conceals a material fact from the plaintiff, or (3) makes partial representations but also suppresses some material facts. Plaintiff alleges no facts showing that any of these factors are satisfied.

Moreover, plaintiff cannot amend his complaint to satisfy these factors. As the complaint makes crystal clear, the alleged risks and addictive qualities of kratom have been widely disseminated to the public. No duty to disclose risks can arise where the risks are already widely known.

Plaintiff's inability to allege any facts showing a duty to disclose on the part of 7-Eleven franchisees is fatal to plaintiff's claims against 7-Eleven. Because a *direct* claim against franchisees for injuries based on nondisclosure is not viable, an *indirect* and more remote claim against 7-Eleven for the same alleged injuries necessarily cannot be viable. As a consequence, pleading a duty to disclose (and breach of that duty) on the part of 7-Eleven franchisees is a prerequisite to pleading a duty to require disclosure (and breach of that duty) on the part of 7-Eleven.

The complaint also proffers an alternative theory for 7-Eleven's liability that is even weaker than its primary theory. It asserts, in purely conclusory terms, that 7-Eleven had a duty to prevent franchisees from selling Feel Free altogether. But even assuming that such a duty exists (it does not), this theory founders on the shoals of causation. Under basic principles of causation, if the alleged injury

(plaintiff's purchase of Feel Free) would have occurred in the absence of 7-Eleven's alleged misconduct, that alleged misconduct cannot be considered to have caused the injury.

Here, the theory is that in the absence of 7-Eleven's alleged misconduct (failing to ban franchisees from selling the product), 7-Eleven franchisees would not have sold Feel Free to consumers, including plaintiff. But even if 7-Eleven franchisees had not sold Feel Free, plaintiff could have bought Feel Free at many other retail locations and directly from Botanic Tonics, as the complaint acknowledges. In these circumstances, 7-Eleven's alleged misconduct cannot have caused any injury, because plaintiff would have incurred the same injury from buying Feel Free from another source. Plaintiff's theory would require the Court to accept the fantastical notion that if 7-Eleven franchisees did not sell Feel Free, he never would have bought it, despite its availability from multiple other sources. Needless to say, the complaint does not, and cannot in good faith, allege any facts supporting such a notion.

The Court should dismiss both claims against 7-Eleven because plaintiff has failed to plead facts showing that 7-Eleven has any duty to require disclosure or prevent franchisees from selling Feel Free, or that plaintiff's alleged injury was caused by 7-Eleven's failure to prevent franchisees from selling Feel Free.

## The Complaint's Allegations

The complaint's allegations are largely directed against Botanic Tonics and Erewhon. Its 39 pages detail allegations that Botanic Tonics "falsely advertised and misrepresented the character of the product 'Feel Free Wellness Tonic' and failed to warn about its dangerous side effects" and that Erewhon, which sold Feel Free to one of the plaintiffs, "falsely advertised and misrepresented the character of Feel Free in its Erewhon stores." SAC ¶ 1. According to the complaint, the allegedly misleading statements of Botanic Tonics and Erewhon induced plaintiffs to buy the product. SAC ¶¶ 19, 20.

Notably, the complaint does *not* allege that plaintiffs were unaware that Feel Free contained kratom when they first bought the product. And, although the complaint never mentions it, kratom is prominently listed as an ingredient on the product label. *See* Def.'s Req. Judicial Notice.

The complaint purports to assert six claims against Botanic Tonics, for (1) violation of the "fraudulent" and "unfair" prongs of the Unfair Competition Law, (2) violation of the False Advertising Law, (3) common-law fraud, (4) breach of the implied warranty of merchantability, (5) unjust enrichment, and (6) violation of the Consumer Legal Remedies Act. It purports to assert the same claims against Erewhon, with the exception of the common-law fraud and CLRA claims.

The allegations concerning 7-Eleven are far more limited. There are no allegations that 7-Eleven made any false or misleading statements or material omissions. Nor are there any allegations that either plaintiff ever bought Feel Free from 7-Eleven. Instead, the complaint alleges that one plaintiff (Romulo Torres) bought Feel Free from unidentified 7-Eleven franchisees, and that 7-Eleven "failed to require that its franchise stores warn consumers about the dangerous and addictive side effects of Feel Free" and failed to "prevent franchises from selling Feel Free altogether." *Id.* ¶¶ 92, 144.

The complaint contains no factual allegations that would support any duty on 7-Eleven's part to require franchisees to provide warnings or to prevent franchisees from selling the product. Nor are there any factual allegations showing that 7-Eleven's alleged misconduct caused plaintiff's alleged injury. The only allegation concerning causation and injury that even arguably encompasses 7-Eleven is the conclusory and undifferentiated statement that "[w]ithout Defendants' unfair and fraudulent conduct, Plaintiffs and Class Members would not have purchased Feel Free or would have paid less for it." *Id.* ¶ 147.

The complaint concedes that information on kratom's alleged risks and addictive nature is widely available to consumers and potential consumers of Feel

- 4 -

Free. For example, it states that "Feel Free users . . . have posted on social media platforms like TikTok and YouTube, describing their negative experiences with the product. The comments on these videos are replete with countless examples of individuals who were subject to similar targeted advertisements as Plaintiffs . . . ." *Id.* ¶ 115. It further states that "multiple threads on Reddit have been dedicated to the addictive qualities of Feel Free, including on the r/sober, r/addiction, r/kava and r/dryalcoholics subreddits" and that "[i]n fact, there is an entire community on Reddit, r/QuittingFeelFree, dedicated to individuals who are experiencing addiction to Feel Free . . . ." *Id.* ¶¶ 116-117. In another indication of kratom's well-known alleged risks, the complaint notes that "addiction rehabilitation centers include kratom as one of the harmful substances for which they treat patients." *Id.* ¶ 5.

The complaint also makes clear that Feel Free is widely available to consumers from sources other than 7-Eleven stores, including direct-to-consumer sales over the internet, other convenience stores, and Erewhon stores. *Id.* ¶¶ 1, 55, 80.

Plaintiff Torres purports to assert two claims against 7-Eleven, one under the "unfair" prong of the UCL and another for unjust enrichment.

## The Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "the tenet that a court must accept a complaint's

allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678

## Argument

### I. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE "UNFAIR" PRONG OF THE UCL

Plaintiff's claim under the UCL's "unfair" prong alleges that (1) 7-Eleven's failure to require 7-Eleven franchisees to disclose the risks of kratom is an unfair business practice that injured him, and (2) in the alternative, 7-Eleven's failure to prevent 7-Eleven franchisees from selling Feel Free is an unfair business practice that injured him. Plaintiff is wrong on both counts.

#### A. The Complaint Alleges No Facts Showing That Failing To Require Franchisees To Disclose The Risks of Kratom Is An Unfair Business Practice

Although plaintiff claims an injury flowing directly from the alleged failure of 7-Eleven franchisees to disclose the risks of kratom to him, he has chosen not to sue these 7-Eleven franchisees. Instead, he seeks to hold 7-Eleven -- the franchisor of 7-Eleven franchisees -- liable for his alleged injury. His strategy for doing so is to assert that 7-Eleven had a duty to require 7-Eleven franchisees to disclose the risks to consumers. *See* SAC ¶ 183. But this assertion is entitled to no weight because it is purely conclusory. *See supra* at 5-6. This deficiency alone is fatal to plaintiff's claim.

Plaintiff's theory of liability fails for the additional reason that the complaint does not, and cannot, allege facts showing that 7-Eleven franchisees had any duty to disclose the risks of kratom to consumers. Because plaintiff cannot allege a direct claim against 7-Eleven franchisees for his asserted injury, he necessarily cannot allege a more attenuated claim against 7-Eleven itself for the same asserted injury.

### 1. Plaintiff Has No Direct Claim Against 7-Eleven Franchisees For Nondisclosure

A claim based on nondisclosure will lie only when the plaintiff can plead and prove an underlying *duty* to disclose. *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006). In *LiMandri v. Judkins*, the California Court of Appeal set out the accepted test for establishing such a duty:

> "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; or (4) when the defendant makes partial representations but also suppresses some material facts."

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).

Plaintiff has alleged no facts showing that he satisfies any of these factors. Moreover, in light of the complaint's admissions, he cannot allege such facts. The complaint shows that extensive information on the alleged addictive qualities and side effects of kratom is readily available on multiple social media platforms, and that kratom is one of the known "harmful substances" for which addiction rehabilitation centers treat patients. *See supra* at 4-5. In these circumstances, plaintiff cannot in good faith allege the exclusive knowledge of, or active concealment or suppression of, kratom's risks that is necessary for pleading a duty to disclose.

### 2. Because Plaintiff Has No Direct Claim Against 7-Eleven Franchisees For Nondisclosure, He Has No Indirect Claim Against 7-Eleven For Not Requiring Disclosure

Plaintiff's inability to plead a duty to disclose on the part of 7-Eleven franchisees forecloses him from pleading any antecedent duty on the part of 7-Eleven to require disclosure by 7-Eleven franchisees. A plaintiff who cannot assert a direct claim against a party for an alleged injury necessarily cannot assert an

- 7 -

indirect and more remote claim against another party for the same alleged injury. Any other outcome would be nonsensical. To see why, imagine that plaintiff bought Feel Free from a corporate 7-Eleven store (that is, a store owned and operated by 7-Eleven rather than a franchisee). Even though in this scenario 7-Eleven sold Feel Free directly to the plaintiff, it would have no liability for nondisclosure because it would have no duty to disclose, for the reasons already discussed. If 7-Eleven cannot be liable on a direct claim for nondisclosure, how can it possibly be liable on a more attenuated claim for the same injury?

### 3. In The Absence Of Any Duty To Require Disclosure, Plaintiff Cannot Plead A Claim Under the "Unfair" Prong of The UCL

Because pleading a duty to disclose on the part of 7-Eleven franchisees is a prerequisite to pleading an antecedent duty on the part of 7-Eleven to require such disclosure, and plaintiff has failed to plead such a duty to disclose, he has failed to state a claim under the UCL's "unfair" prong for failing to require disclosure. Plaintiff bases his "unfair" prong claim on the proposition that "7-Eleven's conduct caused substantial harm that greatly outweighs the utility from its conduct." SAC ¶ 144. But as the Ninth Circuit has recognized, a defendant's "failure to disclose information it had no duty to disclose in the first place is not substantially injurious, immoral or unethical" and accordingly cannot support a claim under the "unfair" prong. *Hodsdon v. Mars. Inc.*, 891 F.3d 857, 867 (9th Cir. 2018); *see also Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 856 (N.D. Cal. 2022) (absent a duty to disclose, an "unfair" prong claim that is "based primarily on [a] failure to disclose" is "likely also . . . subject to dismissal"); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2020 WL 7664461, at *11 (N.D. Cal. Dec. 24, 2020) ("[T]he failure to disclose a fact that a manufacturer does not have a duty to disclose . . . does not constitute an unfair practice.").

### B. The Complaint Alleges No Facts Showing That Failing To Prevent 7-Eleven Franchisees From Selling Feel Free Is An Unfair Business Practice Or That Plaintiff Was Injured By The Alleged Misconduct

The purported claim that 7-Eleven's failure to prevent 7-Eleven franchisees from selling Feel Free is an unfair business practice is defective for two reasons.

*First*, plaintiff alleges no facts showing that 7-Eleven had any duty to prevent 7-Eleven franchisees from selling Feel Free. Indeed, the complaint does not even allege such a duty in conclusory terms.

*Second*, even if 7-Eleven owed such a duty, the complaint is devoid of any facts showing that the breach of such a duty caused plaintiff any injury. Nor can the complaint be amended to allege facts showing causation. When plaintiff would have incurred the same injury (that is, buying Feel Free) absent 7-Eleven's alleged misconduct, the causal connection is broken. *Daro v. Super. Ct.*, 151 Cal. App. 4th 1079, 1099 (2007). Here, absent 7-Eleven's alleged misconduct, plaintiff presumably would not have been able to buy Feel Free from 7-Eleven franchisees. But, plaintiff *would* have been able to buy Feel Free from numerous other sources (*see supra* at 5), and accordingly would have incurred the same injury even absent 7-Eleven's alleged misconduct. For plaintiff to properly allege a causal connection, one would have to accept the idea that he would never have bought Feel Free if it was unavailable at 7-Eleven franchised locations but available from numerous other sources. No such allegations appear in the complaint, and no such allegations can be made in good faith.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiff's unjust enrichment claim is based on the same alleged duty to require franchisees to warn consumers as his UCL claim. SAC ¶ 183. This claim accordingly fails for the same reasons his UCL claim fails. *See supra* at 6-8.

## Conclusion

For the foregoing reasons, 7-Eleven respectfully requests that the Court dismiss the complaint as against it with prejudice.

Dated: August 11, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ James F. Speyer
James F. Speyer
Attorneys for Defendant
7-ELEVEN, INC.

- 10 -

DEFENDANT 7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT (Case No. 3:23-cv-01460)