Robert S. Arns, State Bar No. 65071 (rsa@arnslaw.com)
Jonathan E. Davis, State Bar No. 191346 (jed@arnslaw.com)
Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
Katherine A. Rabago, State Bar No. 333374 (kar@arnslaw.com)
Truong X. Pham, State Bar No. 339998 (txp@arnslaw.com)
**ARNS DAVIS LAW**
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

Anthony L. Label, State Bar No. 205920 (a.label@veenfirm.com)
Theo Emison, State Bar No. 209183 (t.emison@veenfirm.com)
Steven A. Kronenberg, State Bar No. 215541 (s.kronenberg@veenfirm.com)
Cyrus A. Nazarian, State Bar No. 323748 (c.nazarian@veenfirm.com)
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO TORRES and SAM ROSENFIELD, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOTANIC TONICS, LLC; 7-ELEVEN, INC.; NOWHERE PARTNERS, LLC dba EREWHON; HYDRA623 HOLDINGS, LLC; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-01460-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Judge: Hon. Vince Chhabria<br>Location: Courtroom 4, 17th Floor<br>Date: November 17, 2023<br>Time: 10:00 a.m.<br><br>Complaint Filed: March 28, 2023 |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rules 16-9 and 16-10, and the Standing Order for  All Judges of the Northern District of California – Contents of Joint Case Management, Plaintiffs Romulo Torres and Sam Rosenfield, on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendants Botanic Tonics, LLC ("Botanic Tonics"), 7-Eleven, Inc. ("7-Eleven"), and Nowhere Partners, LLC dba Erewhon ("Erewhon"), hereby submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conference scheduled for November 17, 2023 at 10:00 a.m. at the Phillip Burton Federal Building, 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, California.

## 1. __JURISDICTION & SERVICE__

Plaintiff filed this putative class action on March 28, 2023, alleging violations of the Business & Professions Code sections 17200, *et seq*.; California False Advertising Law, Business & Professions Code sections 17500, *et seq*.; common law fraud; breach of implied warranty of merchantability; and for unjust enrichment. On May 2, 2023, Plaintiff filed a First Amended Complaint ("FAC") to add nationwide claims against Defendants. On July 28, 2023, Plaintiff filed a Second Amended Complaint ("SAC").

The parties agree that this Court has diversity jurisdiction over all of Plaintiffs' claims pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). This action is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). The complaint is brought as a "Class Action" and Plaintiffs bring claims "individually and on behalf of the proposed classes."

There is minimal diversity where Defendant Botanic Tonics is a Delaware corporation with its principal place of business in California, Defendant 7-Eleven is a Texas corporation with its principal place of business in Texas, Defendant Erewhon is a California limited liability company with its principal place of business in California, Defendant Hydra is a Delaware limited liability company, and Plaintiffs are residents of California and the proposed class includes California purchasers of Botanic Tonic's Feel Free Wellness Tonic ("Feel Free").

Plaintiffs contend the amount in controversy exceeds $5 million, thus satisfying 28 U.S.C. § 1332(d)(2). Plaintiffs believe there to be more than 5,000 members of the proposed class and allege that they and the proposed class have been fraudulently misled and intentionally misrepresented to in the course of the advertising and sale of Feel Free.

No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

Defendant Hydra625 Holdings ("Hydra") has not yet made an appearance in this case. ArentFox Schiff LLP, counsel to Defendant Botanic Tonics, will likely be filing a response on behalf of Hydra.  This statement should not be construed as an appearance by or on behalf of Hydra.

**A.  Botanics Tonics' Statement**

Botanic Tonics notes for the Court that this case was originally assigned to Magistrate Judge Hixson, and that all parties to have appeared in the case consented to magistrate jurisdiction.  *See* ECF Nos. 4 (Assignment to Magistrate Judge Hixson), 7 (Plaintiff Torres's Consent), 14 (Botanic Tonics' Consent), 29 (Plaintiff Rosenfeld's Consent), 34 (7-Eleven's Consent).

On August 18, 2023, the Clerk of Court issued a Notice of Impending Reassignment and did reassign the case from Magistrate Judge Hixson to Judge Chhabria, for the sole reason that two Defendants who had not yet appeared in the case or responded to the complaint (Hydra and Erewhon) had not at the time consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c). Because Hydra and Erewhon had not yet appeared in the case, and as of the filing of this Joint CMC Statement have not responded (as their response deadlines are still pending), Botanic Tonics believes the case appropriately should have proceeded before Magistrate Judge Hixson pursuant to 28 U.S.C. § 636(c) and the appeared-parties' consent, and that the case was erroneously by clerical error transferred away from Magistrate Judge Hixson.  Botanic Tonics further notes that *C.C. v. Botanic Tonics, LLC*, No. 3:23-cv-04136-TSH, is pending in this District before Magistrate Judge Hixson, pursuant to 28 U.S.C. § 636(c) and the consent of all parties in that case, and was transferred from the United States District Court for the Central District of California, to this

District, by stipulation (the "C.C. Matter"), expressly to be associated/related/consolidated with this case.

For each of the aforementioned reasons, Botanic Tonics asserts that this matter should be associated, related, and/or consolidated with the C.C. Matter and that, consistent with the express consent of all parties to have appeared in both cases, this case should proceed by Magistrate Jurisdiction before Magistrate Judge Hixson.

## 2. PRELIMINARY STATEMENT

### A. Plaintiffs' Statement

Plaintiffs bring a putative class action under Fed. R. Civ. Proc. Rule 23 on behalf all persons nationwide who purchased the product "Feel Free" anytime from March 28, 2019 to the present. This class is subdivided into: all class members who purchased Feel Free from a 7-Eleven store and all class members who purchased Feel Free from an Erewhon store.

Plaintiffs contend that Defendants falsely advertised and misrepresented the character of the product "Feel Free" and failed to warn about its dangerous side effects. More specifically, Plaintiffs contend Botanic Tonics misleadingly omits in its advertising and marketing that Feel Free's primary ingredient is not kava, but kratom, a psychoactive substance with highly addictive properties that has been characterized by the FDA as an opioid and been classified by the DEA as a Drug and Chemical of Concern.

### B. Botanic Tonics' Statement

Botanic Tonics manufactures and markets Feel Free CLASSIC Wellness Tonic ("Feel Free"), which is a plant-based drink "made with kava and other ancient plants known to help with relaxation, productivity and focus." Feel Free is alcohol- and caffeine-free and marketed as such.

Botanic Tonics disputes the allegations that its marketing of Feel Free is or has ever been false or misleading, or that any of its marketing statements regarding Feel Free are or were deceptive in any way. Botanic Tonics has never concealed, omitted, or otherwise misrepresented the fact that Feel Free contains kratom.

**C. 7-Eleven's Statement**

The only claim alleged against 7-Eleven is that 7-Eleven violated the "unfair" prong of the UCL by not requiring its franchisees to disclose to consumers the alleged risks of kratom. 7-Eleven denies that it engaged in any conduct violative of the UCL.

**D. Erewhon's Statement**

Erewhon has not yet made an appearance in this case. Erewhon has tendered its defense to Botanic Tonics and is awaiting a response. If the tender is not accepted, Erewhon anticipates filing a Cross-Claim for indemnity and defense against Botanic Tonics.

Erewhon is a retailer and sold Botanic Tonics' product Feel Free for a limited time, starting years after the allegations in the Second Amended Complaint. Erewhon asserts that it is not a proper Defendant to this Class Action and disputes all of the allegations and claims set forth against Erewhon.

As counsel has listed below, there are multiple state court lawsuits making identical allegations as those in this purported class action. Erewhon believes there cannot be parallel proceedings in individual state actions and this federal action seeking class certification. We believe this needs to be addressed before dates and deadlines are set in this case.

**3. LEGAL ISSUES**

**A. Plaintiffs' Statement**

Plaintiffs SAC alleges that Defendants' actions constituted violations of the Business & Professions Code sections 17200, *et seq*.; California False Advertising Law, Business & Professions Code sections 17500, *et seq*.; common law fraud; breach of implied warranty of merchantability; unjust enrichment; and violation of the California Consumers Legal Remedies Act.

**B. Botanic Tonics' Statement**

Botanic Tonics is currently aware of the following primary legal issues:

1. Whether Plaintiffs and the proposed class members can satisfy the requirements for certification of a class pursuant to Federal Rule of Civil Procedure 23;

2. Whether Plaintiffs and the proposed class members fail to meet the requirements of a representative action under the California Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.*;

3. Whether Plaintiffs and the proposed class members are entitled to any relief and if so, the type and/or amount;

4. Whether the alleged conduct by or attributable to Botanic Tonics was the cause in fact or legal cause of the damages, if any, suffered by Plaintiffs and/or the proposed class members;

5. Whether any damages suffered by Plaintiffs were proximately caused by their own conduct; and

6. Whether the ordinary consumer would be misled by marketing and/or labeling that properly discloses the ingredients in the product.

## C. 7-Eleven's Statement

7-Eleven is currently aware of the following legal issues:

- Whether 7-Eleven's conduct amounts to an "unfair" business practice under the UCL

- Whether plaintiffs are eligible for restitution under the UCL, and whether restitution is an appropriate remedy under the UCL in these circumstances, even assuming 7-Eleven's conduct amounts to an "unfair" business practice under the UCL

- Whether plaintiffs can satisfy the requirements for a class action under FRCP 23

## D. Erewhon's Statement

Erewhon's investigation is ongoing. At this time, based on the allegations in the Second Amended Complaint, Erewhon is currently aware of the following primary legal issues:

Whether Plaintiffs and the proposed class members can satisfy the requirements for certification of a class pursuant to Federal Rule of Civil Procedure 23;

Whether Plaintiffs can properly represent the members of the Putative Class;

Whether Plaintiffs and the proposed class members fail to meet the requirements of a representative action under the California Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.*;

Whether Plaintiffs and the proposed class members are entitled to any relief and if so, the type and/or amount;

Whether the alleged conduct by or attributable to Erewhon caused in fact or in law any compensable injuries or damages of Plaintiffs or any of the proposed members of the Putative Class;

Whether any damages suffered by Plaintiffs were proximately caused by their own conduct;

Whether the ordinary consumer would be misled by any marketing conduct of Erewhon;

Whether any putative class member may pursue separate state court actions alleging the same claims, injuries and damages against Erewhon.

Erewhon questions that this case may be certified as a class action while multiple individual state court actions, making the same allegations and filed by the same attorneys, can proceed simultaneously.

## 4.  MOTIONS

### A.  Plaintiffs' Statement

Plaintiffs will bring a Motion for Class Certification upon the completion of class discovery and anticipates Defendants will oppose any motion for class certification that Plaintiffs file. Based on Defendants' pending answers, Plaintiffs may file a motion for partial summary judgment.

### B.  Botanic Tonics' Statement

Botanic Tonics may bring a motion or motions for summary judgment, or partial summary judgment.  Botanic Tonics is also likely to oppose class certification.

### C.  7-Eleven's Statement

7-Eleven's motion to dismiss is pending. That is the only prior or pending motion involving 7-Eleven. Depending on the Court's ruling on 7-Eleven's motion to dismiss, 7-Eleven may move the Court for certification under 28 U.S.C. §1292(b). 7-Eleven may also file for summary judgment at the appropriate time.

### D.  Erewhon's Statement

Erewhon will oppose a motion to certify a class. Erewhon anticipates a Rule 56 Motion for Summary Judgment will be filed.

### 5.  <u>AMENDMENT OF PLEADINGS</u>

### E.  Plaintiffs' Statement

Plaintiffs do not anticipate amending the pleadings, but reserve the right to amend upon the discovery of additional facts. Plaintiffs propose a December 18, 2023 deadline for stipulations or motions to amend as to any claims, defenses, or parties.

### F.  Botanic Tonics' Statement

Botanic Tonics objects to any further amendment of the complaint to add additional claims or parties, absent an order from the Court.

### G.  7-Eleven's Statement

7-Eleven does not presently anticipate amending any pleadings.

### H.  Erewhon's Statement

Erewhon anticipates filing a Cross-claim against Botanic Tonics if Erewhon's tender to Botanic Tonics is not accepted.

6. **EVIDENCE PRESERVATION**

The parties confirm that their respective counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have met and conferred regarding reasonable and proportionate steps to preserve evidence and have agreed to preserve evidence relevant to the issues.

7. **DISCLOSURES**

   A. **Plaintiffs' Statement**

   Plaintiffs provided initial disclosures to Botanic Tonics on June 5, 2023. Plaintiffs will provide initial disclosures to 7-Eleven on December 1, 2023.

   B. **Botanic Tonics' Statement**

   Botanic Tonics provided initial disclosures to Plaintiffs on May 31, 2023.

   C. **7-Eleven's Statement**

   7-Eleven will provide initial disclosures to Plaintiffs on December 1, 2023.

   D. **Erewhon's Statement**

   Erewhon will submit initial disclosures with its response to the Second Amended Complaint.

8. **DISCOVERY**

   A. **Depositions**

      1. **Plaintiffs' Statement**

      Plaintiffs anticipate the need to increase the number of permitted depositions up from ten (10) to fifteen (15) and the number of permitted interrogatories, although a specific number has not yet been determined.

      2. **Botanic Tonics' Statement**

Botanic Tonics does not anticipate the need to increase the number of permitted depositions or interrogatories and it opposes any attempt by Plaintiffs to do so. As to the number of permitted interrogatories, Botanic Tonics does not currently anticipate needing more than the permitted number, and currently opposes any attempt by Plaintiffs to increase the permitted number; however, Botanic Tonics remains open to meeting and conferring on this issue.

### 3.  7-Eleven's Statement

7-Eleven opposes any attempt to enlarge the discovery permitted by the Federal Rules of Civil Procedure.

### 4.  Erewhon's Statement

Erewhon's investigation regarding the claims in this case is ongoing and at this time Erewhon does not know if additional discovery is warranted.

## B.  Discovery Plan

### 1.  Plaintiffs' Statement

Plaintiffs will serve discovery on a number of topics, including advertisement and marketing statements; product formula and testing; directives to sales representatives; relationships and communications with influencers, retailers and Defendants; distribution strategy; complaints received; knowledge of addiction and side effects among consumers; social media monitoring; information regarding university sponsorships; documents and communications with government agencies—including relating to statements made to Congress and the FDA through lobbyists, and seizures by the U.S. Marshals.

Plaintiffs will conduct 30(b)(6) depositions regarding Feel Free formulation marketing, and government lobbying.  Plaintiffs will also seek to depose JW Ross—the founder of Botanic Tonics.

Plaintiffs will seek the identification and contact information for putative class members for purposes of conducting class discovery. Any bifurcation of class and merits discovery is improper because class certification under Rule 23 necessarily involves overlap with the merits of the underlying claims. Further, the numerous areas in which the two types of discovery overlap with each other make bifurcation unnecessary as well as the possibility of time delay and the need

for multiple depositions of the same deponent; and the threat of general inefficiency created by that distinction in the discovery process.

Plaintiffs intend to serve his first set of Requests for Production of Documents, Interrogatories, and Requests for Admission on all Defendants by December 18, 2023. Plaintiffs propose that this initial discovery be completed within two months with a secondary production to be completed in another two months. Plaintiffs will also serve notices of depositions pursuant to Rule 30(b)(6) and of Defendants' custodian of records after Plaintiffs have received the documents responsive to their requests. From January 2024 to early May 2024, Plaintiffs will take depositions of Rule 30(b)(6) witnesses and individual witnesses at various levels of Defendants' corporate structures.

Plaintiffs anticipate filing a motion for class certification by June 17, 2024, assuming that discovery is not prolonged beyond the contemplated schedule for any reason. In the event that the Court certifies a class following the October 4, 2024 hearing, Plaintiffs anticipate an additional five months to complete discovery and prepare for trial. Plaintiffs anticipate the completion of fact discovery on March 4, 2025, and the completion of expert discovery on April 4, 2025. The parties do not currently foresee the need for any changes to existing limitations on discovery.

### 2. Botanic Tonics' Statement

Botanic Tonics proposes that discovery be phased such that only fact and expert discovery relevant to class certification proceeds first, followed by additional fact and expert discovery on the merits following the Court's class certification order.  There is ample legal support for phasing discovery in this way in a case like this.  *See, e.g., Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314-SAB, 2014 U.S. Dist. LEXIS 70723 (E.D. Cal. May 22, 2014) (noting that discovery was "bifurcated to permit the parties to initially conduct discovery limited to class certification issues and then, after a class had been certified, to conduct discovery regarding the merits of Plaintiffs' claims"); *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2022 U.S. Dist. LEXIS 176304 (D. Ariz. Sept. 27, 2022) (noting that the court "authorized a bifurcated

discovery schedule under which Plaintiff could first pursue 'precertification discovery' and then file a motion for class certification, with merits discovery deferred until after the certification decision"); *Gusman v. Comcast Corp.*, 298 F.R.D. 592 (S.D. Cal. 2014) (acknowledging that "[g]enerally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class").

When deciding whether to bifurcate class and merits discovery, the Court may consider at its discretion "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at an early practicable time, (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 U.S. Dist. LEXIS 7015 at *3-4 (N.D. Cal. Jan. 20, 2015). Each of these factors favors phasing discovery in this case.

*First*, there is little overlap between individual and class discovery because the issues relevant to class certification (i.e., whether the proposed class meets the numerosity, commonality, typicality and adequate representation requirements of Fed. R. Civ. P. 23, and whether Plaintiff Torres is an adequate representative for a nationwide consumer class given his unique personal history) are substantially unrelated to the issues relevant to Plaintiff's substantive claims (i.e., whether Botanic Tonics engaged in deceptive or misleading advertising, marketing, and/or labeling). *Second*, bifurcation would allow class certification to be decided sooner than if general discovery were opened because discovery into both class certification issues and Plaintiff's substantive claims will take considerably more time than discovery regarding class certification alone. Plaintiff already has served overly broad requests for documents to Botanic Tonics seeking, for example, "[a]ny and all DOCUMENTS created by YOU in relation to H.R. 9634—Federal Clarity for Kratom Consumers Act," and "[a]ny and all direct COMMUNICATIONS sent by YOU to consumers REGARDING Feel Free . . . ." Disputes regarding these and many other of

Plaintiff's discovery requests can be deferred, and the parties can focus on class certification issues, if discovery is phased as Botanic Tonics proposes. *Third*, allowing wide-ranging discovery into Plaintiff's substantive claims *before* the Court determines whether a class can be certified would involve additional time and expense to the parties, which may well be avoided if and when the Court finds a class action inappropriate here. As Botanic Tonics noted previously, it believes there are substantial questions regarding whether this case can be pursued as a class action, especially with Torres as a class representative. Thus, phased discovery in this case promotes judicial economy. *Fourth* and finally, Botanic Tonics would be prejudiced without a stay of merits discovery, because it undoubtedly possesses significantly more discoverable information than Plaintiff, and will therefore be disproportionately burdened by the expense of potentially unnecessary discovery.

Botanic Tonics has propounded interrogatories and requests for production of documents to Plaintiffs, and Plaintiffs' responses are currently past due. After analyzing Plaintiffs' pending responses and documents, Botanic Tonics intends to take depositions of the named plaintiffs in this case.

### 3.  7-Eleven's Statement

7-Eleven intends to depose the named plaintiffs and to serve interrogatories, document requests and requests for admission on the named plaintiffs. 7-Eleven does not believe bifurcation of discovery is necessary or practical.

### 4.  Erewhon's Statement

Erewhon joins in Botanic Tonic's Statement.

## C. Electronically Stored Information

The parties have agreed to use the Northern District of California's ESI protocol. The parties do not currently anticipate any issues relating to the disclosure or discovery of electronically stored information. The parties agree to address any such issues in the event they arise.

## D. Protective Order

The parties are drafting a protective order modeled after the Northern District of California's model protective order.

### E.  Other Orders

Botanic Tonics requests any scheduling order to include a schedule for class certification motion practice and discovery separate from and prior to any schedule for fact and expert discovery timelines.

If helpful to the Court, Botanic Tonics would request a separate briefing schedule and hearing date on its proposal to bifurcate discovery between class certification and merits discovery.

### F.  Anticipated Discovery Disputes

#### 1.  Plaintiffs' Statement

Plaintiffs oppose any proposal to bifurcate class and merits discovery and prevent discovery into class-wide damages and the identities of putative class members prior to class certification. Plaintiffs are opposed to any delay or bifurcation of discovery due to the numerous overlapping areas between merits and certification, inefficiencies of requiring multiple depositions from deponents, and the potential for protracted disputes as to the character of discovery requests. Plaintiffs also believe discovery into class-wide damages and the identities of putative class members is necessary to support their motion for class certification.

#### 2.  Botanic Tonics' Statement

Botanic Tonics proposes bifurcation of class certification and merits discovery.  Botanic Tonics believes that resolution of the threshold issue as to whether a class (or classes) of consumers should be certified to pursue Plaintiff's claims is essential, as a decision regarding class certification will dramatically affect the nature and scope of merits discovery.  Specifically, Botanic Tonics proposes that discovery proceed in two phases: (1) in phase one, the parties will complete fact and expert discovery related to class certification, followed by a briefing, a hearing (if desired by the Court) and a ruling on Plaintiff's class certification motion; and (2) in phase two, *if* the Court grants Plaintiff's motion for class certification, the parties will then engage in fact and

expert discovery related to Plaintiff's substantive claims regarding Feel Free, followed by motions for summary judgment and trial.

### 3. Erewhon's Statement

Erewhon joins in Botanic Tonics' Statement.

## 9. CLASS ACTION

Plaintiffs seek certification of a nationwide class. The class and subclasses sought to be represented are defined as follows:

All persons nationwide who purchased the product "Feel Free" anytime from March 28, 2019 to the present.

**7-Eleven Sub-Class**: All Class Members who purchased Feel Free from a 7-Eleven store.

**Erewhon Sub-Class**: All Class Members who purchased Feel Free from an Erewhon grocery store.

Plaintiffs will seek certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs contend that they are entitled to maintain the action as a class action under Rule 23(a) and (b) based upon the facts set forth in Section 2, *supra*, and in addition because common questions of law and fact predominate, including (but not limited to):

a. Whether the advertising for Feel Free was misleading, fraudulent, deceptive, unfair, or unconscionable;

b. Whether Defendants targeted individuals with a history of addiction;

c. Whether the targeting of individuals with a history of addiction in the marketing or sale of Feel Free was misleading, fraudulent, deceptive, unfair, or unconscionable;

d. Whether Defendants have been unjustly enriched through false, misleading and deceptive advertising of Feel Free;

e. Whether Feel Free was in merchantable condition, defective, and/or possessed the basic fitness for ordinary use when sold;

f. The amount of damages owed to the Class;

g. The appropriate measure of disgorgement; and

h. The type and form of injunctive relief.

**A. Plaintiff's Statement:**

Plaintiffs believe a class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically impractical for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious litigation, and a class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions. Plaintiffs propose the following schedule for their Motion for Class Certification:

| Event | Plaintiffs' Proposed Deadline |
|---|---|
| Deadline to file motion for class certification | June 17, 2024 |
| Deadline to file opposition to motion for class certification | August 19, 2024 |
| Deadline to file reply in support of class certification | September 19, 2024 |
| Hearing on class certification | October 4, 2024 |

**B. Botanic Tonics' Statement**

Botanic Tonics believes there are serious questions regarding whether this case can be pursued as a class action. Botanic Tonics expects that it will oppose Plaintiffs' motion for class certification once filed.

Botanic Tonics does not oppose the schedule proposed by Plaintiffs for briefing and a hearing on Plaintiffs' anticipated motion for class certification.

**C. 7-Eleven's Statement**

7-Eleven does not believe Plaintiffs will be able to meet their burden of satisfying the requirements of FRCP 23. 7-Eleven does not oppose the schedule proposed by Plaintiffs, except it

believes the Court may desire more than two weeks in between the filing of the reply and the hearing on the motion.

### D.  Erewhon's Statement

Erewhon joins in Botanic Tonics' Statement, but Erewhon adds that the issue of the multiple state court actions pending at the same time as this action needs to be addressed as those state court actions may be "used" by counsel to obtain additional discovery for use in this case.

### 10. <u>RELATED CASES</u>

The following cases currently pending in this and other jurisdictions are related to the instant case pursuant to Civil Local Rule 3-12:

A.  *Torres v. Botanic Tonics, LLC, et al.*, No. 23cv031152 – Filed April 13, 2023, in the Superior Court of California, County of Alameda (Product Liability)

B.  *United States of America v. 250,000 Filled Bottles of Liquid Product Et Al,* No. 4:23cv168 – Filed April 26, 2023, in the United States District Court for the Northern District of Oklahoma (Forfeiture *In Rem*)

C.  *C.C. v. Botanic Tonics, LLC*, No. 3:23cv04136 – Filed May 15, 2023, in the United States District Court for the Central District of California, transferred to the United States District Court for the Northern District of California on August 14, 2023 (Fraud)

D.  *Tatham v. Botanic Tonics, LLC, et al.*, No. 23SMCV02585 – Filed June 9, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

E.  *Miller, Jon v. Botanic Tonics, LLC, et al.*, No. 23SMCV03251 – Filed July 14, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

F.  *Chavez v. Botanic Tonics, LLC, et al.*, No. 23CV001168 – Filed September 14, 2023, in the Superior Court of California, County of Napa (Product Liability)

G.  *Miller, Dustin v. Botanic Tonics, LLC, et al.*, No. 23SMCV04360 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

H. *Rosenfield v. Botanic Tonics, LLC, et al.*, No. 23SMCV04350 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

I. *Correa Jr. v. Botanic Tonics, LLC, et al.*, No. 23SMCV04346 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

J. *Moynihan v. Botanic Tonics, LLC, et al.*, No. 23CIV04394 – Filed September 15, 2023, in the Superior Court of California, County of San Mateo (Product Liability)

K. *Cseri v. Botanic Tonics, LLC, et al.*, No. 23SMCV04347 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

L. *De La Vega v. Botanic Tonics, LLC, et al.*, No. 37-2023-00046119-CU-PL-CTL – Filed October 23, 2023, in the Superior Court of California, County of San Diego (Product Liability)

M. *Oxley v. Botanic Tonics, LLC, et al.*, No. 23CV424990 – Filed October 23, 2023, in the Superior Court of California, County of Santa Clara (Product Liability)

N. *Miller, Dylan v. Botanic Tonics, LLC, et al.*, No. 23SMCV05007 – Filed October 23, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

O. *Norfleet v. Botanic Tonics, LLC, et al.*, No. 23SMCV05008 – Filed October 23, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

P. *Todd v. Botanic Tonics, LLC, et al.*, No. 23SMCV05006 – Filed October 23, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

## 11. RELIEF

### A. Plaintiffs' Statement

Plaintiffs seek actual and compensatory damages, punitive damages, restitution, equitable relief, costs and expenses of litigation including attorneys' fees, and prejudgment and post-judgment interest. Plaintiffs contend that damages will be calculated according to proof pursuant to all applicable laws and regulations.

### B. Botanic Tonics' Statement

Botanic Tonics denies that Plaintiffs are entitled to any relief.

**C.  7-Eleven's Statement**

7-Eleven does not presently seek any relief.

**D.  Erewhon's Statement**

Erewhon denies Plaintiffs are entitled to any relief against Erewhon and seeks indemnification and defense from Botanic Tonics and will seek award of all attorneys' fees and costs.

**12. <u>SETTLEMENT AND ADR</u>**

**A.  Plaintiffs' Statement**

Plaintiffs are amenable to settlement discussions and propose private mediation as the preferred ADR method in this case.

**B.  Botanic Tonics's Statement**

Botanic Tonics is amenable to settlement discussions and is willing to engage in a private mediation with Plaintiffs.

**C.  7-Eleven's Statement**

7-Eleven agrees with Plaintiffs' statement.

**D.  Erewhon's Statement**

Erewhon believes it is premature to determine what if any settlement proceedings are appropriate or would be fruitful.

**13. <u>OTHER REFERENCES</u>**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14. <u>NARROWING OF ISSUES</u>**

**A.  Plaintiffs' Statement**

For the reasons discussed above, Plaintiffs oppose any proposal to bifurcate class and merits discovery and to prevent discovery into class-wide damages and the identities of the putative class members.

### B. Botanic Tonics' Statement

For the reasons discussed above, Botanic Tonics believes that discovery relating to class certification issues, briefing and hearing on Plaintiffs' anticipated motion for class certification should proceed before the case moves into merits discovery.

### C. Erewhon's Statement

Erewhon joins in Botanic Tonics' Statement.

## 15. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## 16. SCHEDULING

### A. Plaintiffs' Statement

Plaintiffs propose the following schedule:

| Event | Proposed Deadline |
|---|---|
| Deadline to amend as to any claims, defenses, or parties | December 18, 2023 |
| Mediation/Other ADR | TBD |
| Deadline to file motion for class certification | June 17, 2024 |
| Deadline to file opposition to motion for class certification | August 19, 2024 |
| Deadline to file reply in support of class certification | September 19, 2024 |
| Hearing on class certification | October 4, 2024 |
| Deadline to file dispositive motions | Within 30 days of ruling on class certification |
| Completion of fact discovery | March 4, 2025 |
| Completion of expert discovery | April 4, 2025 |
| Jury trial | August 18, 2025 |

### B. Botanic Tonics' Statement

Botanic Tonics has no objection to Plaintiffs' proposed schedule.  For avoidance of doubt, Botanic Tonics reiterates its position that merits discovery be deferred until after class certification is decided, i.e., until sometime after October 4, 2024.

### C.  7-Eleven's Statement

7-Eleven does not object to plaintiffs' proposed schedule except for the December 18, 2023 deadline to amend as to any claims, defenses or parties, and proposes that that deadline be January 31, 2024. 7-Eleven reserves the right to seek alterations in the schedule as the case progresses and the facts develop.

### D.  Erewhon's Statement

Erewhon asserts that it is too early to set deadlines as no party has yet filed a responsive pleading. Additionally, Erewhon has tendered its defense and indemnification to Botanic Tonics and will file a cross-claim if the tender is not accepted. Erewhon suggests the deadline for cross-claims be extended to January 31, 2024 to allow the parties to address this issue.

## 17. TRIAL

### A.  Plaintiffs' Statement

Plaintiffs have demanded a jury trial and propose a trial date of August 18, 2025 for Plaintiffs' common law claims.  Plaintiffs expect that a jury trial would likely last two weeks. Plaintiffs recognize that their UCL and FAL claims are likely to proceed as a bench trial and will propose a trial schedule for bench trial in conjunction with their motion for class certification.

### B.  Botanic Tonics' Statement

Botanic Tonics expects that a jury trial, if necessary, would likely last three weeks.

### C.  7-Eleven's Statement

Plaintiffs are not permitted a jury trial on their claims against 7-Eleven, which are exclusively equitable in nature. 7-Eleven does not anticipate that any trial will last more than one week.

### D.  Erewhon's Statement

Erewhon has demanded a jury trial and anticipates the trial would likely take 7-10 days.

## 18. DISCLOSURE OF A NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Botanic Tonics' Statement

Pursuant to Civil Local Rule 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities, other than the named parties in this action, (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: JW Ross; and Anthos Capital V. L.P.

### B. 7-Eleven's Statement

7-Eleven certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

7-Eleven, Inc., a Texas corporation, is wholly-owned by SEJ Asset Management & Investment Company, Inc. ("SAM"), a Delaware corporation. SAM is owned in part by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation. SEJ is wholly-owned by Seven & i Holdings, Co., Ltd., which is a Japanese corporation whose stock is publicly traded on the Tokyo Stock Exchange. SAM is also owned in part by Seven & i Holdings, Co., Ltd.

## 19. PROFESSIONAL CONDUCT

The parties certify that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20. OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The parties intend to stipulate to electronic service of all documents, including discovery materials and correspondence, which are not filed with the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**ARNS DAVIS LAW**

_____
SHOUNAK S. DHARAP
Attorneys for Plaintiffs

**ARENTFOX SCHIFF LLP**

\_\_\_\_/s/ John Purcell_____
JOHN S. PURCELL
Attorneys for Defendant Botanic Tonics, LLC

**ARNOLD & PORTER KAYE SCHOLER LLP**

\_\_\_\_\_/s/ James Speyer_____
JAMES F. SPEYER
Attorneys for Defendant 7-Eleven, Inc.

**LYNBERG & WATKINS**

\_\_\_\_/s/ Ruth Segal_____
LANE E. WEBB
RUTH SEGAL
Attorneys for Defendant Nowhere Partners, LLC
dba Erewhon