**BURSOR & FISHER, P.A.**
Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: jsmith@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff C.C.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO TORRES and SAM ROSENFIELD, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br>     v.<br><br> BOTANIC TONICS, LLC. et al.,<br><br>              Defendants. | Case No. 3:23-CV-01460-VC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE CONSOLIDATED** |

On December 6, 2023, this Court issued an order relating *Torres et al. v. Botanic Tonics, LLC*, N.D. Cal. Case No. 3:23-cv-01460-VC (the "*Torres* matter"), and in *C.C. v. Botanic Tonics*, N.D. Cal. Case No. 3:23-cv-04136-TSH (the "*C.C.* matter"). The Plaintiffs in the *Torres* and *C.C.* matters now jointly move to consolidate those two matters for all purposes. They were unable to obtain a stipulation among all parties in lieu of filing this administrative motion. *See* concurrently filed Smith Decl. ISO Administrative Motion to Consolidate, ¶ 2.

The standard for consolidation under Fed. Civ. R. P. 42 is similar to the standard that this Court applied when relating the two matters under Local Rule 3-12(b). Specifically, the Court may consolidate actions that "involve a common question of law or fact." Fed. Civ. R. P. 42(a). "The district court enjoys 'broad discretion under this rule to consolidate cases pending in the same district.'" *Koninklijke Philips N.V. v. Acer Inc.*, 2018 WL 4640378, at *2 (N.D. Cal. Sept. 24, 2018) (quoting *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "In exercising this 'broad discretion,' the district court 'weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.'" *Id.*

Here, the same factors that supported relating the *Torres* and *C.C.* matters support consolidation. Both are putative class actions alleging that Defendant Botanic Tonics failed to disclose that its Feel Free Wellness Tonic includes addictive ingredients. The plaintiffs in the two actions allege many of the same causes of action. The putative classes alleged in both actions currently overlap. Consolidation will promote efficiency by streamlining discovery, avoiding the need to file duplicative motions, and avoiding the risk of inconsistent orders in the two cases. Conversely, consolidation will not result in any meaningful inconvenience, delay, or expense—to the contrary, it will likely reduce inconvenience, delay, or expense.

If the Court consolidates the two matters, the Plaintiffs in the *Torres* and *C.C.* matters respectfully propose the following case management steps, each of which are reflected in the [Proposed] Order submitted with this administrative motion.

1. The case file for the Consolidated Action should be maintained under Master File No. 3:23-cv-01460-VC (the *Torres* matter). When a pleading is intended to apply to all actions to

which this Order applies, the words "All Actions" should appear immediately after the words "This Document Relates To:" in the caption. When a pleading is not intended to apply to all actions, the document umber for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action should appear immediately after the words "This Document Relates To:" in the caption.

2. All papers filed in the Consolidated Action should be filed under Case No. 3:23-cv-01460-VC and shall bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| IN RE BOTANIC TONICS LITIGATION | Master File No. 3:23-cv-01460-VC |
|---|---|
| This Document Relates to: | |

3. Any class action subsequently filed, transferred, or removed to this Court that the Court determines arises out of the same or similar operative facts as the Consolidated Action should be, with the Court's approval, consolidated with the Consolidated Action for all purposes. Any party should file a Notice of Related Action pursuant to Civil Local Rule 3-12 whenever a party believes a case that should be consolidated into the Consolidated Action is filed in, or transferred to, this District. If the Court determines that the case is related and should be consolidated, the clerk should:

    a. place a copy of the order consolidating the matters in the separate file for such action;
    b. serve on Plaintiffs' counsel in the new case a copy of the consolidation order;
    c. direct that the consolidation order be served upon defendants in the new case; and
    d. make the appropriate entry in the Master Docket.

4. The Plaintiffs in the *Torres* and *C.C.* matters will be prepared to file a Consolidated Complaint within thirty (30) days after entry of an order of consolidation.

| | | |
|---|---|---|
| Dated:  December 22, 2023 | | **BURSOR & FISHER, P.A**. |
| | | By:   */s/ Joel D. Smith*   <br>         Joel D. Smith |
| | | *Attorneys for Plaintiff C.C.* |
| Dated:  December 22, 2023 | | **ARNS DAVIS LAW FIRM** |
| | | By:   */s/ Shounak Dharap*   <br>         Shounak Dharap |
| | | *Attorneys for Plaintiff Romulo Torres and Sam Rosenfield* |

### SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that all signatories have concurred in its filing.

By:   */s/ Joel D. Smith*   
        Joel D. Smith