ARNOLD & PORTER KAYE SCHOLER LLP
James F. Speyer (Bar No. 133114)
James.Speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel:   213.243.4000
Fax:   213.243.4199

Attorneys for Defendant
7-ELEVEN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO TORRES and SAM ROSENFIELD, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOTANIC TONICS, LLC; 7-ELEVEN, INC.; NOWHERE PARTNERS, LLC dba EREWHON; HYDRA623 HOLDINGS, LLC; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-01460-VC<br><br>**DEFENDANT 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B) OF THE COURT'S ORDER DENYING 7-ELEVEN'S MOTION TO DISMISS**<br><br>Judge:   Hon. Vince Chhabria<br>Courtroom:   4, 17th Flr.<br>Date:   February 8, 2024<br>Time:   10:00 a.m.<br><br>Trial Date:   TBD<br>Complaint Filed:   March 28, 2023 |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 8, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Judge Vince Chhabria, located at 450 Golden Gate Avenue, San Francisco, CA 94102, 17th floor, Courtroom 4, defendant 7-Eleven, Inc. will and hereby does move to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the Court's December 21, 2023 order denying 7-Elevens's motion to dismiss the complaint (Dkt. 82).

This motion is based on this notice of motion and motion; the memorandum of points and authorities contained herein; the declaration of James F. Speyer; any reply papers that defendant may file; all pleadings, records and papers on file in this action; and upon such further arguments as may be presented to the Court at or prior to the hearing on the motion.

Dated:  December 29, 2023                    ARNOLD & PORTER KAYE SCHOLER LLP

                                             By:  /s/ James F. Speyer
                                                  James F. Speyer
                                                  Attorneys for Defendant
                                                  7-Eleven, Inc.

# TABLE OF CONTENTS

Page

Introduction ..................................................................................................................................... 1

Background ..................................................................................................................................... 1

Argument ........................................................................................................................................ 4

I.     CERTIFICATION IS WARRANTED UNDER 28 U.S.C. § 1292(b) ................................... 4

    A.     The Order Involves A Controlling Question Of Law ..................................... 5

    B.     There Is Substantial Ground For Difference Of Opinion ............................... 5

    C.     An Immediate Appeal From The Order Will Materially Advance The Ultimate Termination Of The Litigation .......................................................... 6

Conclusion ...................................................................................................................................... 7

- i -

DEFENDANT 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. §1292(B) OF THE COURT'S ORDER DENYING 7-ELEVEN'S MOTION TO DISMISS - Case No. 3:23-cv-01460-VC

Defendant 7-Eleven, Inc. respectfully submits this motion for certification under 28 U.S.C. § 1292(b) of the Court's order denying 7-Eleven's motion to dismiss (the "Order").

**Introduction**

7-Eleven seeks certification for interlocutory review of the pure and narrow issue of law on which its motion to dismiss hinged: the correct interpretation of a single sentence in a Ninth Circuit opinion. While the Court disagrees with 7-Eleven's interpretation, it acknowledges that the sentence is a "head scratch[er]" that "might cause one to speculate that perhaps the court meant" what 7-Eleven says it meant. At least two other district courts agree with 7-Eleven's construction of the sentence, and just last month the Ninth Circuit issued an unpublished order also agreeing with that construction.

These circumstances create an ideal occasion for deployment of 28 U.S.C. § 1292(b). The Order satisfies the statutory requirements because it involves (1) a controlling issue of law on which there is (2) substantial ground for difference of opinion, and (3) an immediate appeal would materially advance the termination of the litigation against 7-Eleven. The fact that the appeal would be to the court that wrote the sentence in question — and is thereby best suited to explain its meaning — underscores the logic of certification. 7-Eleven respectfully submits that having the Ninth Circuit weigh in on this dispositive issue at the outset of the lawsuit rather than its conclusion is the best approach in terms of efficiency and economy.

**Background**

7-Eleven filed a motion to dismiss the only two claims plaintiffs asserted against it: a claim under the UCL and a claim for unjust enrichment that stands or falls with the UCL claim. Dkt. 31. The UCL claim alleged that the nondisclosure to consumers of the alleged risks of kratom violated the "unfair" prong of the UCL. Dkt. 26 at ¶ 135. According to the complaint, the alleged nondisclosure violated the unfair prong because it caused "substantial harm" to consumers (*id.* at ¶ 144) – thereby invoking the tests developed under California law for determining unfairness that require a showing of substantial injury or harm. *See Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394 (2006); *South Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (1999). The complaint did not invoke the so-called "tethering" test for unfairness, which requires

- 1 -

that the conduct at issue be "'tethered' to specific constitutional, statutory, or regulatory provisions" or the policy or spirit of such provisions. *See Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 854 (2002); *see also Nationwide Biweekly Admin., Inc. v. Sup. Ct. of Alameda Cty.*, 9 Cal. 5th 279, 303 n.10 (2020).

In support of its motion, 7-Eleven argued that the complaint failed to assert that 7-Eleven or its franchisees had any duty to disclose the risks of kratom, and that this failure was fatal to plaintiffs' nondisclosure claim under the Ninth Circuit's decision in *Hodsdon v. Mars.* Dkt. 31, at 8. *Hodsdon* held that in a claim for nondisclosure under the UCL's unfairness prong, the defendant's "failure to disclose information it had no duty to disclose in the first place is not substantially injurious, immoral, or unethical" and accordingly could not support an unfair prong claim under the tests for unfairness requiring proof of substantial injury. *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 867 (9th Cir. 2018). 7-Eleven argued that *Hodsdon* doomed plaintiffs' nondisclosure claim because in the absence of any duty to disclose, plaintiffs would not be able to show that the alleged nondisclosure was substantially injurious. *Id.* 7-Eleven also relied on two district court decisions following *Hodsdon*. Dkt. 31, at 8; *see In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2020 WL 7664461, at *11 (N.D. Cal. Dec. 24, 2020) (UCL unfair prong claim based on nondisclosure is, under *Hodsdon*, subject to dismissal in the absence of facts alleging underlying duty to disclose); *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 856 (N.D. Cal. 2022) (UCL unfair prong claim based on nondisclosure is, under *Hodsdon*, likely subject to dismissal in the absence of facts alleging underlying duty to disclose).

*Hodsdon* left open the possibility that the failure to disclose information one had no duty to disclose in the first place could state a UCL unfair prong claim under the tethering test. This explains why the *Hodsdon* court noted that "[u]nlike the other two prongs [of the UCL], the lack of a duty to disclose does not necessarily dispose of claims under the unfair prong" – even though it held that the absence of a duty to disclose was fatal with respect to claims brought under the tests requiring proof of substantial injury. *Hodsdon*, 891 F.3d at 865-67. It also explains why 7-Eleven did not argue, or need to argue, that the inability to plead a duty to disclose is *always* fatal to a UCL "unfair" claim based on nondisclosure.

In opposition to the motion to dismiss, plaintiffs made two key concessions. First, plaintiffs affirmatively conceded they were not seeking to establish liability under the tethering test, and were *only* seeking to assert liability under the tests requiring substantial injury. Dkt. 43, at 10 (tethering test is "not at issue in this case" because plaintiffs "do not assert liability" under that test). Second, plaintiffs did not dispute – and thereby conceded – that they could not allege facts showing any duty to disclose. *Rivers v. Martel*, 833 F. App'x 706, 707 n. 1 (9th Cir. 2021) (failure to address an argument in opposition briefing constitutes a concession of the argument).

7-Eleven's reply argued that in light of these two concessions, dismissal with prejudice was appropriate because, under *Hodsdon*, plaintiffs' inability to allege any duty to disclose established that the alleged nondisclosure could not result in substantial injury, and accordingly could not establish a violation of the UCL's unfair prong under the tests for unfairness on which plaintiffs had staked their claim. Dkt. 44, at 3-6.

At oral argument, the Court expressed its preliminary view that the holding in *Hodsdon* did not dispose of plaintiffs' claim because the key sentence is best interpreted as "an analysis of the facts" and not as a legal principle applicable to other cases. Speyer Dec. Exhibit A, Tr. 28:10-28:13. The Court nonetheless noted that it is a "head-scratching sentence" that is "at a minimum . . . rather imprecise and confusing." *Id.* at 27:12-13, 28:6. Plaintiffs' counsel agreed that the sentence is "certainly" confusing. *Id.* at 27:14.

On December 21, the Court issued the Order, which denied 7-Eleven's motion in a manner consistent with its preliminary view. Dkt. 82. The Order acknowledged that the key sentence in *Hodsdon* "might cause one to speculate that perhaps the court meant that a preexisting duty to disclose must exist." Dkt. 82, at 8. It also acknowledged that in determining whether a plaintiff could state a claim for nondisclosure under the unfair prong, *Hodsdon* "apparently considered it relevant whether the disclosure was required by some other source of law." *Id.* at 8-9. And, the Court noted that *Stark* and *In re Samsung* "may have treated the language from *Hodsdon* in the same way that 7-Eleven asks this court to." *Id.* at 9. The court stated that "to the extent these

- 3 -

DEFENDANT 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. §1292(B) OF THE COURT'S ORDER DENYING 7-ELEVEN'S MOTION TO DISMISS - Case No. 3:23-cv-01460-VC

district court rulings were intended to adopt 7-Eleven's interpretation of *Hodsdon*, this Court disagrees with them."[1] *Id.* at 10.

## Argument

**I.    CERTIFICATION IS WARRANTED UNDER 28 U.S.C. § 1292(B)**

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory review when: (1) the court's order involves a "controlling question of law;" (2) there is a "substantial ground for difference of opinion;" and (3) an "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.*, No. CV 16-609-GW(FFMx), 2016 WL 10647193, at *6 (C.D. Cal. Dec. 12, 2016) (granting certification request because "any instruction from the Ninth Circuit on just how it sees [the case law] interacting in this area would clarify the applicable standards and — this Court believes — fruitfully aid in the resolution of this case . . . . In contrast, were this case to proceed through a trial applying incorrect legal standards because of uncertainty as to that question, the delay in reaching ultimate resolution would be significantly longer."); *see also Oracle USA, Inc. v. SAP AG*, No. C 07-1658 PJH, 2012 WL 29095, at *1 (N.D. Cal. Jan. 6, 2012) ("A district court may certify an order for interlocutory review pursuant to § 1292(b), but 'only in *exceptional situations* in which allowing an interlocutory appeal would avoid protracted and expensive litigation." (citing *In re Cement Antitrust Litig.*, 673, F.2d 1020, 1026 (9th Cir. 1982)) (emphasis in original)).

The Order comfortably satisfies each of these requirements.

---

[1] The Court also wrote that "*Hodsdon* should not be understood as saying that a duty to disclose under *LiMandri* or some other source of law must be established for a failure to disclose to be the basis of liability under the unfair-practices prong of the UCL," and that *Hodsdon* "did not hold that the absence of such a requirement [a duty to disclose] is always dispositive." *Id.* at 8-9. As explained above, 7-Eleven agrees that *Hodsdon* left open the possibility that an unfairness prong claim for nondisclosure under the tethering test may not require proof of a duty to disclose (*see* Dkt. 44 at 4-5 (acknowledging the same)), which explains why 7-Eleven has not made the sweeping argument that the absence of a duty to disclose is *always* dispositive of a UCL "unfair" claim based on nondisclosure.

- 4 -

DEFENDANT 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. §1292(B) OF THE COURT'S ORDER DENYING 7-ELEVEN'S MOTION TO DISMISS - Case No. 3:23-cv-01460-VC

### A.  The Order Involves A Controlling Question Of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). *"*The 'controlling question of law' factor is most easily satisfied when the issue is 'purely one of law.'" *Mauia v. Petrochem Insulation, Inc.*, No. 18-cv-01815-TSH, 2020 WL 1031911, at *2 (N.D. Cal. Mar. 3, 2020).

The issue here is a pure question of law: whether a UCL unfair prong claim based on nondisclosure, asserted under the tests for unfairness that demand proof of substantial injury, requires factual allegations showing an underlying duty to disclose. Given that dismissal of this claim would result in dismissal of the lawsuit against 7-Eleven, and that plaintiffs have conceded their inability to allege such a duty, resolution of this pure legal issue in favor of 7-Eleven would certainly "materially affect the outcome of the litigation."

### B.  There Is Substantial Ground For Difference Of Opinion

7-Eleven's motion to dismiss, and the ensuing Order, both hinged on the correct way to interpret the key sentence from *Hodsdon*: "[Defendant's] failure to disclose information it had no duty to disclose in the first place is not substantially injurious, immoral, or unethical." 891 F.3d at 867. 7-Eleven respectfully submits that there is substantial ground for difference of opinion with respect to the correct interpretation of this sentence. The Court itself has acknowledged that the sentence is (1) "head scratching," (2) "*at a minimum* . . . rather imprecise and confusing," and (3) "might cause one to speculate that perhaps the court meant that a preexisting duty to disclose must exist." Speyer Dec. Exhibit A, Tr. 27:12-13, 28:6 (emphasis added); Dkt. 82, at 8. Maybe even more notably, the Court has acknowledged that in determining whether a plaintiff could state a claim for nondisclosure under the UCL's unfair prong, *Hodsdon* "apparently considered it relevant whether the disclosure was required by some other source of law." Dkt. 82, at 8-9.

Moreover, "[o]ne of the best indications that there are substantial grounds for disagreement on a question of law is that other courts have, in fact, disagreed." *Heaton v. Soc. Fin., Inc.*, No. 14-cv-05191-TEH, 2016 WL 232433, at *4 (N.D. Cal. Jan. 20, 2016) (internal quotations and citation omitted). Here, two other district courts have disagreed with the Court's interpretation of

*Hodsdon,* or, at a minimum, "may have" so disagreed. *See* Dkt. 82, at 9. And, the Ninth Circuit itself recently issued an unpublished order adopting 7-Eleven's interpretation of *Hodsdon*. *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.*, No. 22-35652, 2023 WL 7211394, at *2 (9th Cir. Nov. 2, 2023) (relying on *Hodsdon* to affirm dismissal of nondisclosure claims brought under the UCL's unfair prong because plaintiffs failed to establish any underlying duty to disclose).[2]

### C. An Immediate Appeal From The Order Will Materially Advance The Ultimate Termination Of The Litigation

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." 16 C. Wright & A. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2023); *see also Rollins v. Dignity Health*, No. 13-cv-01450-TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014) ("[T]he considerations of this factor overlap significantly" with the "controlling question of law" factor). Here, plaintiffs have conceded that they cannot allege facts showing a duty to disclose, and accordingly would be unable to assert a claim against 7-Eleven for nondisclosure under the UCL's unfair prong if the Ninth Circuit were to rule in 7-Eleven's favor. Such a ruling would materially advance the termination of the litigation as against 7-Eleven – indeed, it would end the litigation.

---

[2] The Order warrants review for an additional reason. A nondisclosure claim brought under the UCL's fraud prong unquestionably requires proof of an underlying duty to disclose. Dkt. 82; at 6, 8; *see Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007). But under the Order, the same factual allegations of nondisclosure, asserted under the UCL's unfair prong, do *not* require proof of an underlying duty to disclose. This view of the law would materially alter California law: as a practical matter it would eliminate the long-settled duty-to-disclose requirement under the UCL's fraud prong, because any plaintiff could avoid this requirement simply by labeling his claim as one brought under the unfair prong rather than the fraud prong.

Moreover, the Order contrasts a nondisclosure claim under the unfair prong with a nondisclosure claim under the fraud prong, noting that it "makes sense" to require that nondisclosure claims under the fraud prong must plead an underlying duty to disclose under the common law of fraud, because claims under the UCL's fraud prong are "fraud claims." Dkt. 82 at 6, 8. But just like the UCL's unfair prong, the UCL's fraud prong is a unique statutory creature, one that is "distinct from common law fraud" and consists of different essential elements. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).

- 6 -

DEFENDANT 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. §1292(B) OF THE COURT'S ORDER DENYING 7-ELEVEN'S MOTION TO DISMISS - Case No. 3:23-cv-01460-VC

**Conclusion**

For the foregoing reasons, 7-Eleven respectfully requests that the Court grant its motion and afford the Ninth Circuit the opportunity to tell us what it meant at the outset of this litigation rather than at the conclusion.

Dated:  December 29, 2023   ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ James F. Speyer
     James F. Speyer
     Attorneys for Defendant
     7-ELEVEN, INC.