ARNOLD & PORTER KAYE SCHOLER LLP
James F. Speyer (Bar No. 133114)
James.Speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: 213.243.4000
Fax: 213.243.4199

Attorneys for Defendant
7-ELEVEN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROMULO TORRES and SAM ROSENFIELD, individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

BOTANIC TONICS, LLC; 7-ELEVEN, INC.; NOWHERE PARTNERS, LLC dba EREWHON; HYDRA623 HOLDINGS, LLC; and DOES 1 to 10, inclusive,

Defendants.

Case No. 3:23-cv-01460-VC

**DEFENDANT 7-ELEVEN, INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

Judge: Hon. Vince Chhabria
Courtroom: 4, 17th Flr.

Trial Date: TBD
Complaint Filed: March 28, 2023

Defendant 7-Eleven, Inc. ("7-Eleven") responds to the correspondingly numbered paragraphs of Plaintiffs' Second Amended Complaint as follows.

For convenience, 7-Eleven uses in this Answer the section headings contained in the Second Amended Complaint. However, 7-Eleven makes no admission as to any allegations contained in those headings.

1. Paragraph 1 does not contain factual allegations to which a response is required. To the extent a response is required, 7-Eleven admits that Plaintiffs purport to bring this action against 7-Eleven. 7-Eleven denies any remaining allegations in this paragraph.

2. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 2, and therefore denies them.

3. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 3, and therefore denies them.

4. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 4, and therefore denies them.

5. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 5, and therefore denies them.

6. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 6, and therefore denies them.

7. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 7, and therefore denies them.

8. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 8, and therefore denies them.

9. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 9, and therefore denies them.

10. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 10, and therefore denies them.

11. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 11, and therefore denies them.

12. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 12, and therefore denies them.

13. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 13, and therefore denies them.

14. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding users of Feel Free, as alleged in paragraph 14, and therefore denies them.

15. 7-Eleven denies the allegations in this paragraph accusing it of wrongdoing. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required. To the extent any response is required, 7-Eleven denies the remaining allegations in this paragraph.

16. 7-Eleven admits that Plaintiffs seek restitution, disgorgement, equitable relief, costs and expenses of litigation including attorneys' fees, punitive damages, and all additional relief that

the Court may deem appropriate and just under the circumstances, and denies that Plaintiffs are entitled to any such relief.

**JURISDICTION AND VENUE**

17. 7-Eleven admits that it is a Texas corporation with its principal place of business at 3200 Hackberry Road, Irving, Texas 75063. With respect to the remaining allegations contained in paragraph 17, they constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, 7-Eleven denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, except admits that Plaintiffs purport to invoke this Court's jurisdiction under the statutes set forth in paragraph 17.

18. 7-Eleven admits that it does engage and perform business activities in California. With respect to the remaining allegations contained in paragraph 18, they constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, 7-Eleven denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

**PARTIES**

19. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres and Botanic Tonics, as alleged in paragraph 19, and therefore denies them.

20. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, Erewhon, and Botanic Tonics, as alleged in paragraph 20, and therefore denies them.

21. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 21, and therefore denies them.

22. 7-Eleven admits that it is a Texas corporation with its principal place of business at 3200 Hackberry Road, Irving, Texas 75063, and that there are 7-Eleven franchise stores in California. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 22, and therefore denies them.

23. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Nowhere Partners, as alleged in paragraph 23, and therefore denies them.

24. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Hydra623 Holdings, as alleged in paragraph 24, and therefore denies them.

**CLASS ACTION ALLEGATIONS**

7-Eleven admits that the Plaintiffs purport to seek to represent a class of individuals but denies that the putative class can or should be certified.

25. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Class Members, as alleged in paragraph 25, and therefore denies them.

26. 7-Eleven denies the allegations in paragraph 26.

27. 7-Eleven denies the allegations in this paragraph accusing it of wrongdoing. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required. To the extent that any response is required, 7-Eleven denies the allegations in this paragraph.

28. 7-Eleven denies that Plaintiffs can fairly and adequately protect the interests of all members of the Classes, and lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

29. 7-Eleven denies that a class action can or should be maintained against 7-Eleven.

30. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding management of this litigation, as alleged in paragraph 30, and therefore denies them.

**FACTUAL ALLEGATIONS**

31. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 31, and therefore denies them.

32. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 32, and therefore denies them.

33. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 33, and therefore denies them.

34. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 34, and therefore denies them.

35. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 35, and therefore denies them.

36. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 36, and therefore denies them.

37. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 37, and therefore denies them.

38. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 38, and therefore denies them.

39. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 39, and therefore denies them.

40. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 40, and therefore denies them.

41. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 41, and therefore denies them.

42. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 42, and therefore denies them.

43. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 43, and therefore denies them.

44. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 44, and therefore denies them.

45. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 45, and therefore denies them.

46. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 46, and therefore denies them.

47. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 47, and therefore denies them.

48. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 48, and therefore denies them.

49. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics' product, as alleged in paragraph 49, and therefore denies them.

50. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 50, and therefore denies them.

51. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 51, and therefore denies them.

52. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 52, and therefore denies them.

53. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 53, and therefore denies them.

54. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 54, and therefore denies them.

55. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 55, and therefore denies them.

56. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 56, and therefore denies them.

57. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 57, and therefore denies them.

58. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 58, and therefore denies them.

59. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 59, and therefore denies them.

60. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs, as alleged in paragraph 60, and therefore denies them.

61. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs, as alleged in paragraph 61, and therefore denies them.

62. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 62, and therefore denies them.

63. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 63, and therefore denies them.

64. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs and Botanic Tonics, as alleged in paragraph 64, and therefore denies them.

65. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 65, and therefore denies them.

66. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 66, and therefore denies them.

67. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 67, and therefore denies them.

68. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 68, and therefore denies them.

69. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 69, and therefore denies them.

70. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 70, and therefore denies them.

71. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 71, and therefore denies them.

72. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 72, and therefore denies them.

73. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding kratom, as alleged in paragraph 73, and therefore denies them.

74. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 74, and therefore denies them.

75. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 75, and therefore denies them.

76. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 76, and therefore denies them.

77. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 77, and therefore denies them.

78. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 78, and therefore denies them.

79. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 79, and therefore denies them.

80. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 80, and therefore denies them.

81. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 81, and therefore denies them.

82. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 82, and therefore denies them.

83. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 83, and therefore denies them.

84. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs and franchisees, as alleged in paragraph 84, and therefore denies them.

85. 7-Eleven admits that franchisees enter into an agreement with 7-Eleven to use 7-Eleven's business model, and that the franchisee pays a fee to use 7-Eleven's model and brand name and agrees to follow specific operating requirements and restrictions as set forth in the franchise agreement. 7-Eleven further admits that 7-Eleven and the franchise store share the gross profit. 7-Eleven denies the remaining allegations in paragraph 85.

86. 7-Eleven admits that it has installed video cameras in franchise stores, controls the temperature of franchise stores, and that 7-Eleven requires that franchisees maintain specific ethical standards, and supervise day-to-day operations. 7-Eleven denies the remaining allegations in paragraph 86.

87. 7-Eleven denies the allegations in this paragraph.

88. 7-Eleven admits the franchise agreement requires that franchisees carry an inventory of a type, quality, quantity, and variety consistent with the 7-Eleven image, which is discussed in

training documents and the operations manual. 7-Eleven denies the remaining allegations in paragraph 88.

89. 7-Eleven denies the allegations in this paragraph.

90. 7-Eleven admits the allegations in this paragraph.

91. 7-Eleven denies the allegations in this paragraph.

92. 7-Eleven denies the allegations in this paragraph.

93. 7-Eleven denies the allegations in this paragraph.

94. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Erewhon, as alleged in paragraph 94, and therefore denies them.

95. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Erewhon, as alleged in paragraph 95, and therefore denies them.

96. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Erewhon, as alleged in paragraph 96, and therefore denies them.

97. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Erewhon, as alleged in paragraph 97, and therefore denies them.

98. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Erewhon and Plaintiff Rosenfield, as alleged in paragraph 98, and therefore denies them.

99. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 99, and therefore denies them.

100. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 100, and therefore denies them.

101. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 101, and therefore denies them.

102. 7-Eleven denies the allegations in this paragraph.

103. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 103, and therefore denies them.

104. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 104, and therefore denies them.

105. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 105, and therefore denies them.

106. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 106, and therefore denies them.

107. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 107, and therefore denies them.

108. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 108, and therefore denies them.

109. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 109, and therefore denies them.

110. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Torres, as alleged in paragraph 110, and therefore denies them.

111. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 111, and therefore denies them.

112. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 112, and therefore denies them.

113. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Rosenfield, as alleged in paragraph 113, and therefore denies them.

114. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Feel Free users, as alleged in paragraph 114, and therefore denies them.

115. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Feel Free users, as alleged in paragraph 115, and therefore denies them.

116. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Feel Free users, as alleged in paragraph 116, and therefore denies them.

117. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Feel Free users, as alleged in paragraph 117, and therefore denies them.

118. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the forfeiture complaint, as alleged in paragraph 118, and therefore denies them.

119. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the forfeiture complaint, as alleged in paragraph 119, and therefore denies them.

120. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the forfeiture complaint, as alleged in paragraph 120, and therefore denies them.

121. 7-Eleven admits that 7-Eleven emailed its franchisees, reminding them that 7-Eleven Brand Standards and the Operations Manual prohibit the sale of any products containing kratom, including Feel Free.

122. 7-Eleven denies the allegations in this paragraph.

123. 7-Eleven denies the allegations in this paragraph.

124. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 124, and therefore denies them.

125. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 125, and therefore denies them.

126. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 126, and therefore denies them.

**JOINT VENTURE/SINGLE ENTERPRISE/ALTER EGO ALLEGATIONS**

127. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Hydra623, as alleged in paragraph 127, and therefore denies them.

128. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Hydra623, as alleged in paragraph 128, and therefore denies them.

129. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Hydra623, as alleged in paragraph 129, and therefore denies them.

130. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Hydra623, as alleged in paragraph 130, and therefore denies them.

131. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Hydra623, as alleged in paragraph 131, and therefore denies them.

132. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Hydra623, as alleged in paragraph 132, and therefore denies them.

133. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Hydra623, as alleged in paragraph 133, and therefore denies them.

**FIRST CAUSE OF ACTION**
Unfair and Fraudulent Business Acts and Practices
(Bus. & Prof. Code, §§ 17200, et seq.)
**Against All Defendants**

134. 7-Eleven incorporates by reference its responses to the allegations in paragraphs 1 through 133 as if fully set forth herein.

135. 7-Eleven denies that it engaged in any unfair conduct, except admits that the First Cause of Action purports to be pled by the Plaintiffs against 7-Eleven.

136. 7-Eleven admits that Business & Professions Code sections 17200 *et seq.* prohibit acts of "unfair competition," but denies that Plaintiffs are entitled to any requested relief under the statute.

137. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 137, and therefore denies them.

138. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 138, and therefore denies them.

139. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 139, and therefore denies them.

140. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Erewhon, as alleged in paragraph 140, and therefore denies them.

141. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Erewhon, as alleged in paragraph 141, and therefore denies them.

142. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Feel Free, as alleged in paragraph 142, and therefore denies them.

143. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Erewhon, as alleged in paragraph 143, and therefore denies them.

144. 7-Eleven denies the allegations in this paragraph.

145. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Erewhon, as alleged in paragraph 145, and therefore denies them.

146. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics and Erewhon, as alleged in paragraph 146, and therefore denies them.

147. 7-Eleven denies the allegations in this paragraph.

**SECOND CAUSE OF ACTION**
False Advertising|
(Bus. & Prof. Code, §§ 17500, et seq.)
**Against Botanic Tonics and Erewhon**

148. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

149. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

150. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

151. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

152. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

153. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

154. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

155. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

156. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

157. Paragraphs 148-157 comprise the Second Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

## THIRD CAUSE OF ACTION
Common Law Fraud
**Against Botanic Tonics**

158. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

159. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

160. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

161. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

162. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

163. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

164. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

165. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

166. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

167. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

168. Paragraphs 158-168 comprise the Third Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

## FOURTH CAUSE OF ACTION
Breach of Implied Warranty of Merchantability
**Against Botanic Tonics and Erewhon**

169. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

170. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

171. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

172. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

173. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

174. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

175. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

176. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

177. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

178. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

179. Paragraphs 169-179 comprise the Fourth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

**FIFTH CAUSE OF ACTION**
Unjust Enrichment
**Against All Defendants**

180. 7-Eleven incorporates by reference its responses to the allegations in paragraphs 1 through 179 as if fully set forth herein.

181. 7-Eleven denies that it engaged in any unfair conduct, except admits that the Fifth Cause of Action purports to be pled by the Plaintiffs against 7-Eleven.

182. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 182, and therefore denies them.

183. The allegations contained in paragraph 183 constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in paragraph 183 may be deemed to allege facts, they are denied.

184. The allegations contained in paragraph 184 constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in paragraph 184 may be deemed to allege facts, they are denied.

185. The allegations contained in paragraph 185 constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in paragraph 185 may be deemed to allege facts, they are denied.

186. 7-Eleven lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Botanic Tonics, as alleged in paragraph 186, and therefore denies them.

187. The allegations contained in paragraph 187 constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in paragraph 187 may be deemed to allege facts, they are denied.

188. The allegations contained in paragraph 188 constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in paragraph 188 may be deemed to allege facts, they are denied.

189. 7-Eleven admits that Plaintiffs are seeking disgorgement and restitution of benefits, but denies that Plaintiffs are entitled to any requested relief.

**SIXTH CAUSE OF ACTION**
Consumer Legal Remedies Act
(Cal. Civ. Code §§ 1750, et seq.)
**Against Botanic Tonics**

190. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

191. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

192. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

193. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

194. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

195. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

196. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

197. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

198. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

199. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

200. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

201. Paragraphs 190-201 comprise the Sixth Cause of Action, which is not asserted against 7-Eleven. Accordingly, there is no need for 7-Eleven to respond to these allegations.

**PRAYER FOR RELIEF**

Plaintiffs' Prayer for Relief, including all subparts thereof, does not contain factual allegations to which a response is required. To the extent a response is required, 7-Eleven denies that Plaintiffs and/or any of the putative class members are entitled to any of the relief sought. 7-Eleven denies that this action can be maintained as a class action.

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of the named Plaintiffs and/or the Putative Class members or admitting that 7-Eleven has any burden of proof, 7-Eleven asserts the following affirmative defenses to Plaintiffs' Second Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Each of the claims fails to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because 7-Eleven's alleged acts or omissions did not cause Plaintiffs to incur or sustain any injury.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because 7-Eleven's alleged acts or omissions did not cause Plaintiffs to incur or sustain any damages, and if they have incurred or sustained damages, such damages were not related to 7-Eleven's conduct.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because 7-Eleven was under no duty to disclose any of the purported information Plaintiffs allege was not disclosed.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class members cannot meet their burden of showing that any act, conduct, statement, or omission by 7-Eleven caused substantial harm that greatly outweighs the utility from its act, conduct, statement, or omission.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, injuries, and/or losses were proximately caused or contributed to by the acts or omissions of other persons, including Plaintiffs, and/or facts and circumstances outside the control or any fault on the part of 7-Eleven, which acts and/or omissions, facts, and/or circumstances were an intervening and superseding cause of Plaintiffs' alleged damages, injuries, and losses, if any. Plaintiffs' damages, if any, were proximately caused by unforeseeable, independent, intervening, and/or superseding events beyond the control of 7-Eleven and were unrelated to any action or conduct on their part.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages were caused by persons or entities other than 7-Eleven. As such, the percentage responsibility of each person, business, corporation, partnership, unincorporated association, public entity, or other entity, whether served or identified or neither, must be determined and apportioned appropriately under all applicable laws.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery because they voluntarily assumed any risk by, including but not limited to, voluntarily choosing to use Feel Free and ignoring the instructions on the label about proper amounts of consumption.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to use reasonable means under the circumstances to avoid or minimize their alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the product labels at issue disclose that Feel Free contains kratom.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs admitted that they looked at the bottles of Feel Free prior to purchase, and thus knew the product contained kratom, and could not have been misled by the alleged misrepresentations or omissions asserted in the Second Amended Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

7-Eleven at all times acted in good faith and with reasonable grounds for believing its actions were lawful.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' action is not properly maintained as a class action because the requirements under federal law for certification are not met and certification of the proposed class would result in denial of due process.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages were caused by Plaintiffs' own acts.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to adequately allege that Feel Free caused any of the alleged injuries and damages.

**SEVENTEENTH DEFENSE**

7-Eleven lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses. 7-Eleven reserves the right to assert, and hereby gives notice that

it intends to rely upon, any other defense that may become available or appear during discovery or otherwise, and reserves the right to amend its Answer to assert any such defense.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1. That the Second Amended Complaint be dismissed, in its entirety, with prejudice;

2. That Plaintiffs take nothing by way of their Seconded Amended Complaint;

3. That Plaintiffs are not entitled to any damages, penalties, restitution, injunctive relief, declaratory relief or any other legal or equitable remedy due to any act or omission of 7-Eleven;

4. That Plaintiffs are not proper representative Class Plaintiffs;

5. That this case is not proper to proceed as a Class Action and that no class be certified;

6. That judgment be entered in favor of 7-Eleven and against Plaintiffs on the entire Second Amended Complaint and all causes of action;

7. For costs and attorney's fees incurred by 7-Eleven in connection with this action; and

8. For any other and further relief that the Court may deem just and proper.

Dated: January 4, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ James F. Speyer
James F. Speyer
Attorneys for Defendant
7-ELEVEN, INC.