Robert S. Arns, State Bar No. 65071 (rsa@arnslaw.com)
Jonathan E. Davis, State Bar No. 191346 (jed@arnslaw.com)
Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
Katherine A. Rabago, State Bar No. 333374 (kar@arnslaw.com)
**ARNS DAVIS LAW**
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

Anthony L. Label, State Bar No. 205920 (al.team@veenfirm.com)
Theo Emison, State Bar No. 209183 (t.emison@veenfirm.com)
Steven A. Kronenberg, State Bar No. 215541 (al.team@veenfirm.com)
Cyrus A. Nazarian, State Bar No. 323748 (c.nazarian@veenfirm.com)
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO TORRES and SAM ROSENFIELD, individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>BOTANIC TONICS, LLC; 7-ELEVEN, INC.; NOWHERE PARTNERS, LLC dba EREWHON; HYDRA623 HOLDINGS, LLC; and DOES 1 to 10, inclusive,<br><br>                    Defendants. | No. 3:23-cv-01460-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C §1292(b) OF THE COURT'S ORDER DENYING 7-ELEVEN'S MOTION TO DISMISS**<br><br>Judge: Hon. Vince Chhabria<br>Date: February 1, 2024<br>Time: 10:00 a.m.<br>Dept: Courtroom 4, 17th Flr. |

## TABLE OF CONTENTS

I. INTRODUCTION.................................................................................................1

II. PROCEDURAL HISTORY .................................................................................2

III. ARGUMENT ......................................................................................................2

A. 7-Eleven Has Not Met Its Burden of Satisfying All the Requirements Under Section 1292(b) ...........................................................................................2

1. The Order Denying 7-Eleven's Motion to Dismiss Does Not Raise a Controlling Question of Law...................................................................................................2

2. There Is Not Substantial Ground for a Difference of Opinion .....................................3

3. An Interlocutory Appeal Would Not Materially Advance the Ultimate Termination of the Litigation.................................................................................................5

IV. CONCLUSION ...................................................................................................6

1

## TABLE OF AUTHORITIES

2

**CASES**

3

*Allen v. ConAgra Foods, Inc.*, 2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) ............................5

4

*Camacho v. Auto. Club of S. California,* 142 Cal. App. 4th 1394 (2006) ....................................5

5

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163 (1999) .................3

6

*Getz v. Boeing Co.*, 2009 WL 3765506 (N.D. Cal. Jun. 16, 2009).................................................4

7

*Hodsdon v. Mars. Inc.*, 891 F.3d 857 (9th Cir. 2018)....................................................................4

8

*In re Cement Antitrust Litigation*, 673 F.2d 1020  (9th Cir. 1981)...........................................2, 3

9

*In Re Samsung Galaxy Smartphone Marketing and Sales Practices Litigation 2020* WL

10

    7664461 (N.D. Cal., Dec. 24, 2020)........................................................................................4

11

*South Bay Chevrolet v. Gen. Motors Acceptance Corp.,* 72 Cal. App. 4th 861 (1999)...............5

12

*Spears v. Washington Mut. Bank FA*, 2010 WL 54755 (N.D. Cal. Jan. 8, 2010)........................4

*Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841 (N.D. Cal. 2022)......................................................4

13

*Swint v. Chambers Cnty. Com'n*, 514 U.S. 35 (1995) ..................................................................2

14

*U.S. Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir. 1966) ...........................................................2

15

**STATUTES**

16

28 U.S.C § 1292(b) ....................................................................................................................1, 2

17

18

19

20

21

22

23

24

25

26

27

28

### I.   INTRODUCTION

Defendant 7-Eleven's motion for certification under 28 U.S.C § 1292(b) of the court's order denying 7-Eleven's motion to dismiss must be denied because 7-Eleven has failed to meet its burden satisfying all three requirements under section 1292(b). Section 1292(b) requires (1) the existence of a controlling question of law; (2) substantial grounds for difference of opinion; and (3) the material advancement of the ultimate termination of the litigation. 28 U.S.C § 1292(b).  Because none of these elements can be established, 7-Eleven's motion fails.

7-Eleven has not raised a controlling question of law. Instead, the question posed by 7-Eleven regarding the existence of liability under the unfair prong based on a failure to disclose information is a question that requires a determination of fact.

Next, 7-Eleven argues that because another court may interpret *Hodsdon* differently that substantial grounds for a difference of opinion exist. However, 7-Eleven misunderstands this second requirement under § 1292(b). Substantial grounds for difference of opinion require more than just the possibility of a different conclusion by another court on the same issue and more than different interpretations by other courts of a particular case. Therefore, 7-Eleven's argument that a different court may interpret *Hodsdon* differently is insufficient to establish a substantial ground for difference of opinion.

Lastly, 7-Eleven fails to meet the third and final prerequisite showing that an immediate appeal of the Court's order will materially advance the ultimate termination of the litigation. 7-Eleven argues that Plaintiffs' failure to establish a duty to disclose under some other written law bars their unfair claim. This argument fails for two reason— (1) it is not material to the termination of the litigation, and (2) it misstates the law. Plaintiffs have satisfactorily met the tests to establish their claims arising from the unfair-practices prong under *Camacho* and *South Bay* to determine liability.  Further, neither of these tests require a duty to disclose from another source of written law.

Therefore, having failed to establish the requisite elements, 7-Eleven's motion for certification under section 1292(b) must be denied.

## II.   PROCEDURAL HISTORY

On August 11, 2023, 7-Eleven filed a motion to dismiss the two claims asserted against it in Plaintiffs' operative complaint. Dkt. 31. The basis for 7-Eleven's motion was its argument that Plaintiffs' UCL claim arising under the unfair prong failed to assert any duty imposed on 7-Eleven and that this failure bars Plaintiffs' nondisclosure claim. *See* Dkt. 31 at 8. The motion came on hearing on October 19, 2023. Dkt. 52. This Court issued its order denying 7-Eleven's motion rejecting 7-Eleven's argument that liability can only exist under the unfair-practices for failure to disclose information prong if the defendant had a preexisting duty to disclose that information from other source of law. Dkt. 82 at pp. 1-2. 7-Eleven filed this motion for certification under 28 U.S.C. 1292(b) on December 29, 2023 because it disagrees with the Court's order rejecting this argument. *See* Dkt. 86.

## III.   ARGUMENT

### A.  7-Eleven Has Not Met Its Burden of Satisfying All the Requirements Under Section 1292(b)

Appellate review before a final judgment is appropriate "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if each of the following three elements are met: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also, In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). The party seeking an interlocutory appeal bears the burden of demonstrating that all three requirements have been met. *Couch v. Telescope Inc*, 611 F.3d 629, 633 (9th Cir. 2010) . Even so, certification is at the discretion of the district court. *Swint v. Chambers Cnty. Com'n*, 514 U.S. 35, 47 (1995).

#### 1.   The Order Denying 7-Eleven's Motion to Dismiss Does Not Raise a Controlling Question of Law

7-Eleven fails to meet the first prerequisite for interlocutory review because there is no

controlling question of law raised. To establish a question of law controls, 7-Eleven must show that "the issue on appeal could materially affect the outcome of the litigation." *Cement Antitrust*, 673 F.2d at 1026. Fundamental considerations include "determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.* at 1026-1027.

Here, 7-Eleven's question of whether liability exists under the unfair-practices prong based on a failure to disclose information does not meet the standard of a controlling question of law. None of the fundamental considerations as to parties, jurisdiction, or controlling state or federal law are raised by this question. Instead, this question of liability relies on *factual* determinations. As the Court stated in its Order Denying 7-Eleven's Motion to Dismiss:

> Liability for a failure to disclose under the unfair-practices prong must be determined by applying the tests established by California courts for whether a practice violates that provision of the unfair competition law. Those tests do not simply incorporate duties found in other sources of law. Rather, they demand a fact-specific inquiry into the practice in question, and that fact-inquiry governs even when the practice in question is an alleged failure to disclose.

*See* Dkt. 82 at p. 2.

The unfairness prong of the UCL is unique in that it protects consumers against business practices "not specifically proscribed by some other law" that nonetheless "violate[] the fundamental rules of honesty and fair dealing." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180-81 (1999). The statute was "intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the fertility of man's invention would contrive." *Id.* at 181. There is no need for Plaintiffs to apply an existing common law standard under the UCL as 7-Eleven argues.

Therefore, the question of liability arising under the unfair prong of the UCL does not implicate controlling questions of law and 7-Eleven fails to meet the first prerequisite for interlocutory review.

### 2. *There Is Not Substantial Ground for a Difference of Opinion*

Even if the court finds a controlling question of law exists, 7-Eleven fails to establish that there is a substantial ground for difference of opinion. Typically, a substantial ground for

difference of opinion can be found where "novel and difficult questions of first impressions are presented." *Couch*, 611 F.3d at 633. Interlocutory appeal under section 1292(b) is not appropriate simply where another district court reached a different decision. *See id.* ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."); *Spears v. Washington Mut. Bank FA*, 2010 WL 54755 at *3 (N.D. Cal. Jan. 8, 2010) ("[T]he mere fact that one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion."); *Getz v. Boeing Co.*, 2009 WL 3765506 at *3 (N.D. Cal. Jun. 16, 2009) ("The fact that other district courts have interpreted [a particular case] in the manner advocated by Defendants, does not provide a substantial ground for difference of opinion on controlling questions of law.").

7-Eleven cannot establish a ground for difference of opinion merely because it believes another court will interpret *Hodsdon* differently. This Court properly rejected 7-Eleven's interpretation of *Hodsdon* because, as the Ninth Circuit stated in *Hodsdon*, "the lack of a duty to disclose does not necessarily dispose of claims under the unfair prong." *Hodsdon v. Mars. Inc.*, 891 F.3d 857, 865-66 (9th Cir. 2018).

Nonetheless, even if another court were to interpret the *Hodsdon* opinion differently it is not enough to create substantial difference of opinion to support an interlocutory appeal. *See* Dkt. 82 at pp. 9-10 (rejecting 7-Eleven's argument that liability under the unfair prong of the UCL does not exist unless a duty to disclose is required by another source of written law); *see also*, *Spears,* 2010 WL 54755 at *3 (a different conclusion on the same issue by another district court is insufficient to establish a substantial ground for difference of opinion). Further, cases relied upon by 7-Eleven do not necessarily conflict with the Court's order, or are unpublished and not binding on this court. *See* Dkt. 82 at p. 9; *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 856 (N.D. Cal. 2022) (Court did not consider a duty to disclose under unfair-practices prong because plaintiffs established duty to disclose under the fraud prong); *In Re Samsung Galaxy Smartphone Marketing and Sales Practices Litigation 2020* WL 7664461, at *11 (N.D. Cal., Dec. 24, 2020)

(Plaintiffs' failure to adequately plead Defendants' knowledge of the defect was fatal to their claim of "unfairness" as well).

Lastly, this is not a "novel and difficult question of first impression" as the California Supreme Court has developed tests for unfairness and courts in this district have decided liability under the unfair prong in the UCL context. Not only is it not likely another court will interpet *Hodsdon* differently, it is not sufficient to argue the possibility of a difference of opinion and therefore, 7-Eleven fails to establish the second perquisite.

### 3. *An Interlocutory Appeal Would Not Materially Advance the Ultimate Termination of the Litigation*

"[A]n interlocutory appeal materially advances the termination of the litigation where it 'promises to advance the time for trial or to shorten the time required for trial.'" *Allen v. ConAgra Foods, Inc.*, 2019 WL 1466889 at *3 (N.D. Cal. Feb. 6, 2019) (quoting *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 6115536 at *5 (N.D. Cal. Dec. 10, 2012)). "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Id.*

Here, 7-Eleven argues that an interlocutory appeal would advance the ultimate termination of the litigation because Plaintiffs have not established a duty to disclose as to 7-Eleven. However, as stated above this is not a requisite element under the unfair-practices prong of the UCL. *See, supra*, Section III.A.2. Plaintiffs have asserted facts in their operative complaint to satisfy both the *Camacho* and *South Bay* tests to establish their claim under the unfair-practices prong of the UCL. *See* Dkt. 43, Plaintiffs' Opp to Mot. at pp. 4-11; *see also, Camacho v. Auto. Club of S. California,* 142 Cal. App. 4th 1394 (2006); *South Bay Chevrolet v. Gen. Motors Acceptance Corp.,* 72 Cal. App. 4th 861 (1999).

7-Eleven's motion to certify for interlocutory appeal cannot be categorized as acting in the interest of judicial economy because the likelihood of the Ninth Circuit affirming and returning this issue for trial would increase costs for each party, consume more of the court's time, and delay justice of all members of the class.

Therefore, an interlocutory appeal would not minimize the total burdens of litigation on parties and the judicial system such that the third perquisite of interlocutory appeal is not satisfied.

## IV.  CONCLUSION

Because 7-Eleven has failed to meet its burden to establish the three perquisite elements for interlocutory appeal, Plaintiffs respectfully ask that this Court deny 7-Eleven's request for certification.

**ARNS DAVIS LAW**

KATHERINE A. RABAGO
Attorneys for Plaintiffs