ARNOLD & PORTER KAYE SCHOLER LLP
James F. Speyer (Bar No. 133114)
James.Speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel:   213.243.4000
Fax:   213.243.4199

Attorneys for Defendant
7-ELEVEN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO TORRES and SAM ROSENFIELD, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOTANIC TONICS, LLC; 7-ELEVEN, INC.; NOWHERE PARTNERS, LLC dba EREWHON; HYDRA623 HOLDINGS, LLC; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-01460-VC<br><br>**REPLY IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B)**<br><br>Judge:         Hon. Vince Chhabria<br>Courtroom:  4, 17th Flr.<br>Date:          February 8, 2024<br>Time:         10:00 a.m.<br><br>Trial Date:        TBD<br>Complaint Filed:  March 28, 2023 |

**TABLE OF CONTENTS**

Page

Argument ................................................................................................................................ 1

CERTIFICATION IS WARRANTED UNDER 28 U.S.C. § 1292(B) ................................ 1

     A.     The Order Involves A Controlling Question Of Law ...................................... 1

     B.     There Are Substantial Grounds For Difference Of Opinion .......................... 2

     C.     An Immediate Appeal May Materially Advance The Ultimate Termination Of The Litigation ......................................................................... 3

Conclusion ............................................................................................................................ 3

Defendant 7-Eleven, Inc. respectfully submits this reply memorandum in support of its certification motion under 28 U.S.C. § 1292(b). Plaintiffs fail to mount any meaningful opposition to 7-Eleven's showing that it has satisfied all of the elements required for certification. Instead, their opposition serves only to underscore the appropriateness of certification.

## Argument

## CERTIFICATION IS WARRANTED UNDER 28 U.S.C. § 1292(B)

### A.     The Order Involves A Controlling Question Of Law

7-Eleven seeks interlocutory review of the order denying its motion to dismiss. Dkt. 82, Order Denying Def.'s Mot. to Dismiss (the "Order"). The Order denied the motion on the ground that plaintiffs need not allege an underlying duty to disclose in order to state a claim for nondisclosure under the "unfair" prong of the UCL. Dkt. 82, at 10. Plaintiffs assert that the Order does not involve a controlling question of law because 7-Eleven failed to show that the issue on appeal "could materially affect the outcome of the litigation." Dkt. 91, at 3.

It is hard to understand how plaintiffs can make this argument. 7-Eleven's motion showed that an appellate ruling in 7-Eleven's favor will end the litigation against 7-Eleven. It will do so because (1) such a ruling would require the Court to grant 7-Eleven's motion to dismiss, in light of the fact that the complaint alleges no facts showing any duty to disclose, and (2) plaintiffs already conceded they cannot allege an underlying duty to disclose, so the motion would have to be granted without leave to amend. Dkt. 86, at 4-6.

The opposition *does not dispute* either point. It thereby concedes that a ruling in 7-Eleven's favor on appeal will terminate the lawsuit against 7-Eleven. This is the paradigmatic example of an issue that "could materially affect the outcome of the litigation." *See, e.g.*, *Nat'l Assoc. of Afr.-Am. Owned Media v. Charter Commc'ns*, No. CV 16-609-GW(FFMx), 2016 WL 10647193, at *5 (C.D. Cal. Dec. 12, 2016) (finding a controlling question of law when reversal on appeal would "almost certainly" lead to dismissal of the single claim against the defendant).

Plaintiffs assert that a controlling question of law is not involved because the issue "relies on *factual* determinations." Dkt. 91, at 3 (emphasis in original). This is also wrong. The Court did not make, and could not have made, any factual determinations; it ruled on a motion to dismiss. The

question is purely legal: whether the Ninth Circuit held in *Hodsdon* that, as a matter of law, a defendant's failure to disclose information it had no underlying duty to disclose in the first place is not substantially injurious (and therefore cannot support a UCL unfair prong claim under the tests for unfairness requiring pleading and proof of substantial injury). No factual determinations are required.

Plaintiffs also assert that there is no controlling question of law because the issue does not involve the "determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.* This is a meritless contention. The case that plaintiffs quote for this proposition proffered these scenarios as *examples* of circumstances that raise a controlling question of law; it did not state or suggest that these were the *only* circumstances that do so. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026-27 (9th Cir. 1981).

### B. There Are Substantial Grounds For Difference Of Opinion

Five judges agree with 7-Eleven's view of the law, including a Ninth Circuit panel in a recently issued unpublished memorandum. *See* Dkt. 86, at 5-6. This Court acknowledged that the key sentence in dispute from the Ninth Circuit's *Hodsdon* opinion is a "head scratch[er]" that "at a minimum . . . is rather imprecise and confusing." Dkt. 86-2, Speyer Decl., Exhibit A at 27:12-27:13, 28:6. In these circumstances, plaintiffs cannot credibly argue that substantial grounds for difference of opinion do not exist. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (when the appeal "involves an issue over which reasonable judges might differ," such "uncertainty provides a credible basis for a difference of opinion" on the issue).

Plaintiffs nevertheless insist that there are no substantial grounds for difference of opinion because "it is not sufficient to argue the possibility of a difference of opinion. . . ." Dkt. 91, at 5. But 7-Eleven did not show the "possibility" of a difference of opinion; it showed that five judges *in fact* disagree with this Court's view of the law. And with respect to the 2023 Ninth Circuit decision, plaintiffs do not dispute that it is irreconcilable with the Court's view. Instead, they say it is not "binding" on the Court. Dkt. 91, at 4. But whether a difference of opinion exists does not depend on whether an opinion is binding on this Court.

**C.     An Immediate Appeal May Materially Advance The Ultimate Termination Of The Litigation**

Given plaintiffs' concession that a successful appeal would end the lawsuit against 7-Eleven, there is no doubt that such an appeal would materially advance the ultimate termination of the litigation. *See supra* at 1; *see also Reese*, 643 F.3d at 688 (finding that in a case with multiple defendants, the dismissal of one defendant on interlocutory appeal materially advances the termination of the litigation because "neither § 1292 (b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation"). Unable to counter this point, plaintiffs puzzlingly assert that an appeal would not advance the ultimate termination of the litigation because the Court was right on the law and the Ninth Circuit will therefore affirm. Dkt. 91, at 5-6. But that is not the standard. If it were, no issues would ever be certified under Section 1292(b). The opponent of the certification motion would simply say that an appeal would not advance the termination of the litigation because the district court got it right, and that would be the end of that.

**Conclusion**

Plaintiffs have proffered no good reason to deny 7-Eleven's motion. 7-Eleven respectfully requests that the Court certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated:  January 19, 2024                           ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ James F. Speyer
James F. Speyer
Attorneys for Defendant
7-ELEVEN, INC.

- 3 -
REPLY IN SUPPORT OF DEF. 7-ELEVEN, INC.'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. §1292(B)