UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO TORRES, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> BOTANIC TONICS, LLC, et al., <br><br>      Defendants. | Case No. 23-cv-01460-VC <br><br> **ORDER DENYING MOTION TO REASSIGN CASE** <br> Re: Dkt. No. 84 |

      The Motion to Reassign the Case to Judge Hixon is denied. As the defendants acknowledge, even if the plaintiffs are not entitled to adjudication by an Article III judge, the Court can retain the case for good cause. *See* Dkt. No. 84 at 4. And there is good cause to deny the transfer request. First, this Court has already decided a motion to dismiss and set a case schedule. The defendants argue that this is irrelevant to judicial efficiency, because the motion to dismiss was on a "pure legal issue" that's "unique to 7-Eleven in the context of this case." *Id.* at 5. But in the almost six months that the Court has had the case, it has become familiar with the parties and the pleadings, as well as some of the legal issues. Moreover, it certified the motion to dismiss order for appeal. It would be judicially inefficient to reassign the case at this point. Second, the circumstances of the final two defendants' consent, and the circumstances of the plaintiffs' revocation of their consent, suggest that the Court's procedures for obtaining consent to magistrate jurisdiction are being manipulated. The two defendants whose lack of consent caused the case to be reassigned to a district judge waited four months before filing their consent. There is nothing inherently wrong with that. But the consents were filed on the docket promptly after the defendants learned that the Court would be denying 7-Eleven's motion to dismiss. Moreover, at the Case Management Conference earlier on the same day, the defendants orally

indicated their consent, and the plaintiffs orally revoked their consent. Although the Court would have denied the motion to reassign the case in any event, these circumstances further counsel in favor of denial.

This ruling also applies to the other action in this consolidated case, *C.C. v. Botanic Tonics, LLC.*, No. 23-cv-04136-VC.

**IT IS SO ORDERED.**

Dated: February 5, 2024

VINCE CHHABRIA
United States District Judge