**ARENTFOX SCHIFF LLP**
John S. Purcell (SBN 158969)
Douglas E. Hewlett, Jr. (SBN 293438)
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone:   213.629.7400
Facsimile:   213.629.7401
Email:       john.purcell@afslaw.com
             douglas.hewlett@afslaw.com

Attorneys for Defendants
BOTANIC TONICS, LLC and HYDRA623 HOLDINGS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE BOTANIC TONICS LITIGATION | Master File No. 3:23-cv-01460-VC |
|---|---|
| | **JOINT CASE MANAGEMENT STATEMENT** |
| | Judge: Hon. Vince Chhabria<br>Location: Courtroom 4, 17th Floor<br>Date: October 25, 2024<br>Time: 2:00 p.m. |
| | Complaint Filed: March 28, 2023 |

Pursuant to Local Rules 16-9 and 16-10, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management, Plaintiffs Romulo Torres and Sam Rosenfield, on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendants Botanic Tonics, LLC ("Botanic Tonics") and Hydra623 Holdings, LLC (Botanic Tonics and Hydra 623 Holdings, LLC together as "Botanic Tonics"), hereby submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conference scheduled for October 25, 2023, at 2:00 p.m. at the Phillip Burton Federal Building, 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, California.

1. **JURISDICTION & SERVICE**

    **Plaintiffs' Statement**

    Plaintiff Romulo Torres filed this putative class action on March 28, 2023, alleging violations of the Business & Professions Code sections 17200, *et seq.*; California False Advertising Law, Business & Professions Code sections 17500, *et seq.*; common law fraud; breach of implied warranty of merchantability; and for unjust enrichment. On May 2, 2023, Plaintiff filed a First Amended Complaint ("FAC") to add nationwide claims against Defendants. On July 28, 2023, Plaintiffs filed a Second Amended Complaint ("SAC") to add Named Plaintiff Sam Rosenfield and Defendants Hydra623 Holdings, LLC and Nowhere Partners, LLC.

    On December 22, 2023, Plaintiffs in this matter and *C.C. v. Botanic Tonics*, N.D. Cal. Case No. 3:23-cv-04136-TSH moved to consolidate their matters for all purposes. These matters were consolidated on January 30, 2024 and Plaintiffs filed a consolidated class action complaint on February 23, 2024.

    The parties agree that this Court has diversity jurisdiction over all of Plaintiffs' claims pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). This action is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). The complaint is brought as a "Class Action" and Plaintiffs bring claims "individually and on behalf of the proposed classes."

There is minimal diversity as Defendant Botanic Tonics is a Delaware corporation with its principal place of business in California, and Plaintiffs are residents of California and the proposed class includes nationwide purchasers of Botanic Tonic's Feel Free Wellness Tonic ("Feel Free").

Plaintiffs contend the amount in controversy exceeds $5 million, thus satisfying 28 U.S.C. § 1332(d)(2). Plaintiffs believe there to be more than 5,000 members of the proposed class and allege that they and the proposed class have been fraudulently misled and intentionally misrepresented to in the course of the advertising and sale of Feel Free.

No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

**The BT Defendants' Statement**

The BT Defendants have answered the consolidated class action complaint in this case (Dkt. No. 105) and therein reserve their right to object to venue and jurisdiction in this case, but currently do not assert any such objection.

2. **PRELIMINARY STATEMENT**

A. **Plaintiffs' Statement**

The Parties reached a tentative settlement to resolve the consolidated actions on August 13, 2024. Plaintiffs' putative class action brought under Fed. R. Civ. Proc. Rule 23 seeks to represent all persons nationwide who purchased the product "Feel Free" anytime from March 28, 2019 to the present with the following subclasses:

> All persons in California who purchased the product "Feel Free" anytime from March 28, 2019 to the present (the California subclass).
>
> All persons in New Jersey who purchased the product "Feel Free" anytime from March 28, 2019 to the present (the New Jersey subclass).
>
> All persons in New York who purchased the product "Feel Free" anytime from March 28, 2019 to the present (the New York subclass).

Plaintiffs contend that Botanic Tonics falsely advertised and misrepresented the character of the product "Feel Free" and failed to warn about its dangerous side effects. More specifically, Plaintiffs contend Botanic Tonics engaged in a campaign of misleading advertising that represented Feel Free as safe, sober, healthy, and non-addicting "wellness tonic" when, in reality

it contained multiple psychoactive substances, including kratom –which has been characterized by the FDA as an opioid. While Botanic Tonics listed kratom as an ingredient, it never disclosed that its product—a blend of kava and kratom—had the potential for dangerous side effects, including addiction, organ failure, and death. For example, Botanic Tonics stated in marketing materials that Feel Free was not addicting and no more habit forming than sugar or caffeine, going so far as to expressly say on its website: "You don't have to worry about side effects." In reality, Plaintiffs allege Feel Free caused severe physiological dependence, i.e. addiction, in multitudes of customers, which in turn led to increased consumption and severe personal injuries.

### B. Botanic Tonics' Statement

Botanic Tonics manufactures and markets Feel Free CLASSIC Wellness Tonic ("Feel Free"), which is a plant-based drink "made with kava and other ancient plants known to help with relaxation, productivity and focus." Feel Free is alcohol- and caffeine-free and marketed as such.

Botanic Tonics disputes the allegations that its marketing of Feel Free is or has ever been false or misleading, or that any of its marketing statements regarding Feel Free are or were deceptive in any way. Botanic Tonics has never concealed, omitted, or otherwise misrepresented the fact that Feel Free contains kratom.

Botanic Tonics otherwise agrees with Plaintiffs' above assertion that they and Botanic Tonics have entered into a tentative settlement agreement. Botanic Tonics anticipates the parties will submit to the Court a joint motion for preliminary approval of class certification and class action settlement, within the month following this Case Management Conference.

### 3. LEGAL ISSUES

### A. Plaintiffs' Statement

Plaintiffs' consolidated complaint alleges that Defendants' actions constituted violations of the Business & Professions Code sections 17200, *et seq.*; California False Advertising Law, Business & Professions Code sections 17500, *et seq.*; common law fraud; breach of implied warranty of merchantability; unjust enrichment; violation of the California Consumers Legal

Remedies Act; New Jersey Consumer Fraud Act; and violations of New York General Business Law sections 349 and 350.

There are currently a number of state court personal injury actions proceeding against Defendants under strict product liability and negligence theories. On January 5, 2024, the Judicial Council of California granted Plaintiff's Petition for Coordination of 14 personal injury cases against Defendants pending in California state courts, including the related personal injury case *Torres v. Botanic Tonics, LLC, et al.*, No. 23cv031152. Since, an additional 5 individual cases have been coordinated under JCCP 5313. The Parties have reached a global settlement of these coordinated cases and all anticipated but unfiled individual cases represented by Plaintiffs' Counsel.

### B. Botanic Tonics' Statement

Botanic Tonics concurs in Plaintiff's statement of the current legal issues in this case, and adds that the legal issues concerning class certification and approval of class action settlements are the primary remaining issues in this case, which issues the parties will brief to the Court in forthcoming motions.

### 4. MOTIONS

### A. Joint Statement

The parties anticipate filing their joint motion for preliminary approval of class action settlement within 30 days of the Case Management Conference to be held on October 25, 2024.

### 5. AMENDMENT OF PLEADINGS

No amendment of pleadings.

### 6. EVIDENCE PRESERVATION

The parties confirm that their respective counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have met and conferred regarding reasonable and proportionate steps to preserve evidence and have agreed to preserve evidence relevant to the issues.

7. **DISCLOSURES**

All parties provided initial disclosures.

8. **DISCOVERY**

   A. **Depositions**

   Not applicable at this time.

   B. **Discovery Plan**

   1. **Plaintiffs' Statement**

   No more discovery is needed as the parties reached a settlement. Plaintiffs served their initial round of requests for production of documents on Botanic Tonics on June 7, 2023. After several months of meeting and conferring, Botanic Tonics produced an initial set of some documents on December 4, 2023, and produced additional documents on a rolling basis before the mediation on April 4, 2024.

   2. **Botanic Tonics' Statement**

   Botanic Tonics concurs that no further discovery is needed as the parties have reached a settlement. Botanic Tonics will cooperate to exchange the information necessary for the parties and class settlement administrator to effectively complete the class certification, claims submission, claims administration, and claims payment processes.

   C. **Electronically Stored Information**

   The parties have agreed to use the Northern District of California's ESI protocol. The parties do not currently anticipate any issues relating to the disclosure or discovery of electronically stored information. The parties agree to address any such issues in the event they arise.

   D. **Protective Order**

   On September 20, 2023 the Court rejected the Parties' proposed stipulated protective order because it did not comply with the Northern District of California model.

   E. **Other Orders**

   Not applicable at this time.

**F. Anticipated Discovery Disputes**

Not applicable at this time.

## 9. CLASS ACTION

Plaintiffs seek conditional certification of a nationwide class for the limited purpose of Settlement. The class and subclasses sought to be represented are defined as follows:

All persons nationwide who purchased the product "Feel Free" anytime from March 28, 2019 to the present.

**California Subclass**: All persons in California who purchased the product "Feel Free" anytime from March 28, 2019, to the present.

**New Jersey Subclass:** All persons in New Jersey who purchased the product "Feel Free" anytime from March 28, 2019, to the present.

**New York Subclass:** All persons in New York who purchased the product "Feel Free" anytime from March 28, 2019, to the present.

Plaintiffs will seek certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

The parties anticipate filing a joint motion for preliminary class certification and approval of class action settlement within the 30 days following this Case Management Conference.

## 10. RELATED CASES

The following cases currently pending in this and other jurisdictions are related to the instant case pursuant to Civil Local Rule 3-12. As discussed above, the Judicial Council has coordinated the following cases under JCCP 5313:

A. *Torres v. Botanic Tonics, LLC, et al.*, No. 23cv031152 – Filed April 13, 2023, in the Superior Court of California, County of Alameda (Product Liability)

B. *United States of America v. 250,000 Filled Bottles of Liquid Product Et Al,* No. 4:23cv168 – Filed April 26, 2023, in the United States District Court for the Northern District of Oklahoma (Forfeiture *In Rem*)

C. *C.C. v. Botanic Tonics, LLC*, No. 3:23cv04136 – Filed May 15, 2023, in the United States District Court for the Central District of California, transferred to the United States District Court for the Northern District of California on August 14, 2023 (Fraud)

D. *Tatham v. Botanic Tonics, LLC, et al.*, No. 23SMCV02585 – Filed June 9, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

E. *Miller, Jon v. Botanic Tonics, LLC, et al.*, No. 23SMCV03251 – Filed July 14, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

F. *Chavez v. Botanic Tonics, LLC, et al.*, No. 23CV001168 – Filed September 14, 2023, in the Superior Court of California, County of Napa (Product Liability)

G. *Miller, Dustin v. Botanic Tonics, LLC, et al.*, No. 23SMCV04360 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

H. *Rosenfield v. Botanic Tonics, LLC, et al.*, No. 23SMCV04350 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

I. *Correa Jr. v. Botanic Tonics, LLC, et al.*, No. 23SMCV04346 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

J. *Moynihan v. Botanic Tonics, LLC, et al.*, No. 23CIV04394 – Filed September 15, 2023, in the Superior Court of California, County of San Mateo (Product Liability)

K. *Cseri v. Botanic Tonics, LLC, et al.*, No. 23SMCV04347 – Filed September 15, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

L. *De La Vega v. Botanic Tonics, LLC, et al.*, No. 37-2023-00046119-CU-PL-CTL – Filed October 23, 2023, in the Superior Court of California, County of San Diego (Product Liability)

M. *Oxley v. Botanic Tonics, LLC, et al.*, No. 23CV424990 – Filed October 23, 2023, in the Superior Court of California, County of Santa Clara (Product Liability)

N. *Miller, Dylan v. Botanic Tonics, LLC, et al.*, No. 23SMCV05007 – Filed October 23, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

O. *Norfleet v. Botanic Tonics, LLC, et al.*, No. 23SMCV05008 – Filed October 23, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

P. *Todd v. Botanic Tonics, LLC, et al.*, No. 23SMCV05006 – Filed October 23, 2023, in the Superior Court of California, County of Los Angeles (Product Liability)

## 11. RELIEF

### A. Plaintiffs' Statement

Plaintiffs seek restitution and injunctive relief, as well as attorneys' fees and interest.

### B. Botanic Tonics' Statement

Botanic Tonics denies that Plaintiffs are entitled to any relief, but in the interests of avoiding the risks attendant with class action litigation have entered into a tentative class action settlement agreement with Plaintiffs.

## 12. SETTLEMENT AND ADR

The Parties engaged in mediation on April 4, 2024 with Judge Patrick Walsh of Signature Resolution and reached a settlement thereafter.

## 13. OTHER REFERENCES

Not applicable at this time.

## 14. NARROWING OF ISSUES

The parties have entered into a tentative settlement agreement thus effectively narrowing all issues to those concerning class settlement and class certification for purposes of class settlement. In addition, the parties anticipate Defendants 7-Eleven, Inc. and Nowhere Partners, LLC will be dismissed from the case, and that any cross-claims filed in the case will concurrently be dismissed.

## 15. EXPEDITED TRIAL PROCEDURE

Not applicable at this time.

### 16. SCHEDULING

#### A. Joint Statement

The parties propose filing their motion for preliminary approval by December 1, 2024, and request that the Court set the motion for hearing on its next available date.

### 17. TRIAL

Not applicable at this time.

### 18. DISCLOSURE OF A NON-PARTY INTERESTED ENTITIES OR PERSONS

#### A. Botanic Tonics' Statement

Pursuant to Civil Local Rule 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities, other than the named parties in this action, (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: JW Ross; and Anthos Capital V. L.P.

### 19. PROFESSIONAL CONDUCT

The parties certify that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 20. OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The parties intend to stipulate to electronic service of all documents, including discovery materials and correspondence, which are not filed with the Court.

October 18, 2024

Respectfully submitted,
**ARNS DAVIS LAW**

   /s/ *Shounak S. Dharap*
SHOUNAK S. DHARAP
Attorneys for Plaintiffs

October 18, 2024                **ARENTFOX SCHIFF LLP**

*/s/ Douglas E. Hewlett, Jr.*
JOHN S. PURCELL
DOUGLAS E. HEWLETT, JR.
Attorneys for Defendant Botanic Tonics, LLC