Robert S. Arns, State Bar No. 65071 (rsa@arnslaw.com)
Jonathan E. Davis, State Bar No. 191346 (jed@arnslaw.com)
Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
Katherine A. Rabago, State Bar No. 333374 (kar@arnslaw.com)
**ARNS DAVIS LAW**
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

Anthony L. Label, State Bar No. 205920 (al.team@veenfirm.com)
Theo Emison, State Bar No. 209183 (t.emison@veenfirm.com)
Steven A. Kronenberg, State Bar No. 215541 (al.team@veenfirm.com)
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

*Additional Attorneys on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BOTANIC TONICS LITIGATION<br><br>This Document Relates to All Actions | Master No.: 3:23-cv-01460-VC<br><br>**REQUEST FOR DISMISSAL OF DEFENDANT 7-ELEVEN, INC., DEFENDANT NOWHERE PARTNERS, LLC, AND CROSSCLAIMANT NOWHERE PARTNERS, LLC'S CROSSCLAIM [DKT NO. 61], PURSUANT TO FED. R. CIV. P. 41(a)(2), (c)**<br><br>**Assigned for all Purposes to**: Hon. Vince Chhabria<br><br>**Complaint Filed**: March 28, 2023 |

Pursuant to Federal Rule of Civil Procedure 41(a)(2) Plaintiffs ROMULO TORRES, SAM ROSENFELD, PAUL TIETLER, and C.C. request this Court to dismiss all their claims brought against Defendants 7-ELEVEN, INC. and NOWHERE PARTNERS, LLC. Pursuant to Federal Rule of Civil Procedure 41(c) Cross-Claimant NOWHERE PARTNERS, LLC requests dismissal of its crossclaim against Defendant BOTANIC TONICS, LLC (Dkt. 61).

## I. PLAINTIFFS' REQUEST FOR DISMISSAL OF DEFENDANTS 7-ELEVEN, INC. AND NOWHERE PARTNERS, LLC

Rule 23(e) of the Federal Rules of Civil Procedure requires Court review and approval of any dismissal, settlement, or other compromise of a certified class's claims. Fed. R. Civ. Proc. 23(e). The Ninth Circuit has held that Rule 23(e) also applies to pre-certification settlements, but without "the kind of substantive oversight required when reviewing a settlement binding upon the class." *Diaz v. Trust Territory of Pac. Islands* (9th Cir. 1989) 876 F.2d 1401, 1408. In fact, as *Diaz* held, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.* Here, *Diaz* is satisfied because as a result of the proposed class action settlement with Defendants Botanic Tonics, LLC and Hydra 623, the class *will* receive notice (assuming the Court approves the class settlement).

Moreover, even if class notice were not contemplated by the proposed settlement, the dismissal of 7-Eleven, Inc. and Nowhere Partners, LLC would satisfy *Diaz*. *Diaz* requires the Court to "inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz,* 876 F.2d at 1408.

Here, all three *Diaz* factors weigh in favor of dismissal. *First*, any putative class members who have relied on the filing of this action will not be prejudiced by this dismissal because the dismissal of Defendants 7-Eleven and Nowhere Partners is requested without prejudice, which allows putative members to pursue their own claims. *Second*, given that the filing of a class action complaint tolls the running of the applicable statute of limitations for all proposed members of

the putative class as to all asserted claims (*see American Pipe and Construction Co. v. Utah,* 414 U.S. 538 (1974)), there is no appreciable danger that putative class members will lack adequate time to file other actions if they so choose. *Third*, in seeking dismissal of the claims against 7-Eleven and Nowhere Partners, neither the proposed class representative or proposed class counsel have compromised any class interests to further their own interests. To the contrary, putative class members' rights will be vindicated by the proposed class settlement with Defendants Botanic Tonics and Hydra625 Holdings, if approved by this Court. This proposed settlement furthers the interest of putative class members by remedying the alleged common injury suffered among the putative class and Class Representatives via reimbursement to putative class members for their purchases of Feel Free. Furthermore, the parties will request preliminary and final approval of the proposed settlement, which requires a showing of fairness, reasonableness, and adequacy. Finally, neither class counsel nor any class representative has received or will receive any consideration from 7-Eleven, Inc. or Nowhere Partners, LLC.

Therefore, Plaintiffs' request for dismissal of their claims against Defendants 7-Eleven, Inc. and Nowhere Partners is appropriate because the *Diaz* factors and Rule 23(e) are satisfied.

## II. REQUEST FOR DISMISSAL OF CROSSCLAIMANT NOWHERE PARTNERS, LLC'S CROSSCLAIM AGAINST BOTANIC TONICS

All factors for Dismissal set forth above are satisfied here as this CrossClaim did not affect and would not benefit any putative class members as the CrossClaim is limited to express and implied indemnification between Nowhere Partners and Botanic Tonics. It would not have affected any potential recovery to the class.

No class members would have relied on or benefitted from this CrossClaim. Any potential resolution of this CrossClaim would not have benefitted any class member nor affected any recovery of the class. Therefore, CrossClaimant's request for dismissal of its CrossClaim against Botanic Tonics is appropriate because all applicable factors are satisfied.

///

ARNS DAVIS LAW FIRM

Dated: November 1, 2024          By: /s/ Katherine A. Rabago
                                     SHOUNAK. S. DHARAP
                                     KATHERINE A. RABAGO
                                     Attorneys for Plaintiffs

ARENTFOX SCHIFF LLP

Dated: November 1, 2024          By: /s/ John S. Purcell
                                     JOHN S. PURCELL
                                     DOUGLAS E. HEWLETT, JR.
                                     Attorneys for Botanic Tonics, LLC &
                                     Hydra623 Holdings, LLC

ARNOLD & PORTER KAYE SCHOLER LLP

Dated: November 1, 2024          By /s/ James F. Speyer
                                     JAMES F. SPEYER
                                     Attorneys for Defendant 7-Eleven, Inc.

LYNBERG & WATKINS

Dated: November 1, 2024          By: /s/ Ruth M. Segal
                                     LANE E. WEBB
                                     RUTH M. SEGAL
                                     Attorneys for Nowhere Partners, LLC

SMITH KRIVOSHEY, PC

Dated: November 1, 2024          By: /s/ Joel D. Smith
                                     JOEL D. SMITH
                                     Attorneys for Plaintiffs Paul Teitler and
                                     Consol Plaintiff, C.C.

1  I, Katherine A. Rabago, attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in
2  the filing of this document has been obtained from the other signatories to this document.

4                                              ARNS DAVIS LAW FIRM

6  Dated: October 18, 2024                    By:____/s/ *Katherine Rabago*_____
7                                                   KATHERINE A. RABAGO
                                                    Attorneys for Plaintiffs

**[~~PROPOSED~~] ORDER**

The Parties hereto having so stipulated and good cause appearing, therefore, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' claims against Defendant 7-ELEVEN, INC. are dismissed without prejudice, with each side to bear its own costs and fees.
2. Plaintiffs' claims against Defendant NOWHERE PARTNERS, LLC are dismissed without prejudice, with each side to bear its own costs and fees.
3. Cross-Claimant NOWHERE PARTNERS, LLC's Crossclaim against Cross-Defendant BOTANIC TONICS, LLC [Dkt. No. 61] is dismissed without prejudice, with each side to bear its own costs and fees.

IT IS SO ORDERED

Dated: November 4, 2024

Hon. Vince Chhabria
United States District Judge