# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("*Settlement Agreement*") is entered into by and between Plaintiffs Romulo Torres, Sam Rosenfeld, Paul Teitler, and Christopher Corday, individually ("*Torres*," "*Rosenfeld*," "*Teitler*," and "*Corday*") and Plaintiffs Torres, Rosenfeld, Teitler, and Corday, in a representative capacity on behalf of all others similarly situated (collectively, "*Plaintiffs*"), on the one hand; and Defendants Botanic Tonics, LLC and Hydra623 Holdings, LLC (the "*BT Defendants*" or the "*Botanic Tonics Defendants*"), on the other hand, and collectively (both the "*Plaintiffs*" and the "*BT Defendants*") referred to as the "*Parties*".

## RECITALS

**A.**     On March 28, 2023, Torres filed a Complaint in the U.S. District Court for the Northern District of California ("*Court*") that asserted claims for alleged violations of the California Business Professional Code, §17200, *et. seq.* ("*Cal. Bus. & Prof. Code*"), violations of the Cal. Bus. & Prof. Code, §17500, *et. Seq.*, common law fraud, breach of implied warranty of merchantability, and unjust enrichment, and sought statutory damages and restitution. The case was styled *Torres et al., v. Botanic Tonics, LLC*, N.D. Cal. Case No. 3:23-cv-01460-VC (the *Torres* action).

**B.**     On August 15, 2023, Corday filed a Complaint in the U.S. District Court for the Central District of California that asserted claims for alleged violations of the Cal. Bus. & Prof. Code, §17200, *et. seq.* and seeks statutory damages and restitution. The case was styled *C.C. v. Botanic Tonics*, C.D. Cal. Case 2:23-cv-03687-HDV-AFM (the "*C.C. action*"). The *C.C.* action was subsequently transferred to the Northern District of California and assigned Civil Action No. 3:23-cv-04136-TSH.

**C.**     On January 30, 2024, the Court ordered the consolidation of the *Torres* and *C.C.* actions under the master case title *In re Botanic Tonics Litigation*, N.D. Cal. Case No. 3:23-cv-01360-VC (the "*Action*").

**D.**     On February 13, 2024, Plaintiffs filed a Consolidated Class Action Complaint for Damages ("*Consolidated Complaint*") that asserted their collective claims for alleged violations of the Cal. Bus. & Prof. Code, common law fraud, breach of implied warranty of merchantability, unjust enrichment, violations of the New Jersey Consumer Fraud Act, and violations of the New York GBL, and sought statutory damages and restitution.

**E.**     On February 27, 2024, BT Defendants answered the Consolidated Complaint. In their Answer, BT Defendants denied the Consolidated Complaint's allegations, denied that Plaintiffs and the putative class members have been damaged in any sum whatsoever, denied that Plaintiffs and the putative class members are entitled to the relief requested or any other relief, and asserted several affirmative defenses.

**F.**     On April 4, 2024, the Parties participated in a full day mediation session in Los Angeles, California before Hon. Patrick J. Walsh (Ret.) at Signature Resolution. The Parties were not able to reach a settlement. Over the following several weeks, the Parties continued to negotiate through Judge Walsh in video and telephonic mediation sessions, and by email, in an attempt to resolve the class actions.

**G.**     On April 19, 2024, the Court granted the Parties' stipulated request to continue the hearing on Plaintiffs' Motion for Class Certification, which had been scheduled for September 12, 2024, to December 12, 2024, as well as concomitant briefing deadlines, in order to continue settlement discussions.

**H.**     On July 1, 2024, after nearly two months of continuous negotiation, the Parties reached a settlement in principle to resolve the claims set forth in the Consolidated Complaint.

**I.**     The Parties have engaged in preliminary motion practice, discovery, independent investigation by Class Counsel, and the informal exchange of information through mediation.

**J.**     Plaintiffs and Class Counsel believe that the claims asserted in the Consolidated Complaint have merit. BT Defendants have denied and continue to deny any and all allegations of wrongdoing in the Consolidated Complaint or asserted in the Action, and BT Defendants assert that Plaintiffs' claims are without merit and otherwise that Plaintiffs cannot prove their case because of the absence of evidence.

**K.**     Based upon the facts of this case, the Parties have concluded that continued litigation could be protracted and expensive and that it is desirable that the claims set forth in the Consolidated Complaint be fully and finally settled between Plaintiffs and BT Defendants in the manner and upon the terms and conditions set forth in this Settlement Agreement in order to limit further expense, inconvenience, and uncertainty that the Parties face. The Parties also have considered the uncertainties in this Action, weighing the benefits to be obtained under the proposed Settlement Agreement compared to the costs, risks, and delays associated with the continued prosecution of this complex and time-consuming litigation, including the possibility of government intervention or financial insolvency of one or more Defendants that would result in limited to no recovery for Class Members.

**L.**     It is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and to settle and dispose of fully, completely and forever any and all claims and causes of action in the Action.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the covenants and agreements set forth herein, Plaintiffs, the Class, and BT Defendants agree to settle the claims set forth in the Consolidated Complaint, subject to Court approval, under the following terms and conditions.

1.    **DEFINITIONS.**  In addition to the definitions included in the Recitals above, and in later sections of the Settlement Agreement, the following shall be defined terms for purposes of this Settlement Agreement and for pleadings that incorporate by reference this Settlement Agreement.  Some of the definitions in this section use terms that are defined above and later in the Settlement Agreement.  All defined terms are capitalized and listed in alphabetical order:

  **1.1**  As used herein, the term "***Action***" means the Consolidated Complaint filed by Plaintiffs in the United States District Court for the Northern District of California, Case No. 3:23-cv-01460-VC, naming both Botanic Tonics, LLC and Hydra623 Holdings, LCC as defendants; and, includes both the *Torres* and *C.C.* actions.

  **1.2**  As used herein, the term "***Authorized Claimant***" means any Class Member who timely submits a valid and complete Claim Form and does not validly and timely request exclusion from the Settlement.

  **1.3**  As used herein, the term "***Claim***" means a request made by a Class Member in order to receive a Settlement Payment pursuant to the procedures stated below in Section 2.1.

  **1.4**  As used herein, the term "***Claim Form***" means the form a Class Member must validly complete and timely submit to receive a Settlement Payment under this Settlement Agreement.

  **1.5**  As used herein, the term "***Claimant***" means any Class Member who submits a Claim Form under this Agreement.

  **1.6**  As used herein, the term "***Claims Administrator***" means a third-party engaged by the Parties to administer the Notice, Claims, and a Settlement Payment distribution process provided for in the Settlement Agreement. The Claims Administrator will be responsible for all matters relating to Claims administration consistent with the terms of this Settlement Agreement. The Claims Administrator will provide periodic updates on the Claims status to counsel for all Parties. The Claims Administrator will maintain records of the amounts spent on the administration of the Settlement Agreement and will provide such information to all parties on a periodic basis.

  **1.7**  As used herein, the terms "***Class***" and "***Class Members***" mean all persons in the United States who purchased the product "Feel Free" anytime from March 28, 2019, through and including the date of preliminary approval of the Settlement by the Court ("***Class Period***"). Any judicial officer to whom the Action is assigned is excluded from the Class.

  **1.8**  As used herein, the term "***Defendants***" mean both Defendant Botanic Tonics, LLC. and Defendant Hydra623 Holdings, LLC (the "***BT Defendants***" or the "***Botanic Tonics Defendants***").

  **1.9**  As used herein, the terms "***Defendant's Counsel***" and "***BT's Counsel***" refers to the law firm of ArentFox Schiff LLP, acting as counsel for BT Defendants.

Doc ID: c3a3a2d01fea75e917115ad8e5a423a49d390445

**1.10**    As used herein, the term "***Email Notice***" means the legal notice summarizing the proposed Settlement Agreement terms, as approved by Plaintiffs' Counsel, BT's Counsel, and the Court, to be provided to Class Members under Section 3.3(b) of this Settlement Agreement via electronic mail.

**1.11**    As used herein, the term "***Fairness Hearing***" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of this Action, as contained in this Settlement Agreement, should be approved as fair, reasonable, and adequate, and whether the Final Order approving the Settlement contained in this Settlement Agreement should be entered.

**1.12**    As used herein, "***Feel Free***" shall refer only to the liquid product, i.e. tonic, containing kratom and shall not include Feel Free capsules or any other Feel Free tonic not containing kratom. Feel Free includes both the Botanic Tonics kratom products known as "Feel Free tonic" and "Feel Free Classic tonic."

**1.13**    As used herein, the terms "***Final Order***" or "***Order Granting Final Approval of Class Settlement and Entering Judgment***" mean the Court order granting final approval of the Settlement of this Action following the Fairness Hearing. The Final Order will have the effect of a judgment under Fed. R. Civ. P. 54.

**1.14**    As used herein, the term "***Final Settlement Date***" means two Court days after the Final Judgment becomes "final." For the purposes of this paragraph, "**final**" means after (a) thirty-one (31) calendar days after the entry of the Final Order, if no timely motions for reconsideration, appeal, or other effort to obtain review have been filed; or (b) in the event that a motion for reconsideration, appeal, or other effort to obtain review has been initiated, the date after any and all such motions, appeals or other efforts to obtain review have been finally concluded in favor of the Final Order, any mandates have issued and jurisdiction has been returned to the Court, and the Final Order is no longer subject to review, whether by motions, appeal, petitions for rehearing, petitions for rehearing *en banc*, petitions for certiorari, or otherwise.

**1.15**    As used herein, the term "***Full Notice***" means the full legal notice of the proposed Settlement terms, as approved by Plaintiff's Counsel, BT's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement.

**1.16**    As used herein, the term "***Named Plaintiffs***" means Plaintiffs Romulo Torres, Sam Rosenfeld, Paul Teitler, and Christopher Corday in their individual capacities only.

**1.17**    As used herein, the terms "***Plaintiff's Counsel***" and "***Class Counsel***" mean the law firms of Arns Davis Law, Bursor & Fisher, PA, Smith Krivoshey PC, Mazie Slater Katz & Freeman, LLC, and The Veen Firm, LLP.

**1.18**    As used herein, the terms "***Preliminary Approval of Class Settlement Order***" or "***Order Granting Preliminary Approval of Class Settlement***" mean the order provisionally certifying the Class for settlement purposes only, approving and directing the provision of Notice to the Class Members, and setting the Fairness Hearing.

**1.19**    As used herein, the term "***Publication Notice***" means a legal notice directing Class Members to the Settlement Website, as approved by Plaintiff's Counsel, BT's Counsel, and the Court, to be made available to Class Members under Section 3.3 of this Settlement Agreement via the Internet.

**1.20**    As used herein, the term "***Response Deadline***" means the deadline by which Class Members must deliver a valid and complete Claim Forms, request exclusion from the Class, and/or make an objection(s) under this Settlement Agreement.  The Response Deadline shall be ninety (90) calendar days after entry of the Preliminary Approval of Class Settlement Order.

**1.21**    As used herein, the term "***Settlement***" means the Settlement of this Action effectuated by this Settlement Agreement.

**1.22**    As used herein, the term "***Settlement Payment***" means a one-time payment made payable to the Authorized Claimant from the $8,750,000.00 Common Fund.  No interest shall be paid on the Settlement Payment to the Defendant. The terms and conditions of the Settlement Payment are described more fully in Section 2.1(a) of this Settlement Agreement.

**1.23**    As used herein, the term "***Settlement Website***" means the website that will be created for settlement administration purposes and administered by the Claims Administrator.

**1.24**    As used herein, the term "***Released Parties***" is defined to include (1) each of the BT Defendants' present and future, direct and indirect parents, subsidiaries, partners, joint ventures, and affiliates; (ii) the past, direct, and indirect parents, subsidiaries, partners, join ventures, and affiliates of any of the foregoing; (iii) past, present, and future officers, directors, employees, representatives, agents, members, principals, attorneys, and shareholders of any of the foregoing; (iv) the predecessors, successors, and assigns of any of the foregoing; and (v) entities who reproduced or published marketing or advertising statements created by the Botanic Tonics Defendants about Feel Free.

**1.25**    As used herein, "***Released Claims***" are defined as all claims that have or could have been asserted in the Actions, whether known or unknown, against the Released Parties relating to violations of violations of the Cal. Bus. & Prof. Code §§ 17200, *et seq.*; violations of the Cal. Bus. & Prof. Code §§ 17500, *et seq.*; common law fraud; breach of implied warranty of merchantability; unjust enrichment; violations of Cal. Civ. Code § 1750, *et seq.*; violations of the New Jersey Consumer Fraud Act; violations of the New York GBL §§ 349 or 350; or any federal, state, or administrative rules applicable to the sale of Feel Free. This release shall

include all claims based on an identical factual predicate as that underlying the allegations and claims asserted in the Action other than claims for personal injury, which are specifically excluded from this release.

## 2.    SETTLEMENT TERMS.

**2.1    Award to the Settlement Class.**  Each Authorized Claimant is entitled to a Settlement Payment.  To be entitled to receive a Settlement Payment, a Class Member must timely submit a valid and complete Claim Form.  The manner for submitting a timely, valid, and complete Claim Form is specified below in Section 3.6. A Class Member who submits an untimely, incomplete or invalid Claim Form is not entitled to receive a Settlement Payment.

(a) **Monetary Relief.** The Settlement will provide monetary relief in the form of a Common Fund in the amount of $8,750,000.00. BT Defendants shall pay the amount of $8,750,000.00 less Attorneys' Fees and Costs into the Common Fund within thirty (30) days of the Final Order. BT Defendants shall contemporaneously pay the court-approved Attorneys' Fees and Costs directly to Class Counsel pursuant to Section 2.4.

(b) **Settlement Payment Terms and Conditions**. A Class Member who timely submits a valid and complete Claim Form and elects to receive a Settlement Payment will be entitled to a *pro rata* share of any amounts paid into the Common Fund on a per-bottle basis, net of any attorneys' fees, costs, expenses, or any other claims or administration expenses associated with administering the Settlement, until the entirety of the Common Fund is exhausted. Class Members will be permitted to submit claims for reimbursement of up to 10 bottles of Feel Free Wellness Tonic purchased within the Class Period without proof of purchase. Class Members will be permitted to submit reimbursement of greater than 10 bottles of Feel Free Wellness Tonic purchased within the Class Period upon submission of proof of purchase for each bottle purchase claimed. Class Members shall have a maximum of 120 days to submit a claim with proof of purchase(s) from the date the first notice is disseminated.

(c) **Timing of Payments into the Common Fund.** Payment shall be paid into the Common Fund when due, even if the Settlement is otherwise on appeal. Should the Settlement be finally reversed on appeal, the Settlement payment made by BT Defendants into the Common Fund shall be returned to BT Defendants within 30 days thereafter. Class Counsel shall be entitled to receive a separate but contemporaneous payment of their Court-approved Attorneys' Fees and Costs up to 1/3 the amount of the total Common Fund from BT Defendants, when BT Defendants make payment into the Common Fund.

(d) **Settlement Payment Dispute Period.** Authorized Claimants who receive a Settlement Payment will have ninety (90) calendar days from the date the Settlement Payment is first issued within which to cash the check. Any Settlement Payment that is not cashed within the ninety (90) calendar day period will expire.

Doc ID: c3a3a2d01fea75e917115ad8e5a423a49d390445

(e) **Timing of Payments to Class Members.** Class Member distributions shall only be paid upon the later of (i) expiration of all time periods for appeal or (ii) the favorable non-appealable resolution of all appeals or challenges to the Settlement. Payments to Class Members shall be made as soon as practicable at the discretion of the Claims Administrator. To the extent any monies remain in the Common Fund after distribution to Class Members (such as from uncashed distribution checks), the remainder shall be distributed to a *cy pres* recipient to be approved by the Court.

**2.2    Service Awards to Named Plaintiffs.** BT Defendants agree not to oppose Named Plaintiffs' application for a service award for Plaintiffs Romulo Torres, Sam Rosenfeld, Paul Teitler, and Christopher Corday in the amount of Five Thousand and 00/100 U.S. Dollars ($5,000) each (collectively the "***Service Awards***"). Plaintiffs may still submit a Claim Form for a Settlement Payment.

**2.3    Attorneys' Fees and Costs.** Class Member Counsel will seek Court approval of an award of attorneys' fees, to be paid out of the Common Fund, in an amount that does not exceed 1/3 of the Settlement (i.e., Two Million Nine Hundred Sixteen Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents ($2,916,666.66)) ("***Attorney's Fees***"). BT Defendants shall have the right to object to the amount of fees sought by Class Member Counsel, but not their entitlement to fees under the Settlement.  In addition, Class Member Counsel shall be entitled to seek all of their reasonable costs and expenses to be paid out of any amounts paid into the Common Fund. The Settlement Administrator will issue to Class Counsel a Form 1099 with respect to their awarded fees and costs. All reasonable costs and expenses shall be paid out first in full before the distribution of any attorneys' fees or any other payments due to the Class Members under this Settlement. BT Defendants shall reserve the right to object to Class Counsel's fee request.

**2.4    Upon Court Approval.** If the Court approves the Settlement of this Action and an award of the Attorney's Fees and Costs to Class Counsel, BT Defendants agree to pay the Attorney's Fees approved by the Court (up to 1/3 of any amounts paid into the Common Fund) separately but contemporaneous to BT Defendants' payment into the Common Fund, subject to the Class Member Counsel providing an undertaking providing for repayment of any such fees, expenses, and costs should the Court's order be reversed on appeal and/or should the Settlement be terminated according to its terms.

**2.5    Settlement Administration Costs.** The costs of claims administration and notice (*e.g.*, Claim Form processing and Settlement Payment distribution) shall count against the total $8,750,000.00 Common Fund. The Parties will mutually agree on a Claims Administrator who can develop an appropriate notice program consistent with providing Notice to the Class in the manner prescribed below in Section 3.3, which satisfies both Due Process and the requirements of Fed. R. Civ. P. 23. At a minimum, the Notice shall provide direct electronic notice to all Class Members for whom BT Defendants possess emails and provide for publication and digital notice. The notice will be provided in English and Spanish as appropriate.

Doc ID: c3a3a2d01fea75e917115ad8e5a423a49d390445

**2.6    Reduction in Plaintiff's Service Award or Class Counsel's Attorneys' Fees or Costs.**  A reduction by the Court or by an appellate court of the Service Awards and/or Attorney's Fees will not affect any of the Parties' other rights and obligations under the Settlement Agreement.

**2.7    No Tax Liability.**  Plaintiffs and Authorized Claimants understand and agree that any and all tax liability, if any, which may be due or become due because of the payment of the settlement amounts, referenced above, is Plaintiffs' and the Class Members' sole responsibility and each will pay such taxes that may be due or become due as a result of such payment to them for payment of any Settlement Payments, Service Awards, or Attorney's Fees under the Settlement. Nothing in this Settlement, or statements made during the negotiation of its terms, shall constitute tax advice by BT Defendants or BT Defendants' Counsel.

**2.8    Nonmonetary Relief.**  BT Defendants agree to the following disclosure of potential side effects of Feel Free on all product labels for Feel Free tonic containing kratom, as well as on social media advertising, including Instagram posts:

> **Warning: This product contains leaf kratom which can become habit-forming and cause serious adverse health effects. Consider avoiding this product if you have a history of substance abuse.**

The Parties shall jointly request the review and express approval by the Court of the above warning label as part of the Court's approval of the class Settlement. The Settlement shall be contingent on obtaining the Court's review and express approval of the warning label (the "*Approved Warning Label*").

## 3.    CLASS CERTIFICATION

**3.1    Certification of Settlement Class.**  For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by BT Defendants, and solely pursuant to the terms of this Settlement Agreement, the Parties consent to, and agree to, the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3).

**3.2    Certification is Conditional.**  This certification is conditional on the Court's approval of this Settlement Agreement.  In the event the Court does not approve all terms of the Settlement Agreement, or if the Settlement Agreement is voluntarily or involuntarily terminated for any reason, then certification of the Settlement Class shall be void and this Settlement Agreement and all orders entered in connection therewith, including, but not limited to, any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Litigation or in any other case or controversy.  And, in such an event, this Settlement Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective

positions as of the date of this Settlement Agreement, and BT Defendants shall not be deemed to have waived any opposition or defenses to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

**3.3    BT Defendants' Reservation of Rights.** BT Defendants contend that this Action could not be certified as a class action under Federal Rule of Civil Procedure 23(b), other than for settlement purposes. Nothing in this Settlement Agreement shall be construed as an admission by BT Defendants that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent BT Defendants from opposing class certification or seeking decertification of the Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason. BT Defendants support certification of the class for settlement purposes only.

**4.    CLASS SETTLEMENT PROCEDURES.**

**4.1    Cooperation to Obtain Court Approval.** The Parties will jointly take reasonable steps necessary to secure the Court's approval of this Settlement Agreement and a Final Order.

**4.2    Preliminary Approval of Settlement.** As soon as practicable after this Settlement Agreement is signed, Plaintiffs must take steps to obtain preliminary approval of the Settlement from the Court. The Motion for Preliminary Approval of the Settlement must request the Court to:

> **(a)**    preliminarily approve this Settlement Agreement;

> **(b)**    certify the Class and appoint Plaintiffs' counsel as Class Counsel for the purposes of settlement;

> **(c)**    preliminarily approve the form, manner, and content of the Email Notice, Publication Notice, and Claim Form described in Sections 3.3 and 3.6 of this Settlement Agreement;

> **(d)**    set the date and time of the Fairness Hearing; and

> **(e)**    find that BT Defendants have complied with 28 U.S.C. § 1715(b).

> **(f)**    Class Counsel must draft the motion for preliminary approval of the Settlement and supporting papers and provide BT Defendants' Counsel with a copy to review at least three (3) court days before filing the motion. BT Defendants shall be permitted, but not required, to file their own brief or statement of non-opposition in support of the Preliminary Approval of Class Settlement Order.

(g)      **Overlapping Cases.** Within one day of filing of the preliminary approval motion, BT Defendants will serve a copy on counsel for any plaintiffs with pending litigation asserting claims on a representative basis that may be released by virtue of the settlement.

**4.3      Class Notice.**  Subject to the Court entering the Preliminary Approval of Class Settlement Order, the Parties agree that BT Defendants and the Claims Administrator will provide the Class with notice of the proposed settlement by the following methods. Each form of notice will include (a) contact information for Class Counsel to answer questions (b) address for a website (to be maintained by the Claims Administrator), (c) instructions on how to access the case docket via PACER or in person at any of the court's locations, (d) the date and time of the final approval hearing, clearly stating that the date may change without further notice to the class, and (e) a note advising class members to check the settlement website or the Court's PACER site to confirm that the date has not been changed.

(h)      **Settlement Website**.  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval of Class Settlement Order, the Claims Administrator will set up a Settlement Website. The Settlement Website will post the Operative Complaint, Settlement Agreement, Preliminary Approval of Class Settlement Order, Full Notice, Claim Form, and within three (3) Court days after it is filed, Class Counsel's fee application.  The Settlement Website will be active until at least sixty (60) days after the Final Settlement Date.  The Settlement Website shall be designed and constructed to accept electronic Claim Form submissions. The Settlement Website will include the key deadlines, the preliminary approved order, motions for preliminary approval, motions for final approval, motions for attorneys' fees, and any other important case documents.

(i)      **Email Notice.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval of Class Settlement Order, BT Defendants will cause an Email Notice to be sent to each Class Member for whom BT Defendants has a valid email address in its customer relationship management database ("*CRM Database*").  The Email Notice will provide the web address of the Settlement Website, including an email and mailing address to contact the Claims Administrator.

(j)      **Publication Notice.** Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval of Class Settlement Order, will cause to be posted an online media notice via an Internet text announcement containing a URL or link to the Settlement Website and appearing through Google Adwords. This notice will also be posted on the "r/quittingFeelFree" subreddit at http://www.reddit.com/r/quittingfeelfree in a manner such that the comments feature is disabled.

**4.4    Class Action Fairness Act Notice.** Within ten (10) calendar days after this Agreement is filed with the Court, BT Defendants shall serve upon relevant government officials notice of the proposed settlement in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715 ("*CAFA Notice*").

**4.5    Proof of Notice.** No later than ten (10) calendar days before the Fairness Hearing, BT Defendants and the Claims Administrator will file with the Court and serve upon Class Counsel a declaration confirming that notice to the Class has been provided in accordance with Section 3.3 and 3.4 of this Settlement Agreement.

**4.6    Claims Procedure.** To be eligible to receive a Settlement Payment, Class Members must submit a valid and complete Claim Form to the Claims Administrator no later than the Response Deadline. The Claim Form may be submitted using the Settlement Website, or by email only. The delivery date is deemed to be the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt. Any Class Member who fails to timely submit a valid and complete Claim Form will not receive any benefits under this Settlement Agreement.

**4.7    Right to Verify.** The Claims Administrator will review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and will reject all Claim Forms that are not complete, valid, accurate, and/or timely. The Claims Administrator will verify the validity and accuracy of submitted Claim Forms using information available in BT Defendants database and other publicly available information.

**4.8    Disputed Claims.** If the Parties dispute a Claim Form's completeness, validity, accuracy, and/or timeliness, the Parties will meet and confer in good faith to resolve the dispute. If the dispute turns on the validity of proof of receipt, Claimants with proof of the purchased product will be entitled to a rebuttable presumption of truthfulness.

**4.9    Objections.** Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver a written objection to the Claims Administrator no later than the Response Deadline. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Claims Administrator. The written objection requirement may be excused by the Court upon a showing of good cause.

**4.10    Opt-Outs and Objections.** Written objections must include: (a) the name and case number of the Action "*In Re Botanic Tonics Litigation*, case no. 3:23-cv-01460-VC"; (b) the full name, address, and mobile telephone number of the person objecting (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; and (d) in clear and concise terms, the objection and legal and factual arguments supporting the objection; (e) facts showing that the person objecting is a Class Member; (f) copies of any papers, briefs, or other documents upon which the objection is based or upon which the objector or his or her counsel

intends to rely; and (g) the identification of the case name, case number, and court for any prior class action lawsuit in which the objector, and the objector's attorney (if applicable), has objected to a proposed class action settlement.

The written objection must be signed and dated and must include the following language immediately above the signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." Any Class Member who submits a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees.

However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on the timely and valid written objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely written objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

**4.11     Exclusion from the Class.**  Class Members may elect to not be part of the Class and not to be bound by this Settlement Agreement or the Settlement.  To make this election to opt-out of the Settlement, Class Members must send a letter or email to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and mobile telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked or sent no later than the Response Deadline.

**(a)     Exclusion List.**  BT Defendants must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class by providing the notice required in Section 3.10 of this Settlement Agreement no later than ten (10) calendar days before the filing date for Plaintiff's Motion in Support of the Final Order.

**5.     FINAL ORDER, JUDGMENT AND RELEASES.**

**5.1     Final Order, Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed Settlement and enter the Final Order, the Final Order

shall include a provision for the Court's retention of jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**5.2    Final Order.**  Before the Fairness Hearing, Plaintiffs must apply for Court approval of a proposed Final Order. Subject to the Court's approval, the Final Order shall, among other things:

> **(a)** finally approve the Settlement Agreement as fair, reasonable and adequate;

> **(b)** find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

> **(c)** issue orders related to the relief provided for in the Settlement Agreement, including distribution of the Settlement Payments, payment of Service Awards, and payment of Class Counsel's Attorneys' Fees.

> **(d)** incorporate the release set forth in the Settlement Agreement;

> **(e)** dismiss BT Defendants and claims against BT Defendants, with prejudice; and

> **(f)** retain jurisdiction over the Action and the Parties relating to the administration, consummation, or enforcement of the Settlement Agreement and the Final Order, and for any other necessary purpose related to the Action.

Class Counsel must also draft the motion for final approval and supporting papers and provide BT Defendants' Counsel with a copy of these papers to review at least three (3) calendar days before the motion for final approval's filing deadline. BT Defendants shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the motion for a Final Order and Judgment.

**5.3    Effect of Agreement if Settlement Is Not Approved.**  This Settlement Agreement was entered into only for the purpose of Settlement.  In the event that the Court conditions its approval of either the Preliminary Approval of Class Settlement Order or the Final Order on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order, or if the Final Settlement Date does not occur for any reason, then this Agreement shall be deemed null and void *ab initio* and the Parties shall be deemed restored to their respective positions *status quo ante*, and as if this Agreement was never executed.  In that event (a) the Preliminary Approval of Class Settlement Order and all of its provisions will be vacated by its own terms; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence

for any purpose in the Action or any other proceeding.  If the Court does not approve the Settlement or enter the Final Order for any reason, or if the Final Settlement Date does not occur for any reason, BT Defendants shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**5.4     Release as to All Class Members.**  Upon entry of the Final Order, the Settlement will release all claims that have or could have been asserted in the Actions, whether known or unknown, against the Released Parties pursuant to Section 1.23, 1.24, and 1.25.

Plaintiffs and each member of the Class who has not timely and validly requested exclusion from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released BT Defendants and the Released Parties. Pursuant to Section 1.24, the Released Claims shall include all claims based on an identical factual predicate as that underlying the allegations and claims asserted in the Action ***other than claims for personal injury, which are specifically excluded from this release.***

**ADDITIONAL PROVISIONS.**

**5.5     <u>Cooperation with Good Faith Settlement Motions</u>:**     The parties agree not to oppose any motion for determination of good faith settlement pursuant to California Code of Civil Procedure §§ 877 or 877.6 filed by any other Party to the Settlement Agreement. Each of the Parties agrees to furnish such medical documents and information necessary for purposes of any good faith settlement motion filed by any of the Parties.

**5.6     No Admission of Liability or Wrongdoing.**  This Settlement Agreement reflects the Parties' compromise and Settlement of disputed claims. Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person, including BT Defendants, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.  BT Defendants have denied and continue to deny each of the claims and contentions alleged by Plaintiffs in the Action. BT Defendants have repeatedly asserted and continue to assert defenses thereto and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. This agreement is not to be construed as an admission of (a) a violation of any statute, law, regulation, order, or other applicable law, (b) a breach of contract, or (c) a tort. Neither of the Parties admit liability with respect to such disputed claims, such liability being expressly denied.

**5.7     Severability.** If ay covenant, condition, or other provision herein contained is held to be invalid, void, or illegal by any court of competent jurisdiction or arbitrator, such covenant, condition, or provision will be deemed severed from the remainder of this Settlement

Doc ID: c3a3a2d01fea75e917115ad8e5a423a49d390445

Agreement. Such severance will in no way affect, impair, or invalidate any other covenant, condition, or other provision herein. If such condition, covenant, or other provision is deemed invalid due to its scope or breadth, such covenant, condition, or other provision will be valid to the extent of the scope or breadth permitted by law. However, the Parties agree that the Releases provided in Paragraph 2 of this Agreement are the primary consideration to BT for making the payments that create the Common Fund. If for any reason the Releases are rendered invalid or ineffectual by any court of competent jurisdiction, then BT shall have no duty to make any payment into the Common Fund and any payments that BT has made to Plaintiffs, the Class or to Class Counsel shall be returned to BT.

**5.8    Notices.** Any party may change the individual to whom or address to which its notifications are to be sent by written notice to the other parties. Any notification hereunder shall be sent by email, as follows:

**(a) Class Counsel**
   a.  Shounak Dharap – ssd@arnslaw.com
   b.  Anthony Label – a.label@veenfirm.com
   c.  Joel Smith – joel@skclassactions.com
   d.  Yeremey Krivoshey – yeremey@skclassactions.com
   e.  Matthew R. Mendelsohn – mrm@mazieslater.com
   f.  Neal Deckant – ndeckant@bursor.com

**(b) Botanic Tonics Defendants**
   a.  John S. Purcell – john.purcell@afslaw.com
   b.  Douglas E. Hewlett, Jr. – douglas.hewlett@afslaw.com
   c.  Marissa Maria Rael – marissamaria.rael@afslaw.com

**5.9    Change of Time Periods.** All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

**5.10    Fair, Adequate, and Reasonable Settlement.** The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action, have arrived at this Settlement in arms-length negotiations, and have taken into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations, including a full day virtual mediation session in Los Angeles, California before Hon. Patrick J. Walsh (Ret.) at Signature Resolution.

**5.11    Real Parties in Interest.** In executing this Settlement Agreement, the Parties warrant and represent that except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.12    Voluntary Agreement.** This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**5.13    Binding on Successors.**  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties and each member of the Class who has not timely and validly requested exclusion from the Settlement.

**5.14    Parties Represented by Counsel.**  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**5.15    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.16    Entire Agreement.**  This Settlement Agreement contains the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.17    Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them. This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.18    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.19    Modifications and Amendments.**  No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by a duly authorized representative of each of the Parties or their counsel.

**5.20    Governing Law.**  This Settlement is entered into in accordance with, and governed by, the laws of the State of California, applied without regard to laws applicable to choice of law. Federal law shall govern approval of the settlement, preliminary and final certification and of the settlement class, and all related issues, such as Plaintiffs' fee and expense petition. The Parties agree that any dispute resulting in a legal proceeding arising out of, relating to, or to enforce any term of this Settlement shall be brought only in federal court in the Northern District of California, which court shall have exclusive jurisdiction over any such dispute.

**5.21    Further Assurances.**  Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**5.22    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.23    Execution Date.**  This Settlement Agreement shall be deemed executed and effective upon the last date of execution by all of the undersigned ("***Effective Date***").

**5.24    Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Settlement Agreement.

**5.25    Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but when taken together, shall constitute one and the same instrument.  The signatories to this Settlement warrant and represent that they are duly authorized to bind the Defendants, Class Members, and Parties on whose behalf they are signing. Photocopies or PDF copies of executed copies of this Agreement may be treated as originals.

**5.26    Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.27    Inadmissibility.**  This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order.

**5.28    No Conflict Intended.** Any inconsistency between this Settlement Agreement will be resolved in favor of this Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have so AGREED.

Dated: _____          By:_____

                                      Romulo Torres
                                      Class Representative

Dated: _____          By:_____

                                      Sam Rosenfield
                                      Class Representative

Dated: _____          By:_____

                                      Paul Teitler
                                      Class Representative

Dated: 03 / 03 / 2025          By:_____*Christopher Corday*_____

                                      Christopher Corday
                                      Class Representative

Dated: _____          By: _____*Jerry Ross*_____

                                      Jerry Ross

Doc ID: c3a3a2d01fea75e917115ad8e5a423a49d390445

5.28    **No Conflict Intended.** Any inconsistency between this Settlement Agreement will be resolved in favor of this Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have so AGREED.

Dated: 3/3/2025                          By:_____

Romulo Torres
Class Representative

Dated: 3/2/2025                          By:_____

Sam Rosenfield
Class Representative

Dated: 3/2/2025                          By:_____

Paul Teitler
Class Representative

Dated:                                   By:_____

Christopher Corday
Class Representative

Dated:                                   By: _____

Jerry Ross

Founder – Botanic Tonics, LLC

Dated:                                 By:_____
                                            *Jerry Ross*
                                            Jerry Ross
                                            Manager – Hydra623 Holdings, LLC

**Approved as to Form:**

Dated:  3/3/2025                      By:_____
                                            *Shounak Dharap*

                                      Shounak S. Dharap
                                      **ARNS DAVIS LAW**
                                      515 Folsom Street, Third Floor
                                      San Francisco, CA 94105
                                      Telephone: (415) 495-7800
                                      Facsimile: (415) 495-7888

                                      Neal J. Deckant
                                      **BURSOR & FISHER, P.A**.
                                      1990 North California Blvd., Suite 940
                                      Walnut Creek, CA 94596
                                      Telephone: (925) 300-4455
                                      Facsimile: (925) 407-2700
                                      ndeckant@bursor.com

                                      Joel D. Smith (State Bar No. 244902)
                                      Yeremey Krivoshey (State Bar No. 295032)
                                      **SMITH KRIVOSHEY**
                                      **1**66 Geary St., #1500-1507
                                      San Francisco, CA 94108
                                      joel@skclassactions.com
                                      yeremey@skclassactions.com

                                      Matthew R. Mendelsohn (pro hac vice)
                                      **MAZIE SLATER KATZ & FREEMAN**
                                      **LLC**
                                      103 Eisenhower Parkway
                                      Roseland, NJ 07068
                                      Tel: (973) 228-9898
                                      mrm@mazieslater.com

                                      Anthony L. Label, State Bar No. 205920

Theo Emison, State Bar No. 209183
Steven A. Kronenberg, State Bar No. 215541
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA 94102 Tel: (415) 673-4800
Fax: (415) 771-5845
al.team@veenfirm.com

*Attorneys for Plaintiffs*

Dated:                          By:_____

John S. Purcell
Douglas E. Hewlett Marissa Maria Rael
**ARENTFOX SCHIFF LLP**

*Attorneys for BT Defendants*