Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
Robert C. Foss State Bar No. 75489 (rcf@arnslaw.com)
Katherine A. Rabago, State Bar No. 333374 (kar@arnslaw.com)
**ARNS DAVIS LAW**
515 Folsom St, 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

Neal J. Deckant
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel: 925-300-4455
Fax: 925-407-2700

*Attorneys for Plaintiffs*
*Additional Attorneys on Following Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BOTANIC TONICS LITIGATION | Master File No. 3:23-cv-01460-VC |
| This Document Relates to All Actions | **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** |
| | Judge: Hon. Vince Chhabria |
| | Dept: Courtroom 4, 17th Flr. |
| | Hearing Date: August 28, 2025 |
| | Hearing Time: 2:00 p.m. |

Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
**SMITH KRIVOSHEY**
166 Geary St
San Francisco CA 94108
Tel: (415) 839-7000

Anthony L. Label, State Bar No. 205920 (al.team@veenfirm.com)
Theo Emison, State Bar No. 209183 (t.emison@veenfirm.com)
Steven A. Kronenberg, State Bar No. 215541 (al.team@veenfirm.com)
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

Matthew R. Mendelsohn
103 Eisenhower Parkway
**MAZIE SLATER KATZ & FREEMAN, LLC**
Roseland, New Jersey 07068
Tel:  (973) 228-0391
Fax: (973) 228-0303

**NOTICE OF MOTION**

**TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ACTION:**

**PLEASE TAKE NOTICE THAT,** on August 28, 2025, at 2:00 p.m., or as soon thereafter as the Court's schedule allows, in the Courtroom of the Honorable Vince Chhabria, United States District Judge for the Northern District of California, located in Courtroom 4, 17th Floor, at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs, having prosecuted this action successfully to a class-wide settlement, will and hereby do move this Court, pursuant to Federal Rules of Civil Procedure 23(h), for an award of attorneys' fees in the amount of $2,916,666.66 and litigation costs in the amount of $35,000, to be paid by Defendants from the Common Fund. Plaintiffs also respectfully request that the Court approve the payment of service awards in the amount of $5,000 to each of the four class representatives.

Plaintiffs shall rely upon this Notice of Motion and Motion and accompanying Memorandum of Points and Authorities; the Declarations of Shounak S. Dharap, Anthony Label, Joel Smith, Matthew Mendelsohn, and Nea Deckant, and their attachments, the arguments of counsel; judicially noticed documents; and all papers on file in this action in support of the Motion.

# TABLE OF CONTENTS

I.     INTRODUCTION.................................................................................................. 1

II.    BACKGROUND ................................................................................................. 2

    A.   CLASS COUNSEL HAS ACHIEVED SUBSTANTIAL BENEFITS FOR THE CLASS........................ 2

    B.   CLASS COUNSEL EXPENDED CONSIDERABLE TIME AND RESOURCES TO INVESTIGATE, LITIGATE, AND SETTLE THE CLASS CLAIMS................................................................... 3

    C.   PROPOSED PAYMENT OF SERVICE AWARD, ATTORNEYS' FEES AND LITIGATION COSTS ..... 4

III.   ARGUMENT

    A.   THE FEE REQUEST IS FAIR, REASONABLE, AND JUSTIFIED .................................................. 4

       1.   *The Fee Request is Reasonable Under the Percentage Approach* ................................ 5

         a)   Class Counsel Obtained a Very Favorable Result for the Class................................ 6

         b)   The Case Presented a Significant Risk of Total Loss, Yet Class Counsel Proceeded on a Contingency Fee Basis ......................................................................................... 7

         c)   Benefits to the Class Beyond the Cash Settlement Fund........................................... 8

         d)   The Burdens Class Counsel Faced While Litigating the Case and the Contingent Nature of the Work. ................................................................................................ 9

       2.   *Class Counsel's Fee Request is Consistent with Other Fee Approvals in This District.* 9

       3.   *A Lodestar Cross-Check Supports Class Counsel's Fee Request* ............................... 10

         a)   Class Counsel's Hourly Rates Are Reasonable ..................................................... 11

         b)   Class Counsel's Hourly Rates Are Reasonable ..................................................... 12

         c)   A Multiplier of 4.96 is Warranted Here................................................................. 12

    B.   THE REQUEST FOR REIMBURSEMENT OF COSTS IS REASONABLE ................................... 13

    C.   THE SERVICE AWARD FOR THE NAMED PLAINTIFFS ARE APPROPRIATE ........................... 13

IV. CONCLUSION............................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Aichele v. City of Los Angeles*, 2015 WL 5286028 (C.D. Cal. Sept. 9, 2015) ............................. 6

*Barbosa v. Cargill Meat Sols. Corp.,* 297 F.R.D. 431 (E.D. Cal. 2013) ....................................... 5

*Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997) .................................................................. 12

*Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980)............................................................................ 5

*Dennings v. Clearwire Corp.*, 2013 WL 1858797 (W.D. Wash. May 3, 2013) .......................... 12

*EK Vathana v. Everbank,* No. 09-CV-02338-RS, 2016 WL 3951334 (N.D. Cal. July 20, 2016) . 5

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998) ................................................. 10

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)  ................................................................... 6, 10

*In re NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065 (N.D. Cal. Dec. 6,

   2017)........................................................................................................................................ 7

*In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1377 (N.D. Cal. 1989) ...................................... 10

*In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109  (D.N.J. 2002)............................................. 13

*In Re Informix Corp. Sec. Litig.,* No. 97–1289 (N.D. Cal. 1999) ................................................. 5

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, (9th Cir. 2000).............................................. 10

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).............................. 5

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ......................... 5, 6

*In re Pac. Enterprises Sec. Litig.,* 47 F.3d 373, 379 (9th Cir. 1995).......................................... 10

*In re Toys R Us-Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295

   F.R.D. 438, (C.D. Cal. 2014) ............................................................................................... 11

*In re Wash. Public Power Supply System Sec. Litig.* 19 F.3d 1291 (9th Cir. 1994)..................... 9

*In re Xcel Energy, Inc., Sec., Deriv. & "ERISA" Litig.*, 364 F. Supp. 2d 980 (D. Minn. 2005) .. 13

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ................................. 13

*Ontiveros v. Zamora,* 303 F.R.D. 356 (E.D. Cal. 2014)  ........................................................... 13

*Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780 (9th Cir. 2007)................................................. 13

*Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) ........................................................... 14

*Roberts v. Texaco, Inc.*, 979 F. Supp. 185 (S.D.N.Y. 1997)....................................................... 13

*Thomas v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160, 2018 WL 2234598 (N.D. Cal.

   May 15, 2018)  ....................................................................................................................... 6

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)............. 12

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002) ........................... 5, 6, 7, 10, 13

*Weiss v. Mercedes-Benz of N. Am., Inc.*, 899 F. Supp. 1297 (D.N.J. 1995)*,* ............................. 13

*Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) ................................................. 12

*Young v. Polo Retail, LLC*, No. 02-CV-04546-VRW, 2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ................................................................................................................................ 10

*Zamora v. Lyft, Inc.*, No. 3:16-CV-02558-VC, 2018 WL 4657308 (N.D. Cal. Sept. 26, 2018) ... 5

**RULES**

Fed. R. Civ. P. 23(h) ................................................................................................................ 5

## I.    INTRODUCTION

Plaintiff seeks Court approval of attorneys' fees in the amount of $2,916,666.66, litigation costs in the amount of $35,000, as well as awards of $5,000 each to the four Class Representatives. Collectively, class counsel spent over 687 hours litigating the action and procuring this valuable result. Substantial time was spent in case development of this action, briefing, exchanging discovery, and engaging in complex settlement discussions, which included significant review and analysis of documents and data for the purpose of evaluating the feasibility of monetary settlement of the action. Even once a settlement in principle was reached, it took months of hard negotiation by the parties to finalize the terms of that agreement.

Ultimately, Class Counsel were able to obtain a common fund of $8,750,000 for the Class. As such, the fee award sought is fair, reasonable and justified under both methodologies used by courts to analyze fee requests: the percentage of recovery method and lodestar method. Under the percentage of recovery method, the request amounts to 33⅓ percent of the common fund, which falls within the usual range of recovery in this District for settlements under $10 million. *See Zamora v. Lyft,* 2018 WL 4657308, *3 (N.D. Cal. Sept. 26, 2018) (Chhabria, J). Applying a lodestar cross-check to hours worked by the firms acting as Class Counsel, the request represents a multiplier of 4.96 of reasonable hours expended on the litigation, in support of the 33⅓ percent cross check.

Plaintiff also seeks a service award in the amount of $5,000.00 to Plaintiff. This amount is appropriate in light of Plaintiff's involvement in the pursuit of this action, which many hours spent conducting the pre-filing investigation, liaising with Class Members, reviewing documents, preparing for mediation, and preparing Settlement Agreements.

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's attorneys' fees, costs, and service awards.

//

//

//

## II.    BACKGROUND

### A.    Class Counsel Has Achieved Substantial Benefits for the Class

As a result of vigorous prosecution of this action and negotiation, Class Counsel has secured important and substantial monetary and non-monetary benefits for the Settlement Class. The terms of the Settlement are detailed in the Settlement Agreement (which fully resolves the claims of the Class against the Defendants) and are discussed more completely in the concurrently-filed Motion for Final Approval. In short, the Settlement provides for a gross cash settlement of $8,750,000 for the benefit of the Settlement Class, $305,270 for reimbursement of Settlement Administration costs, and up to $2,916,666.66 (33.33%) plus actual expenses of litigation (up to be $35,000) set aside for attorneys' fees and costs with any remainder to be distributed to the Settlement Class. Dkt. 135-1, Ex. 1, Settlement Agreement, ¶¶ 1.22, 2.1(a), 2.3, 2.5.

Subject to Court approval, up to $20,000 ($5,000 each) of the settlement fund will be paid as "Service Awards" to Plaintiffs Torres, Rosenfield, Teitler, and C.C. in recognition of their service to the Settlement Class Members. Dkt. 135-1, ¶ 2¶.2, 2.3..

The non-monetary relief provided by the Settlement requires Defendant Botanic Tonics to include a disclosure of potential side effects of Feel Free on all product labels that contain kratom, as well as on social media advertising, including Instagram posts. Dkt. 135-1, Ex. 1, Settlement Agreement, ¶ 2.8. The disclosure will read:

> Warning: This product contains leaf kratom which can become habit-forming and cause serious adverse health effects. Consider avoiding this product if you have a history of substance abuse.

*Id.*

The Notice of Settlement was sent via email to 44,938 Settlement Class Members and also posted by online publication and to the Settlement Website. *See* Declaration of Jessie Montague in support of Final Approval Mot. (Montague Final App. Decl.), ¶¶ 6, 12.  The Notice included a breakdown of the allocation of the Gross Settlement Fund, including Plaintiffs' request for an award of attorneys' fees up to $2,916,666.66, litigation expenses of up to $35,000, service awards of $5,000 for each of the Class Representatives. Dkt. 131-1. To date, no Settlement Class Member

has objected to any aspect of the Settlement and only 8 Class Members have requested to be excluded. *See* Declaration of Jessie Montague Supp. Motion for Final Approval, ¶ 13.

**B.    Class Counsel Expended Considerable Time and Resources to Investigate, Litigate, and Settle the Class Claims**

This consolidated case began as two separate actions: (1) the *Torres* action, brought by Plaintiffs Sam Rosenfield and Romulo Torres in the Northern District of California, and the *C.C.* action, brought by Plaintiffs C.C. and Paul Teitler in the Central District of California.

Plaintiffs Torres and Rosenfield filed the *Torres* action on March 28, 2023, in the Northern District of California against Defendants Botanic Tonics, LLC and 7-Eleven, Inc. Dkt. 1. On May 2, 2023, Plaintiff filed a First Amended Complaint ("FAC") to add nationwide claims against Defendants. Dkt. 11. On July 28, 2023, Plaintiffs filed a Second Amended Complaint ("SAC") to add Named Plaintiff Sam Rosenfield and Defendants Hydra623 Holdings, LLC and Nowhere Partners, LLC. Dkt. 26. Defendant 7-Eleven, Inc. filed its motion to dismiss on August 11, 2023. Dkt. 31. After fully briefing the issue, 7-Eleven, Inc's motion to dismiss came on hearing on October 19, 2023 and the court denied the motion. Dkts. 52, 82.

Plaintiff C.C. filed the *C.C.* action on May 15, 2023 in the Central District of California, *C.C. v. Botanic Tonics*, C.D. Cal. Case No. 2:23-cv-3687. Declaration of Neal Deckant ("Deckant Decl."), ¶ 2. The parties then began the discovery process and exchanged written discovery. *Id*. On August 14, 2023, the *C.C.* matter was transferred to the Northern District of California and assigned Case No. 3:23-cv-04136. *Id*. On December 22, 2023, Plaintiffs in both matters moved to consolidate the two actions for all purposes. Dkt. 83. These matters were consolidated on January 30, 2024 and Plaintiffs filed a consolidated class action complaint on February 23, 2024. Dkt. 99.

Meanwhile, 7-Eleven filed its Motion to Certify under 28 U.S.C. § 1292(b) for interlocutory review of the Court's order on its motion to dismiss. Dkt. 86. 7-Eleven argued that this Court misinterpreted the Ninth Circuit opinion in *Hodsdon v. Mars*, 891 F.3d 857 (9th Cir. 2018), a controlling issue of law on which its motion to dismiss was hinged. See Dkt. 86. While this Court granted certification for interlocutory review, the Ninth Circuit denied 7-Eleven's permission to appeal. Dkts. 97, 106.

During this period, Plaintiffs and Defendants Botanic Tonics, LLC and Hydra623 Holdings, LLC ("BT Defendants") began settlement discussions. Dharap Decl., ¶ 8. Class Counsel spent a considerable amount of time reviewing extensive information and data relating to Class Members' purchase histories, marketing and advertising materials, social media engagement, and Botanic Tonics' financial condition. *Id*. Plaintiffs noticed and set the depositions of six executives and officers, but ultimately agreed to hold off on depositions until after the mediation set for April 4, 2024. *Id*.

After a tentative settlement was reached after two full days of mediation and months of subsequent negotiation discussions, Class Counsel was heavily involved in the drafting, editing, and negotiating of the terms of the Settlement. Dharap Decl., ¶ 17. The settling parties stipulated to request dismissal of Defendants 7-Eleven and Nowhere Partners, LLC which was granted by this Court on November 4, 2024. Dkt. 117. Class Counsel drafted and filed the unopposed motion for preliminary approval and upon the Court's recommendations, drafted, negotiated, and filed an amended settlement agreement and notice which were preliminarily approved on March 5, 2025. *Id*.; *see also* Dkt. 136.

### C.    Proposed Payment of Service Award, Attorneys' Fees and Litigation Costs

Subject to Court approval, the Settlement provides for Service Awards of $5,000.00 to each of the four named Class Representative Plaintiffs in recognition of their service to the Settlement Class Members. Dkt. 135-1, Settlement Agreement, ¶ 2.2. The Settlement also allows Plaintiffs to seek attorneys' fees, subject to Court approval, not to exceed $2,916,666.66. *Id*. at ¶ 2.3. Additionally, Class Counsel requests the Court approve the reimbursement of litigation costs in the amount of $35,000, as allowed by the Settlement Agreement. *Id.*

### III.    ARGUMENT

### A.    The Fee Request is Fair, Reasonable, and Justified

Federal Rule of Civil Procedure 23(h) provides that courts may award "reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement." Fed. R. Civ. P. 23(h). It is well established that where, as here, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee

from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2022).

The Ninth Circuit applies two primary methods to calculating attorneys' fees: the "percentage of the fund" method or the "lodestar" method. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). The trend in this Circuit is to use the percentage of recovery as the dominant approach in common fund cases. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008); see also *Vizcaino*, 290 F.3d at 1050 (same proposition).

Here, the Class Counsel's fee request is appropriate and reasonable under either calculation method. The settlement is a common fund settlement and Class Counsel's fee request is in the range of approved percentage in such cases after accounting for an upward adjustment of the "benchmark" in light of the efforts expended on the case, the results achieved for both members of the class and the general public.

### 1.    The Fee Request is Reasonable Under the Percentage Approach

"In this District, fee awards of approximately 33 1/3% are typical for settlements up to $10 million." *Zamora v. Lyft, Inc.*, No. 3:16-CV-02558-VC, 2018 WL 4657308, at *3 (N.D. Cal. Sept. 26, 2018) (Chhabria, J.); *EK Vathana v. Everbank,* No. 09-CV-02338-RS, 2016 WL 3951334, at *2 (N.D. Cal. July 20, 2016) (Seeborg, J.) (approving a 33.33% fee award); *see also Barbosa v. Cargill Meat Sols. Corp.,* 297 F.R.D. 431, 449 (E.D. Cal. 2013) ("where recovery is uncertain, an award of one-third of the common fund as attorneys' fees has been found to be appropriate").

"Many courts and commentators have recognized that the percentage of the available fund analysis is the preferred approach in class action fee requests because it more closely aligns the interests of the counsel and the class, i.e., class counsel directly benefit from increasing the size of the class fund and working in the most efficient manner." *Aichele v. City of Los Angeles*, 2015 WL 5286028, at *5 (C.D. Cal. Sept. 9, 2015); *see also Thomas v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160, 2018 WL 2234598, at *3 (N.D. Cal. May 15, 2018) (percentage of the fund approach is preferred in common-fund settlements to the often more time-consuming task of calculating the lodestar" (citation omitted)).

When considering a request for attorney fees that is calculated using the percentage-of-recovery method, the Ninth Circuit instructs courts to consider some or all of the following factors: (1) whether counsel "achieved exceptional results for the class;" (2) whether the case was risky for class counsel; (3) whether counsel's performance "generated benefits beyond the cash settlement fund;" (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work); and (6) whether the case was handled on a contingency basis. *Online DVD*, 779 F.3d at 954-55.

a)    <u>Class Counsel Obtained a Very Favorable Result for the Class</u>

The degree of success is the most important factor in determining attorneys' fees. *See Vizcaino*, 290 F.3d at 1048. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, Class Counsel has achieved considerable success for the Class. The Settlement creates a $8,750,000 settlement fund to compensate Class Members while avoiding protracted and risky litigation. Settlement Agreement, Dkt. 135-1, ¶ 2.1(a). Accounting for risks associated with continuing litigation, the risks posed by potential individual issues at class certification and prevailing on the merits discussed in the Motion for Preliminary Approval, the settlement amount represents a significant result for the members of the Class. Dharap Decl., ¶ 18. Subject to the Court's approval of the Settlement Administrator's recommendations relating to the presumptively invalid claims (*see* Motion for Final Approval, pp. 7-11), each of the presumptively valid Class Members will receive an average recovery of $112.59. Rabago Decl. Supp. Motion for Final Approval, ¶ 11.

Not only is the recovery of full price paid for approximately ten bottles of Feel Free a significant benefit to the Class Members, but Class Counsel managed to achieve this result in a relatively expeditious manner, without the delay or expense of protracted litigation. This weighs in favor of the fee request's reasonableness. *See In re NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *10 n. 61 (N.D. Cal. Dec. 6, 2017). To date, no party has objected to

the Settlement. *See* Jessie Montague Declaration filed in Support of Motion for Final Approval at ¶¶ 14.

Under the circumstances, and in light of Class Counsel's exceptional result with benefits that extend well beyond the Class, an award of attorneys' fees equal to 33⅓ percent of the Settlement Fund is reasonable and should be granted.

> b)    The Case Presented a Significant Risk of Loss, Yet Class Counsel Proceeded on a Contingency Fee Basis

The Ninth Circuit has recognized that risk is one factor weighed in approving class counsel fee requests above the 25% benchmark. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002) (fee award of 33% was justified in light of the risks involved). Here, where the case was taken by Class Counsel on a contingency fee basis, Class Counsel faced risk of non-payment should the case not prove success. Dharap Decl. ¶ 6. Such risk was significant given the facts of the case, the financial conditions of the defendant, and the potential intervention of government sources, any one of which could pose a risk significant enough to end the case, and with it, Class Counsels' ability to recover.[1] *Id.*

Following the outset of litigation, it rapidly became apparent to Class Counsel that they faced a Defendant which lacked sufficient insurance coverage applicable to the claims at issues. Dharap Decl. ¶ 11. That lack of insurance, when coupled with the BT Defendants financial circumstances, called into question whether Class Counsel would be able to obtain any meaningful financial recovery from the BT Defendants, even if Class Counsel were to prevail on the merits of the action. Dharap Dec. ¶¶ 12-14. This was especially so in light of the attorney fees and costs of litigation that would be borne by the BT Defendants should the litigation to become protracted. Dharap Dec. ¶ 13. Further, the United States Government had previously seized product and precursor ingredients, and additional similar seizures (which were outside the control of either Class Counsel or the Defendants) could potentially pushed the BT Defendants into insolvency. Dharap Decl. ¶ 12.

---

[1] Class Counsel has discussed the risks of have discussed the risks of the litigation in the concurrently-filed Motion for Final Approval of Class Settlement at Section IV(B)(1)-(2).

Additionally, the factual nature of the claims and potentially differing experiences of a large number of Class Members created significant procedural hurdles with the litigation, including numerous defenses raised by Defendants related to the merits of the claim, damages suffered, and hurdles to class certification. Dharap Decl. ¶ 13. A significant risk was also posed by the largely unregulated compound Kratom, and arguments as to the varied effects would need to be addressed by experts. Dharap Decl. ¶14.

Nevertheless, despite these known potential barriers to success, Class Counsel continued to prosecute the action and behalf of the putative class, and expending more than $35,000 in costs in the interim, aware that they may not be able to recover any compensation for their work. Dharap Decl. ¶ 33. Most critically, Class Counsel focused resources on this case that precluded them from taking other cases. Dharap Decl., ¶ 30.

c) <u>Benefits to the Class Beyond the Cash Settlement Fund</u>

Importantly, the Settlement Agreement contains substantial benefits beyond the Cash Settlement Fund, including nonmonetary relief for the general public. Subject to approval of the Court, going forward all Feel Free products containing kratom leaf will display the following warning to potential consumers:

> Warning: This product contains leaf kratom which can become habit-forming and cause serious adverse health effects. Consider avoiding this product if you have a history of substance abuse.

Amended Settlement Agreement ¶ 2.8, Dkt. 135-1.

Although the value of this non-monetary relief is not easily calculated, it carries great value to the class and the population as a whole. As part of the research for this case, Class Counsel have spoken to many members of the Settlement Class who have used Feel Free products before, and detailed their experiences with the product. Dharap Decl. ¶ 20. Many, if not most of them, specifically noted they hoped for some sort of injunctive-style relief to inform others about the potential negative effects of the product as they experienced them. *Id*.

Additionally, if approved, this "warning" will also provide a significant to the general public: ensuring that the numerous individuals who enter the markets and convenience stores

selling the Feel Free product, or those who are considering purchase of the product online, will be provided valuable information about the contents of the product, and information about who should consider avoiding it.

        d)    <u>The Burdens Class Counsel Faced While Litigating the Case and the Contingent Nature of the Work.</u>

It is common practice "to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *In re Wash. Public Power Supply System Sec. Litig.* 19 F.3d 1291, 1299 (9th Cir. 1994).

As discussed above, Class Counsel engaged in extensive work prior to, and in the early stages of, this litigation to ensure its timely and fair resolution for an amount that provides significant recovery to Class Members. Dharap Decl., ¶¶ 11-14.

Additionally, legal issues, unfavorable facts, potential certification issues, and potential insolvency of the BT Defendants presented uncertainty and risks to the claims at issue. By prosecuting this action on a contingency basis, Class Counsel bore substantial risk of an uncertain outcome as well as all the difficulties inherent in complex class action litigation. Class Counsel risked significant amounts of time and expenses to ensure a successful outcome—over 687 hours and more than $35,000 in costs. *See* Dharap Decl., ¶¶ 37, 39; Declaration of Anthony Label ("Label Decl.") ¶¶ 10, 20; Declaration of Joel Smith ("Smith Decl.") ¶¶ 12; Declaration of Matthew Mendelsohn ("Mendelsohn Decl.") ¶¶ 15, 20; Deckant Decl., ¶¶ 8, 15.

When this case was accepted, Class Counsel were aware of the risks but considered the possibility of a risk-related enhancement award as justification for accepting fees on a contingent basis. Dharap Decl. ¶ 6.

      **2.**    ***Class Counsel's Fee Request is Consistent with Other Fee Approvals in This District***

As discussed above, courts within this district and circuit routinely approve fee awards of on-third of the recovery in common fund cases. *See In re Pac. Enterprises Sec. Litig.,* 47 F.3d 373, 379 (9th Cir. 1995) (33%); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (33.33%); *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1377 (N.D. Cal. 1989) ("nearly all

common fund awards range around 30%" ); *In Re Informix Corp. Sec. Litig.,* No. 97–1289 (N.D. Cal. 1999) (30%).

Because of the results achieved by Class Counsel, the risks of litigation, the contingency basis on which Class Counsel litigated this case, and because a 33⅓ percent award is in line with other awards in this district and circuit, the fee request is justified under the percentage method.

### 3.    *A Lodestar Cross-Check Supports Class Counsel's Fee Request*

Under the lodestar method, a court multiplies the total number of hours reasonably expended in the litigation by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436 (1983). The Court may enhance the lodestar with a multiplier to arrive at a reasonable attorneys' fee in light of Class Counsel's efforts. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998) [Courts can adjust the number upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment]. While the lodestar method need not be used where percentage of recovery applies, a lodestar "cross-check" further supports the reasonableness of the fee request. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002).

Where a lodestar is being used as a "cross-check" for a percentage of a common-fund recovery, courts may do a rough calculation "with a less exhaustive cataloging and review of counsel's hours." *Young v. Polo Retail, LLC*, No. 02-CV-04546-VRW, 2007 WL 951821, at *6 (N.D. Cal. Mar. 28, 2007); *see also In re Toys R Us-Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 460 (C.D. Cal. 2014) ("In cases where courts apply the percentage method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award.").

Here Class Counsel's total lodestar is $587,545. This is based on the 687.7 hours of work performed in this case. Dharap Decl. ¶37. The total hours and lodestar of each firm comprising Class Counsel are as follows:

| Firm: | Hours: | Lodestar: |
|---|---|---|
| Arns Davis Law | 329.8 hours | $ 245,610.00 |
| The Veen Firm | 77.7 hours | $ 85,470.00 |
| Smith Krivoshey | 56.4 hours | $ 57,955.55 |
| Mazie Slater Katz & Freeman, LLC | 120.8 hours | $ 111,290.00 |
| Bursor & Fisher, P.A. | 103.0 hours | $ 87,220.00 |
| **TOTAL:** | **687.7 hours** | **$ 587,545.00** |

Dharap Decl. ¶ 29; Label Decl. ¶¶ 10; Smith Decl. ¶¶ 12-14; Mendelsohn Decl. ¶¶ 15-20, Deckant. Decl. ¶¶ 8-11.

A lodestar multiplier of 4.96 will put Class Counsels lodestar equivalent to the sought fee aware of 33 1/3 percent of the common fund, without accounting for significant work still to come to oversee the remainder of the Settlement. As discussed below, this amount is reasonable in light of the results achieved by Counsel.

a)    <u>Class Counsel's Hourly Rates Are Reasonable</u>

The 687.7 hours spent by Class Counsel for the benefit of the class—excluding future work to effectuate the settlement—was necessary and reasonable. Class Counsel expended a substantial amount of time investigating, litigating, and negotiating a resolution, including through formal and informal discovery; conferences with defense counsel; mediation; and analysis of documents and data. *See* Dharap Decl., ¶¶ 10-17, 33. Class Counsel obtained documents by subpoena from third parties, spoke with class members and individuals with knowledge of Botanic Tonics' operations, prepared a highly detailed mediation brief, engaged in multiple full-day mediations and months of ongoing negotiations, participated in negotiating and drafting the settlement, and drafted the preliminary approval motion. *See* Dharap Decl., ¶ 22. While collaboration between firms was necessary, each firm was delegated responsibility for specific tasks to minimize duplicative work. *See* Dharap Decl., ¶ 26.

b)    <u>Class Counsel's Hourly Rates Are Reasonable</u>

The established standard for determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997).  Additionally, it is "appropriate to calculate class counsel's lodestar at current billing rates, as the use of current rates offsets the delay between counsel's expenditure of time and a court's award of attorneys' fees." *Dennings v. Clearwire Corp.*, 2013 WL 1858797, at *6 n. 1 (W.D. Wash. May 3, 2013). Declarations regarding the market rate in the relevant community are sufficient to establish a reasonable hourly rate. *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Class Counsel consisted of a cohort of law firms in California and New Jersey, each with considerable expertise in litigating complex cases, including those involving consumer class actions, and with special skills and resources that contributed to the investigation, prosecution and resolution of this action. Dharap Decl. ¶¶ 5, 25-27; Label Decl. ¶¶ 3-6; Smith Decl. ¶¶ 3-6; Mendelsohn Decl. ¶¶ 3-8; Deckant Decl. ¶¶ 3-4, 9. In prosecution of this action, Class Counsel consulted with one another regularly to devise strategy, make key decisions, and prepare work product necessary to prosecute and resolve the case on behalf of the Class Members. Dharap Decl. ¶ 38. The delegation of various tasks and cooperation regarding high-stakes decisions and briefing were always carried out with the benefit of the Class in mind. *Id.*

c)    <u>A Multiplier of 4.96 is Warranted Here</u>

Courts routinely approve similar or higher lodestar multipliers in comparable common fund cases. See *Vizcaino*, 290 F.3d at 1052-54; *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with 6.85 multiplier); see also Newberg, *Attorney Fee Awards*, § 14.03 at 14-5 (1987) ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 998-99 (D. Minn. 2005) (approving 25% fee, resulting in 4.7 multiplier); *In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134-35 (D.N.J. 2002) (approving 28% fee, resulting in 4.3 multiplier); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371

(S.D.N.Y. 2002) (approving 33.3% fee, resulting in "modest multiplier of 4.65"); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 198 (S.D.N.Y. 1997) (5.5 multiplier); *Weiss v. Mercedes-Benz of N. Am., Inc.*, 899 F. Supp. 1297, 1304 (D.N.J. 1995) (9.3 multiplier), aff'd, 66 F.3d 314 (3d Cir. 1995).

In addition to the monetary relief here, the non-monetary relief is significant. As discussed above, the required disclosure goes to the heart of the claims, and justifies a lodestar multiplier. The Court's recognition of a multiplier of 4.96 will establish Class Counsel's lodestar calculation directly in line with the fee requested 33 1/3 percent of the common fund.

**B.    The Request for Reimbursement of Costs is Reasonable**

"There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora,* 303 F.R.D. 356 at 375, (E.D. Cal. 2014) (citations omitted) Here, Class Counsel seek reimbursement of $35,000, pursuant to the Amended Settlement Agreement for costs incurred in the prosecution of this case. The costs include mediation fees, filing fees, court reporting/transcript services, online legal research, and process service, all of which were reasonably incurred during the pendency of this case. Dharap Decl., ¶ 9; Label Decl. ¶ 20; Mendelsohn Decl. ¶ 20; Deckant Decl. ¶ 15. These costs were reasonable and necessary for the prosecution of this action.

**C.    The Service Award for the Named Plaintiffs Are Appropriate**

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The Settlement here provides for a service award of $5,000.00 to each of the named Plaintiffs in recognition of their service to the Settlement Class Members. Dkt. 135-1, Settlement Agreement ¶ 2.2. The award is appropriate in light of the efforts taken by Class Representatives for the benefit of the Class. When evaluating the reasonableness of an incentive award, courts consider, *inter alia,* "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from these actions," and "the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977.

The requested $5,000.00 service awards for each of the Class Representatives are reasonable in light of Plaintiffs' efforts and service performed on behalf of the Class Members. Specifically, Class Representatives agreed to act as the named Plaintiffs in the complaint, thereby subjecting themselves to public attention related to a product and topics that are potentially embarrassing and may invite scrutiny and ridicule, including addiction, substance abuse disorders, and job loss. Dharap Decl. at ¶¶ 7, 41-42. Additionally, Class Representatives participated extensively in the investigation by speaking to other consumers of the Feel Free product, collecting medical and financial records to provide to Class Counsel, and spending a significant amount of time with Class Counsel discussing the product and developing the case. *Id*. Class Representatives Torres, Rosenfield, and C.C. also participated in settlement discussions and reviewed the Settlement in its entirety before signing. *See* Declaration of Shounak Dharap in Support of Motion for Preliminary Approval, Dkt. 125, Exs. 7-9. Counsel for each of the named Plaintiffs has recognized the named Plaintiffs' importance to the prosecution of this case and that settlement would not have been practicable without their participation. *See* Dharap Decl. ¶¶ 41-42; Label Decl. Smith Decl. ¶¶ 18-19; Mendelsohn Decl. ¶¶ 21-22.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully request an Order awarding: (i) attorneys' fees in the amount of $2,916,666.66; (ii) litigation costs in the amount of $35,000; (iii) a service awards in the amount of $5,000.00 to each of the four Named Plaintiffs (totaling of $20,000 of funds) in recognition of their service to the Settlement Class Members; and (iv) $305,270 in settlement administration costs.

Dated: August 4, 2025            **ARNS DAVIS LAW**

Shounak S. Dharap
Robert C. Foss
Katherine A. Rabago
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

**THE VEEN FIRM, P.C.**
Anthony Lawrence Label
20 Haight Street
San Francisco, CA 94102
415-673-4800
Fax: 415-771-5845

**SMITH KRIVOSHEY**
Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
166 Geary St
San Francisco, CA 94108
Tel: (415) 839-7000

**MAZIE SLATER KATZ & FREEMAN, LLC**
Matthew R. Mendelsohn
103 Eisenhower Parkway
Roseland, New Jersey 07068
Tel:  (973) 228-0391
Fax: (973) 228-0303

**BURSOR & FISHER, P.A.**
Neal J. Deckant
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel: 925-300-4455
Fax: 925-407-2700

*Counsel for Plaintiffs and the Proposed Class*