1  Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
   Robert C. Foss State Bar No. 75489 (rcf@arnslaw.com)
2  Katherine A. Rabago, State Bar No. 333374 (kar@arnslaw.com)
   **ARNS DAVIS LAW**
3  515 Folsom St, 3rd Floor
   San Francisco, CA 94109
4  Tel: (415) 495-7800
   Fax: (415) 495-7888
5

6  Neal J. Deckant
   **BURSOR & FISHER, P.A.**
7  1990 North California Blvd., 9th Floor
   Walnut Creek, CA 94596
8  Tel: 925-300-4455
   Fax: 925-407-2700
9

10 *Attorneys for Plaintiffs*
   *Additional Attorneys on Following Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BOTANIC TONICS LITIGATION | Master File No. 3:23-cv-01460-VC |
| This Document Relates to All Actions | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVING FEES, COSTS, AND SERVICE AWARDS** |
| | Judge: Hon. Vince Chhabria<br>Dept: Courtroom 4, 17th Flr.<br>Hearing Date: August 28, 2025<br>Hearing Time: 2:00 p.m. |

1  Joel D. Smith (State Bar No. 244902)
   Yeremey Krivoshey (State Bar No. 295032)
2  **SMITH KRIVOSHEY**
   166 Geary St
3  San Francisco CA 94108
   Tel: (415) 839-7000
4

5  Anthony L. Label, State Bar No. 205920 (al.team@veenfirm.com)
   Theo Emison, State Bar No. 209183 (t.emison@veenfirm.com)
6  Steven A. Kronenberg, State Bar No. 215541 (al.team@veenfirm.com)
   **THE VEEN FIRM, P.C.**
7  20 Haight Street
   San Francisco, CA 94102
8  Tel: (415) 673-4800
   Fax: (415) 771-5845
9

10 Matthew R. Mendelsohn
   103 Eisenhower Parkway
11 **MAZIE SLATER KATZ & FREEMAN, LLC**
   Roseland, New Jersey 07068
12 Tel:  (973) 228-0391
   Fax: (973) 228-0303
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND APPROVING FEES, COSTS, AND SERVICE AWARDS
CASE NO. 3:23-cv-01460-VC

The Honorable Vince Chhabria, United States District Judge:

The Parties have submitted their Class Action Settlement Agreement and Release (the "Settlement"), which this Court preliminarily approved in its March 5, 2025, order (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Settlement Class Members have been given notice of the terms of the Settlement and the opportunity to submit a claim form, comment on the settlement, and/or opt out of its provisions. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Defendants have given the Attorney General of the United States and the appropriate state officials in the states in which the Settlement Class Members reside timely notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court at the final approval hearing, by means of this order (the "Final Approval Order and Final Judgment") the Court grants the Motion for Final Approval of the Settlement and grants final approval to the Settlement, and HEREBY ORDERS as follows:

**Definitions**

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all claims raised in this action and released in the Settlement, and personal jurisdiction over Defendants and all Settlement Class Members (except for those who timely and properly made opt-out requests). Specifically, this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**Dissemination of Notice to Settlement Class Members**

3. Pursuant to the Preliminary Approval Order, notice was disseminated to Settlement Class Members via email to over 44,000 Class Members and by publication on six different online and social media platforms targeted at Class Members. The notice materials informed Settlement Class Members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the

class claims, issues, and defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c)(3). Adequate periods of time were provided for each of these procedures.

4. The Court finds and determines that this notice procedure was reasonable and afforded due, adequate and sufficient notice and protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable; was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to exclude themselves from or object to the proposed settlement and to appear at the Fairness Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and met all requirements of Federal Rule of Civil Procedure 23(c)(2)(B), due process, and any other applicable rules of law.

**Notice to Attorneys General Pursuant to CAFA**

5. Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, Defendants served upon the Attorney General of the United States and the appropriate state officials of the states in which the Settlement Class Members reside a notice of the Settlement consisting of: a copy of the complaint and any amended complaints in this action, including any materials filed with the complaints; a notice of the scheduled preliminary approval hearing in this class action; copies of the Settlement; the proposed Notice; and a chart providing estimates of the number of Settlement Class Members in each state. This Final Approval Order is being entered at least 90 days after the later of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

6. The Court finds and determines that Defendants' notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA.

**Certification Under Fed. R. Civ. P. 23**

7. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined in the Settlement, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class is finally approved and certified as a Settlement Class for purposes of settlement of this action. The Settlement Class is defined as: "all persons in the United States who purchased the product 'Feel Free' anytime from March 28, 2019, through and including the date of preliminary approval of the Settlement."

**Fairness**

8. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to, and in the best interests of, the Named Plaintiffs, the Settlement Class and each Settlement Class Member and is consistent and in compliance with all requirements of due process and federal law. The Court finds that the Settlement Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is reasonably related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms'-length negotiations between experienced counsel representing the interests of the Settlement Class Members, Named Plaintiffs and Defendants, under the supervision of an experienced and independent third-party mediator (Judge Patrick Walsh (Ret.) of Signature Resolution), after thorough factual and legal investigation.

9. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and reasonable. The Plan of Allocation bases each Settlement Class Member's recovery on a pro rata allocation according to the number of bottles purchased, with Class Members permitted to claim up to 10 bottles without proof of purchase and required to provide proof of purchase for claims exceeding 10 bottles. The Plan of

Allocation is rational, fair, reasonable and adequate. The Court hereby gives final approval to the payments and Plan of Allocation.

**Claims Administration and Fraudulent Claims**

10. The Court finds that RG/2 Claims Settlement Administrator implemented appropriate and necessary measures to identify and reject presumptively fraudulent claims. Of the 736,273 total claims initially submitted, the Settlement Administrator determined that 689,319 claims were presumptively invalid based on various indicia of fraud, including impossible purchase locations, bulk submissions through third-party services like Sparrow, duplicate submissions, invalid documentation, submissions from outside the United States, invalid email addresses, and other clear indicators of fraudulent activity.

11. The Court approves the Settlement Administrator's screening methodology and findings that 48,577 claims appear to be valid, timely, and complete, which is consistent with Defendants' estimates of class size and actual product sales during the class period (580,080 bottles sold). The Court finds that the claims screening process protects the due process rights of legitimate Class Members by preventing dilution of the settlement fund by fraudulent claims while providing appropriate notice and appeal procedures for rejected claimants.

**Class Member Response**

12. The Court further finds that the response of the Settlement Class Members to the Settlement supports settlement approval. After the extensive claims screening process, 48,577 Settlement Class Members submitted valid claims, representing a substantial participation rate. Only 8 Settlement Class Members opted out of the Settlement, and none objected.

13. The Court approves the final list of all Persons who have submitted timely requests to opt out of the Settlement Class. This list constitutes the final Opt-Out List under the Settlement.

**Appointment of Class Representatives and Class Representative Service Awards**

14. The Court confirms as final the appointment of Named Plaintiffs Romulo Torres, Sam Rosenfield, C.C., and Paul Teitler as Class Representatives of the Settlement Class. The Court finds that the Class Representative Service Awards of $5,000 each, in addition to any payments

to which they may be entitled under the Settlement as Settlement Class Members, are fair and reasonable.

15. All Class Representatives were substantially involved throughout the litigation, participating extensively in the investigation by speaking to other Feel Free consumers, collecting medical and financial records, spending significant time with Class Counsel developing the case, and participating in settlement discussions. The Court finds that these Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. The Court approves the $5,000 Service Awards to each of the four Class Representatives as fair and reasonable. Those payments shall be made to the Class Representatives from the Settlement Fund in accordance with the terms of the Settlement.

### **Appointment of Class Counsel; Attorneys' Fees and Costs**

16. Class Counsel attest to performing substantial work on behalf of the Settlement Class Members, totaling 687.7 hours valued at $587,545 in lodestar to date. The Court finds the hours worked by Class Counsel to be reasonably incurred for the benefit of the Settlement Class Members. Class Counsel's hourly rates are reasonable in light of the market for legal services of this type and quality in the San Francisco Bay Area.

17. The Court confirms as final the appointment of Shounak S. Dharap and Katherine A. Rabago of Arns Davis Law, Neal J. Deckant of Bursor & Fisher, Joel D. Smith and Yeremey Krivoshey of Smith Krivoshey, Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, and Anthony Lawrence Label of The Veen Firm, as Class Counsel for the Settlement Class. The Court finds that Class Counsel have capably and effectively represented the Settlement Class Members' interests.

18. The Court finds and determines that the payment of $2,916,666.66 in attorneys' fees and $35,000 in litigation costs and expenses, for a total payment of $2,951,666.66 to Class Counsel, is fair and reasonable, especially in light of their outstanding work on this case. This fee is 33⅓% of the total fund. It is consistent with the Ninth Circuit authority and the practice in this District. In this District, fee awards of approximately 33⅓% are typical for settlements up to $10 million. Under a lodestar cross-check, the lodestar multiplier of 4.96 supports the 33⅓% fee award,

particularly considering the substantial risks undertaken, including Defendants' financial constraints, ongoing government enforcement actions, and complex issues regarding kratom regulation. The Court hereby gives final approval to that amount.

19. The Settlement also provides meaningful injunctive relief requiring Defendants to include the following disclosure on all Feel Free product labels containing kratom and on social media advertising: "Warning: This product contains leaf kratom which can become habit-forming and cause serious adverse health effects. Consider avoiding this product if you have a history of substance abuse." This non-monetary relief provides significant value to the class and the general public.

20. Consistent with the Court's Standing Order and the Northern District's Procedural Guidance for Class Action Settlements, the Court orders that payment of 85% of the approved attorneys' fees ($2,479,166.66) and all approved costs ($35,000) be made to Class Counsel out of the Settlement Fund immediately upon entry of this Order. The remaining 15% of the attorneys' fees ($437,500.00) shall be withheld and paid to Class Counsel only after the filing and Court's review of the Post-Distribution Accounting described below.

### Settlement Administrator Report

21. The Court finds that the Settlement Administrator, RG/2, has fulfilled its duties under the Settlement and re-confirms the appointment of RG/2 as Settlement Administrator. The Court approves a payment of $305,270 to the Settlement Administrator for its fees incurred in administering the settlement, including the extensive work required to identify and screen fraudulent claims.

### Post-Distribution Accounting

22. Within 21 days after the settlement funds have been fully distributed to Settlement Class Members, and all outstanding checks no longer negotiable ("stale-dated") for a period of at least 14 days (to allow for delays in check processing), Class Counsel shall file a Post-Distribution Accounting with the Court. The purpose of this accounting is to inform the Court about the administration of the settlement and shall include, as relevant:

a. When payments were made to Settlement Class Members;

b. The number of Settlement Class Members who were sent payments;

c. The total amount of money paid out to Settlement Class Members;

d. The average and median recovery per Settlement Class Member;

e. The largest and smallest amount paid to Settlement Class Members;

f. The number and value of cashed and uncashed checks;

g. The number of Settlement Class Members who could not be contacted;

h. The final number of objections and opt-outs;

i. The amount to be distributed to each cy pres recipient;

j. Any significant or recurring concerns communicated by Settlement Class Members to the settlement administrator and counsel since final approval;

k. Any other issues in settlement administration since final approval; and

l. How any concerns or issues were resolved.

23. Upon the Court's review and approval of the Post-Distribution Accounting, the Court will authorize the release of the remaining 15% of attorneys' fees to Class Counsel and approve any distribution to cy pres recipients.

**Release**

24. The Court has reviewed the releases in the Settlement and finds them to be fair, reasonable, and enforceable under Rule 23 and all other applicable law.

25. Pursuant to this Final Approval Order, with respect to the Released Parties, Settlement Class Members' Released Claims, as defined in the Settlement Agreement, are hereby dismissed with prejudice and without costs, other than those costs permitted under the Settlement Agreement. This release specifically excludes claims for personal injury.

26. By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Settlement Class Members and Named Plaintiffs who have not opted out of the Settlement as provided in the Opt-Out List approved by the Court, are permanently barred from prosecuting against Defendants any Claim as set forth in the Settlement.

27. Any remaining funds from uncashed settlement checks shall be distributed as follows: first, to Settlement Class Members through a second pro rata distribution; second, any remaining

funds thereafter shall be distributed to the *cy pres* recipient, Western Center of Law and Poverty, but only after the Court has reviewed and approved the Post-Distribution Accounting. No funds shall revert to Defendants.

**Contingency on Finality**

28. If, for any reason, the Settlement ultimately does not become Final (as defined in the Settlement), this Final Approval Order will be automatically vacated upon notice to the Court; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be offered as, received as, construed as or deemed an admission of any kind by any of the Parties or as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

IT IS SO ORDERED.

DATED: _____    _____
                                    Hon. Vince Chhabria
                                    United States District Judge