Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
Katherine A. Rabago, State Bar No. 333374 (kar@arnslaw.com)
Robert S. Foss, State Bar No. 275489 (rcf@arnslaw.com)
**ARNS DAVIS LAW**
515 Folsom St, 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

Neal J. Deckant
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel: 925-300-4455
Fax: 925-407-2700

*Attorneys for Plaintiffs*
*Additional Attorneys on Following Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE BOTANIC TONICS LITIGATION | Master File No. 3:23-cv-01460-VC |
|---|---|
| This Document Relates to All Actions | **PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Judge: Hon. Vince Chhabria<br>Dept: Courtroom 4, 17th Flr.<br>Hearing Date: October 9, 2025<br>Hearing Time: 2:00 p.m. |

Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
**SMITH KRIVOSHEY**
166 Geary St
San Francisco CA 94108
Tel: (415) 839-7000

Anthony L. Label, State Bar No. 205920 (al.team@veenfirm.com)
Theo Emison, State Bar No. 209183 (t.emison@veenfirm.com)
Steven A. Kronenberg, State Bar No. 215541 (al.team@veenfirm.com)
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

Matthew R. Mendelsohn
103 Eisenhower Parkway
**MAZIE SLATER KATZ & FREEMAN, LLC**
Roseland, New Jersey 07068
Tel:  (973) 228-0391
Fax: (973) 228-0303

PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

CASE NO. 3:23-cv-01460-VC

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 3
II. PROPOSED REJECTIONS........................................................................................... 4
   A. Suspected Bulk Submissions ............................................................................... 4
   B. Invalid Purchase Location.................................................................................... 5
   C. Multiple Claims from a Single IP Address ......................................................... 7
   D. Suspicious Email Address ................................................................................... 7
   E. Signature Rejection .............................................................................................. 7
   F. Disguised Email Addresses .................................................................................. 8
   G. Multiple Claims from a Single Email Address ................................................... 8
   H. Suspicious Documentation .................................................................................. 9
   I. Duplicate Submissions ......................................................................................... 9
III. PROPOSED OPPORTUNITIES TO CURE ................................................................. 9
   A. Invalid Retail Purchase Location ...................................................................... 10
   B. Website Purchaser Discrepancy ........................................................................ 10
   C. Deficient Documentation .................................................................................. 11
   D. Submissions Outside the U.S. ........................................................................... 11
   E. Sparrow Submissions ........................................................................................ 11
IV. INCREASED COST OF ADMINISTRATION .......................................................... 12
V.  CONCLUSION ............................................................................................................ 12

## I. INTRODUCTION

Plaintiffs submit this supplemental briefing to provide the Court further information regarding claims flagged for deficiency or rejection, and to propose a course of action for the rejection or cure of these claims.

RG/2 received 736,353 claim forms. Declaration of Jessie Montague Supp. Plaintiff's Supplemental Briefing Supp. Motion for Final Approval, ¶ 8. Of these claims, 693,791 were flagged for potential rejection or deficiency. *Id*. (flagging 300,435 claims for a single reason and 393,356 claims for more than one reason). RG/2 and Class Counsel divided the flagged claims into thirteen categories. Class Counsel propose rejecting all claims in the categories highlighted yellow, and providing an opportunity to cure claims in the categories highlighted blue. Invalid Purchase Location, highlighted green, is discussed in both contexts, as Class Counsel recommends rejecting the majority of these claims but also accepting a subset and offering an opportunity to cure to another subset.

| DEFICIENCY CATEGORY | NUMBER OF FLAGGED CLAIMS |
|---|---|
| Suspected Bulk Submissions | 601,142 |
| Invalid Retail Purchase Location | 211,528 |
| Multiple Claims from Single IP Address | 160,895 |
| Suspicious Email Address | 108,924 |
| Website Purchaser Discrepancy | 74,490 |
| Signature Rejection | 58,361 |
| Disguised Email Address | 22,542 |
| Multiple Claims from a Single Email Address | 19,076 |
| Suspicious Documentation | 8,675 |
| Submissions Outside the U.S. | 5,623 |
| Sparrow Submissions | 4,332 |
| Deficient Documentation | 752 |
| Duplicate Submissions | 435 |

These numbers represent the number of claims flagged per category, not the total number of claims flagged. The 393,356 claims that were flagged for multiple reasons appear in the count for multiple categories, resulting in a sum greater than the actual total claims flagged.

## II.     PROPOSED REJECTIONS

Class Counsel propose rejecting all claims flagged in the following categories: Suspected Bulk Submissions, Multiple Claims from a Single IP Address, Suspicious Email Address, Signature Rejection, Disguised Email Address, Multiple Claims from a Single Email Address, Suspicious Documentation, and Duplicate Submissions. Class Counsel also propose rejecting most, but not all, of the claims flagged for Invalid Purchase Location. Based on the methodology used to flag these claims and RG/2's experience with claims flagged for these reasons, Class Counsel believe these claims are highly unlikely to include a meaningful number of legitimate claimants, if any.

### A.     Suspected Bulk Submissions

This category represents the greatest number of flagged claims (601,142). These were claims that were flagged as having been submitted in bulk as a part of an automated online process and not by real class members.

RG/2 first used an automated process to create a "digital signature" or digital profile[1] of each claim submitted through its online portal. Declaration of Erik Martin, ¶¶ 3-4. This digital profile included information collected about the user's device and browser during submission, email address composition, email domains, a signature analysis, the timing of the claim submission, and how similar the claim submissions were to other claims submitted in close proximity. Martin Decl., ¶ 3. RG/2 applied this process to the 732,021 claims that were submitted online. *Id*.

RG/2 also analyzed the manual signatures for each submitted claim to determine whether signatures appeared to use a similar font, did not appear to be manually drawn, or bore hallmarks of computer-generation. *See* Martin Decl., ¶¶ 3, 5. Where two claims shared similar digital

---

[1] RG/2 refers to this as a digital signature. To avoid confusion when discussing the analysis of manual or handwritten signatures, the brief refers to RG/2's digital signature as a digital profile.

profiles, and their signatures also showed similar traits, RG/2 batched them together as having the same digital profile. Martin Decl., ¶¶ 3-5.

RG/2's process grouped the 732,021 online claims into 11,008 batches, with all claims within each batch sharing the same digital profile. *See* Martin Decl., ¶¶ 2, 4. Of those 11,008 batches, 687 batches were identified as having claims with identical digital profiles that were submitted in such close temporal proximity to one another that they were deemed to have been submitted by a single source. *See* Martin Decl., ¶¶ 3-4. These 687 batches make up the 601,142 flagged claims within this category. *See* Martin Decl., ¶ 4.

While the math works out to an average of approximately 875 claims per batch (601,142 online claims divided into 687 batches), the reality was far more skewed. More than half of these claims—363,726—came from 10 batches, and 448,481 (approximately 75 percent) came from across 20 batches. Martin Decl., ¶ 4.

Class Counsel believes that because the method used by RG/2 uses multiple factors to determine whether two claims likely come from the same source, the bulk submission analysis represents a practicable method to flag fraudulent claims while limiting potential false flags. The fact that the majority of flagged claims in this category come from 20 batches of claims sharing identical digital profiles submitted close-in time, further reinforces the likelihood that these claims were submitted in bulk by an automated system. Class Counsel therefore proposes that the Court reject these 601,142 claims.

B.     **Invalid Purchase Location**

RG/2 flagged 211,528 claims submitted with at least one purchase store or website that was on the list of excluded retailers provided by Botanic Tonics. Montague Decl., ¶ 11. Of these claims, 441 identified at least one valid location, even if they also identified an excluded one. *Id.*, ¶ 19.

Botanic Tonics provided RG/2 with a list of the largest retail companies at which Feel Free was not sold during the class period. Declaration of Cameron Korehbandi, ¶¶ 10-11. According to Botanic Tonics' Chief Executive Officer, the company does not sell Feel Free to wholesalers for bulk purchase; rather, it enters into contracts with each of its retail partners and distributors

that prohibit them from re-selling Feel Free through any e-commerce platform. (Korehbandi Decl., ¶ 13.)

RG/2 flagged the majority of claims in this category as claiming purchases from Walmart or Amazon. (Montague Decl., ¶ 11.) Botanic Tonics never sold through these retailers and specifically prohibited their contracted distributors from selling through e-commerce platforms like Amazon. (Korehbandi Decl., ¶ 11.) Plaintiffs, however, reference Amazon sales in their operative complaint, alleging: "In light of termination of sales by Amazon and 7-Eleven […]." *See* Dkt. 99, Consolidated Class Action Complaint for Damages, ¶ 138.

Class Counsel received between one and two reports from class members in 2023 that they had purchased Feel Free on Amazon. Dharap Decl., ¶ 3. Class Counsel was unable to find any Amazon listings for the product; but Class Counsel believed that the product *had* been available on Amazon and that Amazon had subsequently terminated the sales. Dharap Decl., ¶¶ 3-4. Class Counsel's subsequent investigation was unable to corroborate any widespread sales through Amazon. Dharap Decl., ¶¶ 4, 6. Class Counsel has found fewer than five reports of sales through Amazon (on the r/QuittingFeelFree subreddit). Dharap Decl., ¶ 5. Additionally, in reviewing the Amazon seller forums, Class Counsel learned of one seller who had successfully listed a kratom product (not Feel Free) on Amazon but was then flagged and suspended. Dharap Decl., ¶ 5. Indeed, none of the other firms representing Plaintiffs in this action have received reports from class members about sales from Amazon. Dharap Decl., ¶ 6. Botanic Tonic believes that for any sales to have been made through Amazon, they would have been made through non-verified independent resellers would not have been able to purchase in bulk due to the distribution contracts in place. Korehbandi Decl., ¶¶ 11, 13.

There are likely a small number of Class Members who purchased Feel Free on Amazon. The number of Class Members who purchased only from Amazon is likely to be even smaller, given Amazon's enforcement of its kratom ban and the only sources being third-party resellers who could not buy in bulk. Yet because Class Counsel is aware of at least a handful of reports of Amazon purchases, Amazon claimants with no other rejection reasons should be offered an opportunity to cure. This is discussed in Section III.A, below.

Removing these two subsets from the group, and removing all claims that would be excluded based on another proposed rejection reason in Section II of this brief, RG/2 calculated 16,502 claims remained within this category. (Montague Decl., ¶ 11.) Class Counsel therefore recommends the Court reject these claims.

C.  **Multiple Claims from a Single IP Address**

RG/2 flagged 160,895 claims that were submitted from the same IP address as at least three other claims. Montague Decl., ¶ 12. For a claim to share an IP address with three other claims means that four individuals submitted claims from the same device or household. *Id.* In RG/2's experience, this is highly unlikely. *Id.*

Another indication that these claims are unlikely to be legitimate is that approximately 95 percent of the claims in this category (152,513 out of the 160,895 claims) were also flagged in another category. *See* Montague Decl., ¶¶ 8, 12. That is not to say the 8,382 claims flagged only in this category are likely to be legitimate; but it validates that this category is highly likely to have captured deficient claims. Class Counsel recommend the Court reject all claims in this category.

D.  **Suspicious Email Address**

RG/2 flagged 108,924 claims for suspicious email addresses. Montague Decl., ¶ 17. These are claims from domains that are associated with spam. Martin Decl., ¶¶ 6-8. RG/2 performed a sample review of some of the domains flagged in this category and verified through a third-party domain blocklist that they are domains recognized as spam. Class Counsel recommends the Court reject these claims.

E.  **Signature Rejection**

RG/2 flagged 58,361 that appeared to have signatures that were not generated by a human. Montague Decl., ¶ 10. The online portal required users to manually draw their signature using their mouse, stylus, or cursor. Martin Decl., ¶ 5. RG/2 analyzed the signatures for indicia of computer-generation, for example signatures in which repeated letters appeared similar across multiple signatures. *Id.*

Like the last category, the vast majority of these claims (99.7 percent, or all but 172 claims) were also flagged in at least one other category. This is a strong indication that this category likely captured deficient claims. Class Counsel recommends the Court reject all claims in this category.

F.  **Disguised Email Addresses**

RG/2 flagged 22,542 claims that were submitted from a disguised email address. Montague Decl., ¶ 13. Certain email providers allow periods or plus signs to be included in the email address. Martin Decl., ¶ 9. Because adding a period or plus sign to the email address makes it look like a different email address, it is not flagged as a duplicate submission (a different category discussed further in the brief). *See id.* However, the email provider treats these email addresses the same. *See id*. For example, an email provider that follows these alias rules will route johndoe@example.com, john.doe@example.com, and johndoe+spam@example.com to the same email inbox. *See id*. Thus, if more than two claims were submitted with aliases of same email address, they were flagged in this category. *See* Montague Decl., ¶ 13.  In RG/2's experience, this is likely a means to circumvent the duplicate flagging systems that flag multiple submissions from the same email address. *Id*.

This category also has a high rate of overlap with other categories, with approximately 99.97 percent of claims (all but 6) flagged for at least one other reason. Montague Decl., ¶¶ 8, 13. Class Counsel believes the claims in this category are almost certainly fraudulent attempts to circumvent duplicate email flagging and recommend the Court reject all claims in this category.

G.  **Multiple Claims from a Single Email Address**

RG/2 flagged claims that were submitted from the same email address as at least two other claims.[2] Montague Decl., ¶ 14. As with multiple claims from a single IP address, it is highly unlikely that three claimants would enter the same email address when submitting their claims. Like the last category, approximately 99.87 percent of claims in this category (all but 24) were also flagged in at least one other category. *See id.* Class Counsel believes that, as with multiple

---

[2] This category captured multiple claims from different claimants using the same email address, as opposed to the duplicate claims category, which captured multiple claims from the same claimant. *See* Montague Decl., ¶ 14; Section II.G, *infra* (discussing duplicate submissions)..

PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
CASE NO. 3:23-cv-01460-VC

claims from a single IP address, this category is highly likely to have captured deficient claims, and recommend the Court reject all claims in this category.

### H. Suspicious Documentation

RG/2 flagged 8,675 claims with proof of purchase documentation that appeared to be false or altered. Montague Decl., ¶ 15. These included documents submitted for multiple claimants with slight alterations to make it appear as if the documents were from different people. *Id*. They included blurred or unclear images that appear to have been modified; inconsistent billing and delivery information within the document; and documents that are irrelevant to the case (for example, photographs of vacations or pets). *Id*.

Like the categories above, approximately 91.6 percent of claims in this category (all but 726) were flagged in at least one other category. *See* Montague Decl., ¶ 8. Class Counsel recommend the Court reject all claims in this category. This is distinct from Class Counsel's recommendation as to claims with deficient documentation, discussed below. *See* III. D, *infra*.

### I. Duplicate Submissions

RG/2 flagged 435 claims that appeared to be duplicates to already-submitted claims and listed the same email address, name, mailing address and products purchased as an already-submitted claim. Montague Decl., ¶ 16. The original claims were accepted subject to rejection in another category, except where the amounts in the duplicate claims differed. *See id*. In those situations, RG/2 defaulted to keeping the claim with the highest amount claimed. *Id*. This category contains only the duplicate claims, not the originals. Class Counsel recommend the Court reject all claims in this category.

## III. PROPOSED OPPORTUNITIES TO CURE

If the claims in the categories listed in the prior section are rejected, 56,161 remain of the total claims submitted. Montague Decl., ¶ 17. Removing the 42,562 claims that were never flagged for any reason, 13,599 deficiency flags remain (including some overlap between deficiency categories).

//

//

| DEFICIENCY CATEGORY | NUMBER OF FLAGGED CLAIMS (MINUS PROPOSED REJECTIONS) |
|---|---|
| Invalid Retail Purchase Location | 4,411 |
| Website Purchaser Discrepancy | 3,647 |
| Deficient Documentation | 752 |
| Submissions Outside the U.S. | 311 |
| Sparrow Submissions | 4,332 |

### A.    Invalid Retail Purchase Location

As mentioned above, after the removal of proposed rejections, 441 claimants within the Invalid Retail Purchase Location category listed multiple purchase locations, at least one of which was a valid purchase location. Montague Decl., ¶ 19. Of these claimants, 362 submitted claims at or below the 10-product proof threshold. *Id*. An additional 4,333 claimants listed Amazon as a purchase location. *Id*., ¶ 20.

Class Counsel recommends RG/2 accept the 362 claims with a valid location, at or below the proof threshold, and issue deficiency notices to the 78 individuals who claimed over 10 products purchased. Class Counsel also recommends RG/2 issue deficiency notices to the 4,333 Amazon claimants and provide an opportunity to submit documentation showing a purchase from Amazon.

### B.    Website Purchaser Discrepancy

Certain Claimants listed themselves as direct website purchasers of Feel Free in the location field of the claims portal. Botanic Tonics provided RG/2 with a list of individuals who purchased directly from the Botanic Tonics website. Montague Decl., ¶ 18. This list was created by Botanic Tonics in the ordinary course of business, during which it collected contact information from all online customers. Korehbandi Decl., ¶¶ 6-9. After removing proposed rejections, this category was reduced to 3,647 claims.

These claims were flagged because the full name and contact information, email address and mailing address of the claimant did not match a person on BT's purchaser list. Montague Decl., ¶ 18. Since it is possible that some individuals used nicknames or changed their last name, or that they may have entered information in the claims portal that was not an exact match to their

information on file with Botanic Tonics, Class Counsel recommend RG/2 send deficiency notices to these 3,647 claimants and request an email receipt or confirmation email from Botanic Tonic's website dated during the class period.

### C.     Deficient Documentation

After removing proposed rejections, RG/2 flagged 159 claims seeking recovery for more than 10 bottles without supporting documentation and 593 claims with incomplete or deficient documentation. Montague Decl., ¶ 21. Class Counsel recommend that RG/2 send deficiency notices and an opportunity to cure to these 752 claimants and request additional proof of purchase reflecting the amounts claimed. If sufficient proof is not provided, Class Counsel recommends RG/2 accept these claims at the 10-bottle threshold.

### D.     Submissions Outside the U.S.

After removing proposed rejections, RG/2 flagged 311 claimants who used IP addresses outside the United States and Canada to submit claims. Montague Decl., ¶ 22. It is possible that legitimate claimants submitted their claims from outside of North America. Accordingly, Class Counsel recommends RG/2 send deficiency notices to these 311 claimants to request documentation showing units purchased in a valid location.

### E.     Sparrow Submissions

RG/2 initially flagged 4,332 mail submissions by a third-party claims aggregator, Sparrow, as potentially deficient. Montague Decl., ¶ 23. Sparrow is a subscription-based service that allows users to easily submit claims to pending class action settlements. *Id*. All of the claims submitted through Sparrow are below the 10-bottle threshold for proof. *Id.*

Not all Sparrow claims sought the full 10 bottles: 2,531 claims sought recovery below the proof threshold. Montague Decl., ¶ 23. Class Counsel believes this demonstrates that at least some of the Sparrow claims could be legitimate, rather than a bulk, one-size-fits all submission. Class Counsel therefore recommends that RG/2 send deficiency notices to Sparrow claimants notifying them their claims have been flagged for secondary verification due to the submission by Sparrow and requesting that they resubmit using the online claims portal.

To limit administration costs, Class Counsel recommends that, instead of sending individual notices to all 4,332 individuals, RG/2 treat Sparrow as a representative of the 4,332 claimants and provide a single notice to Sparrow for all of its claimants.

## IV.   INCREASED COST OF ADMINISTRATION

In the declaration submitted in support of the Motion for Final Approval, RG/2 had incurred $305,270 and estimated that the completed cost after final review and a deficiency program could range between $465,000 and $635,000. Dkt. 147-2, ¶ 30. Incorporating the review performed by RG/2 to date, as well as the proposed deficiency notice plan outlined above, RG/2 estimates a total cost through completion of $500,258. Montague Decl., ¶ 25. Class Counsel believes this represents a relatively modest increase—given the work performed and to be performed—but a justifiable increase that will achieve the best practicable notice and claims processing.

## V.   CONCLUSION

The immense number of claims in this case is unusual and has posed challenges to assessing which claims are legitimate and which are fraudulent. However, Class Counsel believe this plan provides the best path forward to reject invalid or fraudulent claims and provide potentially legitimate claims an opportunity to cure. In crafting this approach, neither Party has reverse engineered the methodology towards a target number. *See* Declaration of John Purcell at ¶¶ 8-10; Dharap Decl., ¶ 8. Rather RG/2 processed claims pursuant to its methods and Class Counsel collaborated with RG/2 in understanding these processes and developing recommendations for rejection, acceptance, and opportunities to cure.

For the foregoing reason, Class Counsel requests the Court approve the rejection, acceptance, and deficiency notice recommendations as discussed above, and grant final approval of the settlement with the following amendments to the timeline in the Proposed Order filed with the Motion for Final Approval:

- Within 30 days of the Order Granting Final Approval, RG/2 will send deficiency notices to the claimants in the Deficiency Notice Plan and will providing 30 days for claimants to submit additional requested documentation. Upon review, RG/2 may reject these claims if they meet one of the Proposed Rejection reasons discussed in Section II of Plaintiffs' Supplemental Briefing In Support of Motion for Final Approval of Class Settlement.

- The Post-Distribution Accounting will also include a report of the deficiency notices sent out, responsive claims received, and number of claims accepted and rejected.

Dated: September 18, 2025

**ARNS DAVIS LAW**

Shounak S. Dharap
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

**BURSOR & FISHER, P.A.**
Neal J. Deckant
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel: 925-300-4455
Fax: 925-407-2700

**SMITH KRIVOSHEY**
Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
166 Geary St
San Francisco, CA 94108
Tel: (415) 839-7000

**THE VEEN FIRM, P.C.**
Anthony Lawrence Label
20 Haight Street
San Francisco, CA 94102
415-673-4800
Fax: 415-771-5845

**MAZIE SLATER KATZ & FREEMAN, LLC**
Matthew R. Mendelsohn
103 Eisenhower Parkway
Roseland, New Jersey 07068
Tel:  (973) 228-0391
Fax: (973) 228-0303

*Counsel for Plaintiffs and the Proposed Class*