Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
Robert C. Foss State Bar No. 75489 (rcf@arnslaw.com)
Katherine A. Rabago, State Bar No. 333374 (kar@arnslaw.com)
**ARNS DAVIS LAW**
515 Folsom St, 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

Neal J. Deckant
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel: 925-300-4455
Fax: 925-407-2700

*Attorneys for Plaintiffs*
*Additional Attorneys on Following Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BOTANIC TONICS LITIGATION<br><br>This Document Relates to All Actions | Master File No. 3:23-cv-01460-VC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVING FEES, COSTS, AND SERVICE AWARDS AS MODIFIED**<br><br>Judge: Hon. Vince Chhabria<br>Dept: Courtroom 4, 17th Flr.<br>Hearing Date: August 28, 2025 Hearing Time: 2:00 p.m. |

Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
**SMITH KRIVOSHEY**
166 Geary St
San Francisco CA 94108
Tel: (415) 839-7000

Anthony L. Label, State Bar No. 205920 (al.team@veenfirm.com)
Theo Emison, State Bar No. 209183 (t.emison@veenfirm.com)
Steven A. Kronenberg, State Bar No. 215541 (al.team@veenfirm.com)
**THE VEEN FIRM, P.C.**
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

Matthew R. Mendelsohn
103 Eisenhower Parkway
**MAZIE SLATER KATZ & FREEMAN, LLC**
Roseland, New Jersey 07068
Tel:  (973) 228-0391
Fax: (973) 228-0303

The Honorable Vince Chhabria, United States District Judge:

The Parties have submitted their Class Action Settlement Agreement and Release (the "Settlement"), which this Court preliminarily approved in its March 5, 2025, order (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Settlement Class Members have been given notice of the terms of the Settlement and the opportunity to submit a claim form, comment on the settlement, and/or opt out of its provisions. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Defendants have given the Attorney General of the United States and the appropriate state officials in the states in which the Settlement Class Members reside timely notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court at the final approval hearing, by means of this order (the "Final Approval Order and Final Judgment") the Court grants the Motion for Final Approval of the Settlement and grants final approval to the Settlement Agreement (Dkt. 133-1), and HEREBY ORDERS as follows:

**Definitions**

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all claims raised in this action and released in the Settlement, and personal jurisdiction over Defendants and all Settlement Class Members (except for those who timely and properly made opt-out requests). Specifically, this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**Dissemination of Notice to Settlement Class Members**

3. Pursuant to the Preliminary Approval Order, notice was disseminated to Settlement Class Members by email to 40,071 Class Members and by publication to various online and social media platforms targeted at Class Members. The notice materials informed Settlement Class Members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class

claims, issues, and defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c)(3). Adequate periods of time were provided for each of these procedures.

4. The Court finds and determines that this notice procedure was reasonable and afforded due, adequate and sufficient notice and protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable; was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to exclude themselves from or object to the proposed settlement and to appear at the Fairness Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and met all requirements of Federal Rule of Civil Procedure 23(c)(2)(B), due process, and any other applicable rules of law.

**Notice to Attorneys General Pursuant to CAFA**

5. Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, Defendants served upon the Attorney General of the United States and the appropriate state officials of the states in which the Settlement Class Members reside a notice of the Settlement consisting of: a copy of the complaint and any amended complaints in this action, including any materials filed with the complaints; a notice of the scheduled preliminary approval hearing in this class action; copies of the Settlement; the proposed Notice; and a chart providing estimates of the number of Settlement Class Members in each state. This Final Approval Order is being entered at least 90 days after the later of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

6. The Court finds and determines that Defendants' notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA.

**Certification Under Fed. R. Civ. P. 23**

7. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined in the Settlement, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class is finally approved and certified as a Settlement Class for purposes of settlement of this action. The Settlement Class is defined as: All persons in the United States who purchased the product "Feel Free" anytime from March 28, 2019, through and including March 5, 2025. "Feel Free" in this context is defined as the liquid product containing kratom sold by Botanic Tonics, and includes products known "Feel Free tonic" and "Feel Free Classic tonic."

**Fairness**

8. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court specifically finds that the Settlement is reasonably related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms'-length negotiations between experienced counsel representing the interests of the Settlement Class Members, Named Plaintiffs and Defendants, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation.

9. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and reasonable. The allocation plan bases each Settlement Class Member's recovery on a pro rata allocation according to the number of bottles purchased, with Class Members permitted to claim up to 10 bottles without proof of purchase and required to provide proof of purchase for claims exceeding 10 bottles. The allocation plan is fair, reasonable and adequate.

**Claims Administration and Deficiency Notice Plan**

10. The Court finds that Class Counsel and the Settlement Administrator, RG/2, implemented appropriate and necessary measures to identify and reject presumptively fraudulent claims. Of

the 736,353 total claims submitted, the Settlement Administrator flagged that 693,791 claims as potentially invalid based on various indicia of fraud.

11. Class Counsel and the Settlement Administrator submitted Supplemental Briefing that proposed a Deficiency Notice Plan (Dkt. 155), which the Court now accepts. The Settlement Administrator shall reject the 680,192 claims identified as invalid in the Deficiency Notice Plan. Within 30 days of this Order, the Settlement Administrator shall disseminate notices and opportunities to cure to the 13,599 claimants whose claims were flagged for deficiency. As a part of this Plan, the Settlement Administrator shall provide a separate deficiency notice to each of the claimants who used the claims aggregators Sparrow to submit a claim. The Settlement Administrator shall provide 30 days for recipients to submit supplemental documentation.

12. The Settlement Administrator may accept claims that submit sufficient documentation and reject those that do not, in accordance with the reasoning set forth in the Deficiency Notice plan.

### Class Member Response

13. The Court further finds that the response of the Settlement Class Members to the Settlement supports settlement approval. There were 42,562 claims submitted with no deficiency flags, and another 13,599 claims that may have been submitted by Class Members. Only 8 individuals opted out of the settlement, and none objected.

14. The Court approves the final list of all Persons who have submitted timely requests to opt out of the Settlement Class. This list constitutes the final Opt-Out List under the Settlement.

15. Forty Class Members submitted claims after the Claims Submission Deadline. The Court approves the late acceptance of these claims subject to the parameters set forth in the Deficiency Notice Plan.

### Appointment of Class Representatives and Class Representative Service Awards

16. The Court confirms as final the appointment of Named Plaintiffs Romulo Torres, Sam Rosenfield, C.C., and Paul Teitler as Class Representatives of the Settlement Class. The Court finds that these Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. The Court finds that the Class Representative Service Awards of $5,000 each, in addition to any payments to which they may

be entitled under the Settlement as Settlement Class Members, are fair and reasonable. Those payments shall be made to the Class Representatives from the Settlement Fund in accordance with the terms of the Settlement.

### Appointment of Class Counsel; Attorneys' Fees and Costs

17. Class Counsel attest to performing substantial work on behalf of the Settlement Class Members, totaling 687.7 hours valued at $587,545 in lodestar to date. The Court finds the hours worked by Class Counsel to be reasonably incurred for the benefit of the Settlement Class Members. Class Counsel's hourly rates are reasonable in light of the market for legal services of this type and quality in the San Francisco Bay Area.

18. The Court confirms as final the appointment of Shounak S. Dharap and Katherine A. Rabago of Arns Davis Law, Neal J. Deckant of Bursor & Fisher, Joel D. Smith and Yeremey Krivoshey of Smith Krivoshey, Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, and Anthony Lawrence Label of The Veen Firm, as Class Counsel for the Settlement Class. The Court finds that Class Counsel have capably and effectively represented the Settlement Class Members' interests.

19. The Court finds and determines that the payment of $2,187,500 in attorneys' fees and $35,000 in litigation costs and expenses, for a total payment of $2,222,500 to Class Counsel, is fair and reasonable, especially in light of their outstanding work on this case. This fee is 25% of the total fund, which is consistent with the Ninth Circuit authority and the practice in this District.

20. The Settlement also provides meaningful injunctive relief requiring Defendants to include the following disclosure on all Feel Free product labels containing kratom and on social media advertising: "Warning: This product contains leaf kratom which can become habit-forming and cause serious adverse health effects. Consider avoiding this product if you have a history of substance abuse." This non-monetary relief provides significant value to the class and the general public.

21. The Court orders that payment of 85% of the approved attorneys' fees ($1,889,125) and all approved costs ($35,000) be made to Class Counsel out of the Settlement Fund immediately upon entry of this Order. The remaining 15% of the attorneys' fees ($333,375) shall be withheld

and paid to Class Counsel only after the filing and Court's review of the Post-Distribution Accounting described below.

**Settlement Administrator Report**

22. The Court finds that the Settlement Administrator, RG/2, has fulfilled its duties under the Settlement and re-confirms the appointment of RG/2 as Settlement Administrator. The Court approves a payment of actual administration fees up to $500,258 to the Settlement Administrator for its fees incurred in administering the settlement, including the extensive work required to identify and screen fraudulent claims.

**Post-Distribution Accounting**

23. Within 21 days after the settlement funds have been fully distributed to Settlement Class Members, and all outstanding checks no longer negotiable ("stale-dated") for a period of at least 14 days (to allow for delays in check processing), but before distribution to cy pres recipients, Class Counsel shall file a Post-Distribution Accounting with the Court. The purpose of this accounting is to inform the Court about the administration of the settlement and shall include:

a) The number of Deficiency Notices disseminated, responsive claims received, and the final number of claims accepted and rejected;
b) When payments were made to Settlement Class Members;
c) The number of Settlement Class Members who were sent payments;
d) The total amount of money paid out to Settlement Class Members;
e) The average and median recovery per Settlement Class Member;
f) The largest and smallest amount paid to Settlement Class Members;
g) The number and value of cashed and uncashed checks;
h) The number of Settlement Class Members who could not be contacted;
i) The final number of objections and opt-outs;
j) The amount to be distributed to each cy pres recipient;
k) Any significant or recurring concerns communicated by Settlement Class Members to the settlement administrator and counsel since final approval;
l) Any other issues in settlement administration since final approval; and

m) How any concerns or issues were resolved.

24. Upon the Court's review and approval of the Post-Distribution Accounting, the Court will authorize the release of the remaining 15% of attorneys' fees to Class Counsel and approve any distribution to cy pres recipients.

**Release**

25. The Court has reviewed the releases in the Settlement and finds them to be fair, reasonable, and enforceable under Rule 23 and all other applicable law.

26. Pursuant to this Final Approval Order, with respect to the Released Parties, Settlement Class Members' Released Claims, as defined in the Settlement Agreement, are hereby dismissed with prejudice and without costs, other than those costs permitted under the Settlement Agreement. This release specifically excludes claims for personal injury.

27. By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Settlement Class Members and Named Plaintiffs who have not opted out of the Settlement are permanently barred from prosecuting against Defendants any Claim as set forth in the Settlement.

28. Any remaining funds from uncashed settlement checks shall be distributed as follows: first, to Settlement Class Members through a second pro rata distribution; second, any remaining funds thereafter shall be distributed to the *cy pres* recipient, Western Center of Law and Poverty, but only after the Court has reviewed and approved the Post-Distribution Accounting. No funds shall revert to Defendants.

**Contingency on Finality**

29. If, for any reason, the Settlement ultimately does not become Final (as defined in the Settlement), this Final Approval Order will be automatically vacated upon notice to the Court; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be offered as, received as, construed as or deemed an admission of any kind by any of the Parties or as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

IT IS SO ORDERED.

DATED: October 20, 2025

_____
Hon. Vince Chhabria
United States District Judge